Joshua B. Swigart, Esq. (SBN: 225557)
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Douglas J. Campion, Esq. (SBN: 75381)
**LAW OFFICES OF DOUGLAS J. CAMPION**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108-3551
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA M. ADAMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>ALLIANCEONE, INC.,<br><br>Defendants. | Case Number: 08 CV 0248 JAH (LSP)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT TO CORRECT DEFENDANT'S NAME AND TO ADD A NEW CLASS REPRESENTATIVE**<br><br>Hon. John A. Houston<br><br>Date: November 23, 2009<br>Time: 2:30 p.m.<br>Crtm: 11 |

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

 A. PLAINTIFF SHOULD BE PERMITTED TO FILE AN AMENDED PLEADING AT THIS TIME AND FOR THE INTENDED PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

 B. PLAINTIFF'S COUNSEL AND THE COURT HAVE A DUTY TO ENSURE THAT THE CLASS IS ADEQUATELY PROTECTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

 C. PLAINTIFF'S REQUEST TO ADD GABANY AS A CLASS REPRESENTATIVE DOES NOT REQUIRE FORMAL AMENDMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

 D. DEFENDANT WILL NOT BE PREJUDICED IF PLAINTIFF AMENDS ITS PLEADINGS AND ADDS AN ADDITIONAL CLASS REPRESENTATIVE. . . . . . . . . . . . . . . . . . . . . . . 6

 E. PLAINTIFF HAS NOT ENGAGED IN UNDUE DELAY OR BAD FAITH IN BRINGING THE INSTANT MOTION. . . . . . . . . . . . . . 7

 F. THE PROPOSED AMENDMENT IS NOT FUTILE BECAUSE THE FACTS SET FORTH BY PLAINTIFF AND GABANY, IF PROVEN, CONSTITUTE VALID CLAIMS. . . . . . . . . . . . . . 8

 G. IF NECESSARY, PLAINTIFF REQUESTS MODIFICATION OF THE AMENDED SCHEDULING ORDER AND LEAVE TO FILE AN AMENDED COMPLAINT ADDING GABANY AS A CLASS REPRESENTATIVE. . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# I.
# INTRODUCTION

This is a Telephone Consumer Protection Act case, alleging many violations of 47 U.S.C. § 227 *et seq.* ("TCPA") by Defendant routinely and illegally calling persons on their cell phones. The TCPA prohibits such calls using autodialers and/or by using prerecorded voice messages without the called party's "prior express consent" to receiving such calls. Both Plaintiff's FAC and the proposed Second Amended Complaint ("SAC") allege Defendant routinely committed such violations. Defendant is one of the largest debt collectors in the nation and Plaintiff seeks to prevent Defendant's continuing TCPA violations, learned in discovery to date to exceed one million calls.

Plaintiff's counsel has recently had discussions with an individual named Sarah Gabany ("Gabany") who is already a member of the putative class, and would like to serve as an additional class representative. Plaintiff would like to name Gabany to protect the interests of the class because Defendant has alleged in its motion for summary judgment that the original Plaintiff Christina Adams may have a standing issue and other issues. Because the deadline for filing Plaintiff's class certification motion is November 20, 2009, and because Fed. R. Civ. P. 23 does not require that the class representative be a named plaintiff, Plaintiff may separately request in that motion that Gabany be permitted to act as class representative.[1] However, out of an abundance of caution, Plaintiff's counsel requested that Defendant stipulate to allowing Plaintiff to file an amended complaint adding Gabany. In exchange, Plaintiff offered to have Gabany respond to written and deposition discovery on an expedited basis. Defendant refused.

Therefore, Plaintiff respectfully requests that the Court allow Plaintiff to amend her Complaint for the sole purposes of 1) adding Gabany as a named Plaintiff and class representative, and 2) to correct the name of the Defendant "Alliance One, Inc." to "Alliance One Receivables Management, Inc.", the name by which Defendant answered, and stated that Plaintiff erroneously sued AllianceOne Receivables Management, Inc. as AllianceOne, Inc. A proposed

---

[1] *See In Re Teletronics*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) (Federal Rules do not prohibit an unnamed class representative from serving as a class representative); *In Re CMS Energy Erisa Litig.*, 225 F.R.D. 549, 542 (E.D. Mich. 2004) ("no requirement for a formal amendment to the complaint" is necessary when adding a new class representative.)

Second Amended Complaint is attached as Exhibit 1 to the Declaration of Joshua B. Swigart in Support of Motion to Amend Complaint, ("Swigart Decl.") filed herewith. Defendant will suffer no prejudice by such amendment as merits discovery continues until February 12, 2010.

## II.
## STATEMENT OF FACTS

Plaintiff filed her First Amended Complaint ("FAC") on or about October 20, 2008. Plaintiff's FAC alleges Defendant routinely violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by calling persons on their cell phones using autodialers and/or by using prerecorded voice messages without the TCPA's requisite "prior express consent" by the recipient to receiving such calls. FAC & SAC, ¶¶ 9, 16. Defendant is one of the largest debt collectors in the nation. Plaintiff seeks to prevent Defendant's continuing TCPA violations by seeking injunctive relief and statutory damages. FAC & SAC, ¶ 19.

On October 16, 2009, class member Sarah Gabany agreed to serve as class representative in addition to Christine Adams ("Adams"). Swigart Decl., ¶ 8. Gabany is an individual who, on multiple occasions, received calls from someone leaving an automated message on her cellular telephone. Declaration of Sarah Gabany in Support of Motion to Amend Complaint ("Gabany Decl.") filed herewith, ¶¶ 2, 4. Those automated messages stated that if Gabany would like to hear more information about an important matter, she should press "1." *Id.* Gabany pressed "1," and the man that answered said she had reached AllianceOne, a collection agency. *Id.* These automated messages were attempts by AllianceOne to collect on two separate alleged debts. *Id.* AllianceOne contacted Gabany on her cellular telephone in or around March, 2009, in an attempt to collect an alleged debt for a traffic ticket ("First Contact"). *Id.* at ¶ 2. AllianceOne later contacted Gabany on her cellular telephone in or around August, 2009, in an attempt to collect an alleged debt for a parking ticket ("Second Contact"). *Id.* at ¶ 4. In Gabany's First and Second Contacts, these automated and prerecorded voice message calls were the first times Gabany had any contact with Defendant about the alleged debts. *Id.* at ¶¶ 3, 5. Gabany never called Defendant prior to Defendant contacting Gabany several times on her cellular telephone via

Defendant's autodialer. *Id.* Gabany never provided her cell phone number to Defendant or to its creditors prior to being contacted on her cell phone in contact One. *Id.*

On October 20, 2009, Plaintiff's counsel Josh Swigart notified Defendant's counsel David Hall by telephone that Plaintiff intended to add Gabany as an additional class representative. Swigart Decl., ¶ 11. On October 20, 2009, Plaintiff's counsel faxed Defendant's counsel a letter confirming that Gabany would be offered as an additional class representative. Swigart Decl., ¶ 12, and Exhibit 3 thereto. Furthermore, to alleviate any claim of prejudice to Defendant in light of the upcoming motion for class certification to be filed by November 20, 2009, Plaintiff offered that Gabany would respond to any written or deposition discovery on an expedited basis. *Id.* at ¶ 12. On October 20, 2009, Defendant's counsel David Hall informed Plaintiff's counsel Swigart that Defendant would not so stipulate. *Id.* at ¶ 11. Discovery has shown so far there are at least one million calls at issue so there is much at stake here. *Id.* at ¶ 10. Accordingly, Plaintiff is compelled to file this motion and did so immediately upon learning of the new plaintiff and the refusal of Defendant to stipulate.

### III.
### ARGUMENT

**A. PLAINTIFF SHOULD BE PERMITTED TO FILE AN AMENDED PLEADING AT THIS TIME AND FOR THE INTENDED PURPOSE.**

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision whether to grant leave to amend is within the discretion of the trial court. *See, e.g., PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 417 F.2d 659, 664 (9th Cir. 1969). The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires. *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973). Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Four factors are considered when a court determines whether to allow amendment of a pleading: (1) prejudice to the opposing party; (2) undue delay; (3) bad faith; and

(4) futility. *See Forsyth v. Humana,* 114 F.3d 1467, 1482 (9th Cir. 1997); *DCD Programs, Ltd. v. Leighton,* 833 F,2d 183, 186 (9th Cir. 1987); *see also Forman v. Davis,* 371 U.S. 178, 182 (1962). The party opposing the motion bears the burden of demonstrating why leave to amend should not be granted. *Senza-Gel Corp. v. Seiffhart,* 803 F.2d 661, 666 (Fed. Cir. 1996)(applying Ninth Circuit law).[2]

### B. PLAINTIFF'S COUNSEL AND THE COURT HAVE A DUTY TO ENSURE THAT THE CLASS IS ADEQUATELY PROTECTED.

Even prior to class certification, counsel has a fiduciary duty to protect the best interests of the putative class. *Piambino v. Bailey,* 757 F.2d 1112, 1144 (11th Cir. 1985); *Castaneda v. Burger King, Corp.,* 2009 WL 2382688 (N.D. Cal., July 31, 2009) ("[O]ne of the most important things that everybody ought to understand, that the plaintiff and plaintiff's counsel owe a fiduciary duty to every single class member . . ." [internal citations omitted] and that "It is undisputed that putative class counsel have a responsibility to protect the rights of class members prior to class certification."); *Parrish v. Nat'l Football League Players Inc.,* 2007 WL 1624601 at *9 (N.D. Cal. 2007) (Class counsel therefore has a responsibility to protect a class member's interests). Here Defendant's pending motion for summary judgment filed August 27, 2009, alleges a potential standing problem with Adams, the single class representative, as to whether she provided the cell phone number and consented to the calls, and it attempts to dismiss the case partly on that basis. Consequently, Plaintiff's counsel must do what is required to protect the interests of the remaining perhaps millions of class members. Defendant is also attempting in that motion to impeach Adams' potential testimony and attack her veracity because of alleged prior felony convictions. However, the new representative Gabany will provide independent testimony relating to the alleged violations, has no potential standing problems, no felony convictions, and will satisfy any standards for a suitable class representative.

When Defendant makes an all-out effort to attack the existing class representative, including her character and veracity, Defendant cannot be heard to complain about or claim

---

[2] As a result of this motion, Plaintiff also requests that the Court modify the current scheduling order to allow these motions to be filed after the deadline for amending the pleadings and adding parties.

surprise when Plaintiff seeks to add another class representative to correct any perceived problems. As a result, Plaintiff is compelled to exercise her fiduciary duty here to permit the addition of another class representative to ensure the Class is adequately represented.

Similarly, the Court has a duty to ensure that the class is adequately represented. *See, e.g., In re Quintus Securities Litigation*, 148 F. Supp. 2d 967, 970 (N.D. Cal. 2001) ("The court thus owes a fiduciary duty to the class to ensure that the interests of every member of the class are adequately represented."); *Planned Parenthood of Southern Arizona v. Neely*, 1997 WL 33487127 *37 (9th Cir, 1997) ("Rule 23(a)(4) places the burden on the trial court, not the parties, to ensure that the class is fairly and adequately represented."); *See also,* The *Manual for Complex Litigation (Third),* section 30.15. Courts routinely permit the addition of class representatives to strengthen class representation. In fact, this Court has previously permitted a plaintiff to add an additional class representative under similar circumstances, but found it was not necessary to formally amend the complaint with such a motion. *See, e.g, Takacs v. A.G. Edwards and Sons, Inc.*, Case No. 04CV1852 JAH (NLS), Doc. No. 33-2 (S.D. Cal., 2006). *See also Bromley v. Michigan Education Association*, 178 F.R.D. 148, 156-58 (E.D. Mich. 1988) (plaintiffs allowed to add class representatives who had standing to assert claims against five defendants); *Bradford v. Independence One Mortgage Corporation*, 2004 U.S. Dist. LEXIS 6766 (N.D. Ill. 2004) (plaintiffs permitted to add class representatives from various states after motion to certify nationwide class was denied); *In re California Micro Devices Securities Litigation*, 168 F.R.D. 276, 277-78 (N.D. Cal. 1996) (class representatives added in response to court's concerns about whether the class was adequately represented); *Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litigation*, 2002 U.S. Dist. LEXIS 20163 (D. Minn. 2002); *Mick v. Level Propane Gasses, Inc.*, 203 F.R.D. 324, 331 (S.D. Ohio 2001) (court simultaneously granted leave to amend complaint and certified class).

//

//

### C. PLAINTIFF'S REQUEST TO ADD GABANY AS A CLASS REPRESENTATIVE DOES NOT REQUIRE FORMAL AMENDMENT.

This Court, in agreement with other federal courts, has determined that it is not actually necessary to formally amend Plaintiff's complaint in order to name a class member as a class representative. *See, e.g., Takacs v. A.G. Edwards and Sons, Inc.*, Case No. 04CV1852 JAH (NLS), Doc. No. 33-2 (S.D. Cal., 2006), citing to *In Re Teletronics*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) (Federal Rules do not prohibit an unnamed class representative from serving as a class representative); *In Re CMS Energy Erisa Litig.*, 225 F.R. D. 549, 542 (E.D. Mich. 2004) ("no requirement for a formal amendment to the complaint" is necessary when adding a new class representative.) This Court in *Takacs* stated it "agrees with the reasoning presented in these cases."

Accordingly, Plaintiff will likely seek to add Gabany as a class representative in the motion for class certification, which filing will precede the ruling on this motion, and argue the issue there. However, in an abundance of caution, and to give sufficient notice to Defendant of such intent to add a new class representative so that it may engage in discovery of Gabany, Plaintiff seeks such permission by this motion as well.

### D. DEFENDANT WILL NOT BE PREJUDICED IF PLAINTIFF AMENDS ITS PLEADINGS AND ADDS AN ADDITIONAL CLASS REPRESENTATIVE.

Defendant would not be prejudiced by the amendment. Prejudice is the most important factor when considering a late amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Wood v. Santa Barbars Chamber of Commerce, Inc.*, 705 F.2d 1515, 1520 (9th Cir. 1983). Even when there is some prejudice, there must be *substantial* prejudice to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "Absent prejudice, or a strong showing of any of the remaining Forman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (Emphasis in original.) As the Ninth Circuit has explained, prejudice arises only where the claims to be added would substantially alter the nature of the litigation and force a defendant to undertake an entirely new defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Here, this case still is at a stage where allowing the amendment would cause no prejudice to Defendant nor will it impact the progression of this case in any fashion. Plaintiff's substantive claims will remain precisely the same; the only changes are that Gabany would become a named plaintiff and class representative, and the name of the Defendant will be corrected. Furthermore, Defendant will have more than enough time to take discovery from Gabany as the discovery cut-off date is February 12, 2010. Any argument that Defendant is prejudiced because it will be forced to take additional discovery should be rejected because the fact that the amendment might require Defendant to take additional discovery is not sufficient "prejudice" to warrant denial of Plaintiff's motion. *U.S.A. v. Continental Illinois Naitonal Bank & Trust*, 889 F.2d 1248, 1255 (2nd. Cir. 1989). Furthermore, the claims asserted by Gabany arise out of the same nucleus of facts and are virtually identical to Plaintiff's existing claims. Thus, the amendments will not alter the nature of the litigation.

### E. PLAINTIFF HAS NOT ENGAGED IN UNDUE DELAY OR BAD FAITH IN BRINGING THE INSTANT MOTION.

One of the factors examined is whether there has been "undue delay" in bringing this motion. *Forsyth v. Humana, supra,* 114 F.3d at 1482 (9th Cir. 1997). Plaintiff did not unreasonably delay bringing the instant motion. Plaintiff filed this motion almost immediately after discovering Gabany as a putative class member, and becoming informed of her willingness to serve as a class representative. Further, Plaintiff filed this motion immediately after being informed of Defendant's refusal to stipulate allowing the amendment. However, even if Plaintiff had delayed in bringing this motion, undue delay, standing alone, is insufficient to justify a denial of leave to amend. *DCD Programs, Ltd. v. Leighton, supra,* 833 F.2d at 186 (9th Cir. 1987). Here, no factors are present that would justify denying leave to amend. Plaintiff brings this motion only because Defendant refuses to stipulate.

Additionally, Plaintiff is not acting in "bad faith" under *Forsyth v. Humana, supra,* by attempting to add an additional class representative and clarifying its pleadings. Rather, Plaintiff is merely complying with her fiduciary duties to the class by protecting the interests of the class to the best of her abilities. Such conduct is clearly not "bad faith."

### F. THE PROPOSED AMENDMENT IS NOT FUTILE BECAUSE THE FACTS SET FORTH BY PLAINTIFF AND GABANY, IF PROVEN, CONSTITUTE VALID CLAIMS.

Another factor to examine under *Forsyth v. Humana, supra,* 114 F.3d at 1482 (9th Cir. 1997), is whether the proposed amendment would be futile. A proposed amendment is futile only if it appears beyond a doubt that no set of facts can be proved under the amendment that would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988); *DCD Programs Ltd.,* 833 F.2d at 188. Courts will most often defer consideration of the merits of a proposed amendment until after leave is granted. *Netbula, LLC v. Distinct Corp.,* 212 F.R.D. 534, 539 (N.D. Cal. 2003)(citing Schwarzer, *California Practice Guide: Federal Civil Procedure Before Trial* at 8:422 (The Rutter Group 2002). In this case, Plaintiff has alleged at least colorable claims against Defendant under the TCPA. And the claims of the new class representative are identical to the prior claims, and the complaint has already survived a motion to dismiss by Defendant. Thus, the claims are not futile.

### G. IF NECESSARY, PLAINTIFF REQUESTS MODIFICATION OF THE AMENDED SCHEDULING ORDER AND LEAVE TO FILE AN AMENDED COMPLAINT ADDING GABANY AS A CLASS REPRESENTATIVE.

In any event, if the Court determines that Gabany needs to become a named plaintiff in order to serve as a class representative, Plaintiff respectfully requests leave to file an amended complaint under Fed. R. Civ. P. 15(a).

Because the formal deadline for joining other parties and amending the pleadings has already passed, the Court must first determine whether there is "good cause" to modify the Scheduling Order. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608-610 (9th Cir. 1992). The "good cause" requirement under Rule 16 focuses on the diligence of the party seeking the modification of the order. *Id.* at 609. The district court has the discretion to modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* When a modification "would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *U.S.A. v. First National Bank of Circle,* 652 F.2d 882, 886 (9th Cir. 1981).

In *LutheranBrotherhood, supra*, 2002 U.S. Dist. LEXIS 20163, the court allowed plaintiffs to add class representatives even though it would require a modification of the scheduling order. The court wrote:

> Although case management orders are "an important tool designed to streamline the flow of litigation through crowded dockets" [citation] "mindless subservience to the dictates" of such an order should not overshadow the Court's fundamental obligation to achieve a just adjudication ofg a civil claim, especially in the absence of any prejudice to the nonmoving party. *Id.* at 15. [citations omitted].

First, here Plaintiff is not amending the pleading to add any other facts, claims or other defendant. She only seeks to correct the name of the Defendant learned only after the original filing of the Complaint to the name of the entity that has appeared in the action. Second, adding a class representative here will not change the trial date or any of the trial-related dates. Thus, any modification will not prejudice any parties. The discovery cut-off isn't until February 12, 2010.

Furthermore, modification would not cause any inconvenience to the Court, nor prejudice to Defendant since the class certification hearing motion filing date would remain on November 20, 2009 as previously scheduled. Therefore, Plaintiff submits good cause exists for modifying the Scheduling Order.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court allow Gabany to be named as an additional proposed class representative as a plaintiff in this action, to allow the correction of the Defendant's name, and to modify the Scheduling Order as necessary

Respectfully submitted,

Dated: October 21, 2009

**HYDE & SWIGART**

/s/ Joshua B. Swigart
Joshua Swigart

LAW OFFICES OF DOUGLAS J. CAMPION

/s/ Douglas J. Campion
Douglas J. Campion

Attorneys for Plaintiff