Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Douglas J. Campion, Esq. (SBN: 75381)
doug@djcampion.com
**LAW OFFICES OF DOUGLAS J. CAMPION**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina M. Adams, Sarah Gabany, and Michael Messner, on Behalf of Themsleves and All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>AllianceOne Receivables Management, Inc.,<br><br>Defendant. | **Case No: 08-CV-0248 JAH(WVG)**<br><br>**CLASS ACTION**<br><br>**THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**[JURY TRIAL DEMANDED]** |

## INTRODUCTION

1. Christina M. Adams, Sarah Gabany and Michael D. Messner ("Plaintiffs") bring this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of AllianceOne Receivables Management, Inc., ("Defendant" or "AllianceOne"), in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332( d)(2) because Plaintiffs seek up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiffs allege a national class, which will result in at least one class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiffs' causes of action against Defendant occurred within the State of California and the County of San Diego.

## PARTIES

4. Plaintiffs are, and at all times mentioned herein were, individual citizens of the State of California, and residents of the County of San Diego.

5. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a Delaware Corporation whose primary corporate address is 717 Constitution Drive, Ste. 202, Exton, PA 19341, but

is authorized to do business in the State of California and that Defendant does business in the County of San Diego.

### FACTUAL ALLEGATIONS

6. At all times relevant, Plaintiffs were individuals residing within the State of California. Plaintiffs are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153(10).

7. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

8. Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendant conducted business in the State of California and in the County of San Diego.

9. Plaintiffs are informed and believe, and thereon allege, that on multiple occasions over numerous days, all prior to the date the original Complaint in this action was filed, but sometime after four years prior to the date the original Complaint in this action was filed, Defendants contacted Plaintiffs on Plaintiffs' cellular telephones via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1).

10. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

11. Plaintiffs are informed and believe, and thereon allege, that during these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

12. Plaintiffs are informed and believe, and thereon allege, that the telephone number Defendant called was assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

13. Plaintiffs are informed and believe, and thereon allege, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

14. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs did not provide express consent to receive calls on Plaintiffs' cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

15. These telephone calls by Defendant were in violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

16. Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated ("The Class").

17. Plaintiffs represent, and are members of, The Class, consisting of "All persons within the United States to whom any telephone calls were made by AllianceOne or any of the other Released Parties between February 8, 2004 and November 30, 2010 to such person's cellular telephone, paging service, specialized mobile radio service, other radio common carrier service or any service for which the called party is charged for the call, through the use of any automatic telephone dialing system which has the capacity to store or produce numbers (whether or not such capacity was used), including, without limitation, an automated dialing machine dialer, auto-dialer or predictive dialer, or an artificial or prerecorded voice, without such person's prior express consent.  Excluded from the Class are all officers, directors, and employees of AllianceOne, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors and assigns, the officers, directors and employees of any parent, subsidiary or affiliate of AllianceOne, together with those individuals' immediate family members, Counsel for AllianceOne and Class Counsel and their immediate

family members, and those individuals identified by the List of Excluded Numbers."

18. Plaintiffs do not know the number of members in The Class, but believe The Class Members number in the millions. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

19. Plaintiffs and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and Class members via their cellular telephones thereby causing Plaintiffs and Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and Class members. Plaintiffs and The Class were damaged thereby.

20. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand The Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

21. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records.

22. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class, including the following:

a. Whether, within the four years prior to the filing of the original Complaint in this matter, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

b. Whether, within the four years prior to the filing of the original Complaint in this matter, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service and such Class member had not provided their cellular telephone number to Defendant's assignee(s), the original creditor(s) for whom Defendant was attempting to collect a debt with the cellular telephone call, in any application for services or credit.

c. Whether Plaintiffs and the Class were damaged thereby, and the extent of damages for such violation; and

d. Whether Defendant should be enjoined from such conduct in the future.

23. As persons that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' express prior consent, and as persons that have never provided their cellular telephone numbers to Defendant's assignee(s) of the debt for which Defendant was attempting to collect, in any application for credit or services, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

24. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

25. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

26. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

27. Defendant has acted on grounds generally applicable to the Class and Subclass, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET. SEQ.

## BY PLAINTIFFS AGAINST DEFENDANT

28. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

30. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiffs and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET. SEQ.

## BY PLAINTIFFS AGAINST DEFENDANT

32. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 4 7 U.S.C. § 227 *et seq.*

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each of the Class Members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

35. Plaintiffs and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs and The Class and Subclass members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET. SEQ.**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION FOR**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET. SEQ.**

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(l), Plaintiffs seek for themselves and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

//
//
//
//
//

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

**Hyde & Swigart**

Date: April 23, 2012                By: /s Joshua B. Swigart
                                    Joshua B. Swigart

**Law Offices of Douglas J. Campion**

Date: April 23, 2012                By: /s Douglas J. Campion
                                    Douglas J. Campion

Attorneys for Plaintiffs