Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF DOUGLAS J. CAMPION**
Douglas J. Campion, Esq, (SBN: 75381)
doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Class Counsel

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTINA M. ADAMS AND SARAH GABANY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED**<br><br>PLAINTIFFS,<br>V.<br><br>**ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,**<br><br>DEFENDANT. | Case No: 08-CV-0248 JAH(WVG)<br><br>CLASS ACTION<br><br>**DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>DATE: AUGUST 27, 2012<br>TIME: 2:30P.M.<br>CTRM: 11<br><br>THE HON. JOHN A. HOUSTON |

1. I, Joshua B. Swigart, hereby declare I am one of the attorneys for the Plaintiffs in this action, and named as Class Counsel for the Settlement Class in the Court's April 23, 2012 Order preliminarily approving the settlement. I submit this declaration in support of the Joint Motion for Final Approval of the Class Action Settlement. I am licensed to practice law before this court and all California state courts and all federal courts located in the State of California. If called as a witness, I would competently testify to the matters herein from personal knowledge.

2. I am a partner of the law firm of Hyde and Swigart and a counsel of record for Plaintiffs in this matter, appointed as Class Counsel in the Court's Preliminary Approval Order. I am admitted to this Court and am a member of the State Bar of California in good standing.

3. I have been involved in every aspect of this case from inception through the present. I submit this declaration in support of the Joint Motion for Final Approval of Class Action Settlement in which Plaintiffs seeks to have the Court approve the agreed-upon settlement payment of $9,000,000.00 ("common fund"). This common fund will be used compensate Class Members, attorneys' fees and litigation costs to Class Counsel, provide an incentive payment to the named Class Representatives, and recoup the costs of notice and claims administration. In my opinion, that is an excellent result and should be given final approval. After filing this action, my office, along with the Law Offices of Douglas J. Campion, conducted two years of contested litigation.  See my declaration entitled Declaration of Joshua B. Swigart in Support of and that of Mr. Campion's previously filed in support of Plaintiff counsel's attorney fees.

4. This matter was brought to the attention of Class Counsel by Christina M. Adams and Sarah Gabany, and a Complaint was filed in this Court on February 8, 2008 and an Amended Complaint was filed in this Court on October 21, 2009. Thereafter, Class Counsel initiated a thorough investigation, and conducted relevant factual and legal research. The information learned through this investigation was invaluable during settlement negotiations.

5.  After filing this action, Class Counsel and AllianceOne Receivables Management, Inc. ("AllianceOne" or "Defendant") engaged in extensive negotiations including an exchange of letters, emails, and telephone conversations, that thoroughly analyzed the relevant legal, social, and factual issues at issue, and explored the parties' respective positions on the merits of the action and viability of class certification.

6.  Subsequently, both parties exchanged correspondence, including the exchange of relevant information and documents, lists of phone numbers that received the confirmatory text message, off-site data used during the class period, and argued their respective positions.

7.  Class Counsel propounded Discovery which satisfactorily confirmed the parameters of the Class, the damages agreed upon, and other information informally exchanged prior to, during and following the mediation process, and Class Counsel was able to reaffirm the adequacy, appropriateness, and reasonableness of the settlement. The Parties filed their Joint Motion for Preliminary Approval of Class Action Settlement on February 24, 2012, and the Court granted preliminary approval in an order dated April 23, 2012.

8.  The settlement consists of the following:

    a. Defendants shall establish a settlement fund with the maximum amount of $9,000,000.00 ("Settlement Fund"). Any of the 5,630,166 Class Members that make a timely claim within the time period provided in the notice to Class Members each shall share, pro rata, in the Settlement Fund up to a maximum of $40, after deducting: 1) reasonable attorney's fees and costs as approved and awarded by the Court; 2) the costs of notice and claims administration; and 3) the proposed Incentive Award of $10,000.00 to be paid to split between the three Plaintiffs for their efforts in litigating this case. After the requested fees and costs are deducted, and the incentive payment, the remaining fund of will be paid out either on a pro rata basis or up to $40 per Class Member.

    b. Plaintiffs Christina M. Adams, Sarah Gabany, and Michael Messner will apply to the Court for an incentive award of up to $10,000.00, to be split $5,000 to Plaintiff Christina M. Adams and $5,000 split evenly between Plaintiffs Sarah Gabany and

Charles Messner, for their service as Class Representatives in this action. Any incentive awards approved by the Court will be paid from within the Settlement Fund.

   c. The costs of notice by mail and claims administration will be deducted from the Settlement Fund. Those costs are $1,842,294.

   d. Class Counsel has moved the Court for an award of reasonable attorney's fees and costs, in an amount of 30% of the Settlement Fund as attorneys' fees, $2,700,000, and for $2,130,607.87 in costs, including the $1,842,294 in costs for the Claims Administrator.

9. Taking into account the burdens, uncertainty and risks inherent in this litigation, the Parties have concluded that further prosecution and defense of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

10. The Named Plaintiffs and all of their counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, we believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement. We have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

11. Therefore, Class Counsel is requesting that the Court grant Final Approval to the Settlement.

### CLASS COUNSEL EXPERIENCE:

12. I have outlined my experience in both the Declaration of Joshua B. Swigart in Support of Preliminary Approval of Class Action Settlement Agreement and Declaration of Joshua B. Swigart in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Costs to be

1 heard at the same time as this motion, and I am not repeating it here, for sake of brevity, if
2 the Court is inclined to review my credentials relating to the Final Approval issues.
3    I declare under penalty of perjury that the foregoing is true and correct.
4    Executed on July 30, 2012 at San Diego, California, pursuant to the laws of the United
5 States.

                                                  /s/ Joshua B. Swigart
6                                                   Joshua B. Swigart

**HYDE & SWIGART**
San Diego, California