1  Hugh A. McCabe, SBN 131828
   David P. Hall, SBN 196891
2  Alan B. Graves, SBN 243076
   NEIL, DYMOTT, FRANK,
3      MCFALL & TREXLER
   A Professional Law Corporation
4  1010 Second Avenue, Suite 2500
   San Diego, CA 92101-4959
5  **P** 619.238.1712
   **F** 619.238.1562
6
   Attorneys for Defendant
7  ALLIANCEONE RECEIVABLES MANAGEMENT, INC.

8

9                  **UNITED STATES DISTRICT COURT**

10               **SOUTHERN DISTRICT OF CALIFORNIA**

11  CHRISTINA M. ADAMS AND SARAH          )   CASE NO. 08 CV 0248 JAH WVG
    GABANY, ON BEHALF OF THEMSELVES       )
12  AND ALL OTHERS SIMILARLY              )   CLASS ACTION
    SITUATED,                             )
13                                        )   DECLARATION OF HUGH A. McCABE IN
                                          )   SUPPORT OF MOTION FOR FINAL
14           Plaintiffs,                  )   APPROVAL
                                          )
15  vs.                                   )
                                          )   Hon. John A. Houston
16  ALLIANCEONE RECEIVABLES              )   Date:  August 27, 2012
    MANAGEMENT, INC.,                     )   Time:   2:30 p.m.
17                                        )   Ctrm:  11
                                          )
18           Defendant.                   )
    _____)
19

20       I, HUGH A. McCABE, declare:

21       1.  I am an attorney licensed to practice law before all courts in the State of California, the

22  Southern District of California, the Ninth Circuit Court of Appeals and the United States Supreme

23  Court.  I am a shareholder in the law offices of Neil, Dymott, Frank, McFall & Trexler, APLC,

24  counsel of record for Defendant AllianceOne Receivables Management, Inc. ("AllianceOne") in this

25  litigation.  Along with David P. Hall of our firm, I have been principally responsible for defending

26  AllianceOne in this litigation since its inception.  I have personal knowledge of the facts contained in

27  this declaration, and if called to testify, I would and could competently testify to them.

28

1     2.   I have been licensed to practice law since 1987 and have practiced civil litigation from

2   that date.  I have tried in excess of 25 cases to jury verdict as well as several bench trials and

3   arbitrations to verdict.  In addition to this case, I have been involved as counsel in the following class

4   action cases:

5            a.   *Kempf, et al. v. State of California, et al.*, San Diego Superior Court Case No.

6                 722198.

7            b.   *Munoz v. Paradise Valley Hospital, et al.*, San Diego Superior Court Case No.

8                 GIC 872740.

9            c.   *Sorrento v. Rei Do Gado Corporation*, San Diego Superior Court

10                 Case No.  37-2007-000066225-CU-OE-CTL.

11            d.   *Torres v. Everett Financial, Inc., et al.*, San Diego Superior Court

12                 Case No. 37-2009-00095432-CU-MC-CTL.

13            e.   *Bauer v. Park, et al.*, Orange County Superior Court

14                 Case No. 30-2010-00404608-CU-FR-CXC.

15            f.   *Lewis v. Vision Value, LLC, et al., U.S. District Court*

16                 *Case No. 11-CV-01055 LJO BAM*

17     3.   On behalf of Defendant AllianceOne, David Hall of my firm and I have vigorously

18   defended against Plaintiffs' claims in this litigation.  Extensive discovery has been conducted on

19   both sides.  In particular, AllianceOne has produced millions of pages of documents in response to

20   Plaintiffs' document requests.  Plaintiffs have taken 10 depositions of AllianceOne witnesses.  The

21   parties have propounded and responded to several sets of interrogatories and document requests.

22     4.   Discovery motions were filed and heard, and motions to stay were litigated.

23   Additionally, AllianceOne filed a motion to dismiss, which was denied, and two separate motions

24   for summary judgment.  The first one was withdrawn when the Court granted Plaintiff leave to add a

25   new plaintiff to the case.  The second motion for summary judgment was pending at the time

26   settlement was reached.

27     5.   In April 2010, the parties began to discuss a possible settlement to resolve this litigation.

28   On June 10, 2010, the parties attended the first all-day session of a mediation before a highly-

**Case No. 08 CV 0248 JAH WVG**

respected mediator, Justice Howard B. Wiener, a retired Justice of the California Court of Appeal. Although the case did not settle at that first mediation session, the parties continued their discussions, and attended another full-day session with Justice Wiener on August 30, 2010.  The principal terms of the settlement were reached during the second full-day of mediation.  Thereafter, the parties spent several months negotiating the final details of the settlement agreement and working to perfect the notice to the putative class members and related issues.  The parties had numerous telephone conferences and exchanged extensive correspondence regarding the settlement terms.  The parties also participated in further brief mediation sessions with Justice Wiener on June 13, 2011, October 10, 2011, and October 20, 2011 relating to issues that had arisen during the negotiations.  In total, the Parties' counsel engaged in extensive discussions for more than a year after the agreement in principle was reached to come to the final terms of the Stipulation of Settlement.

6.   In the course of this case, AllianceOne has raised significant issues about the ability of Plaintiff Christina Adams to maintain this action.  At the time of settlement, AllianceOne had a motion for summary judgment pending before the Court which challenged Plaintiff Adams' individual claim against AllianceOne for lack of standing.  Additionally, it is unclear whether a class would have been certified in this case.  Class certification in Telephone Consumer Protection Act cases can be difficult unless plaintiff can demonstrate a common question of fact on the issue of prior express consent.  *See, e.g., Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 328 (5th Cir. 2008).  AllianceOne believes Plaintiffs would have a difficult burden to clear this hurdle.  Although Plaintiffs subsequently filed an Amended Complaint which added an additional class representative, Sarah Gabany, and have sought to add two additional class representatives, AllianceOne's challenge to Ms. Adam stands.  If the litigation were to continue, AllianceOne would raise challenges to Plaintiffs' other class representatives, as well as other defenses to Plaintiffs' claims.

7.   At the same time, AllianceOne also recognizes the potential problems with this case and understands there are uncertainties, costs, and risks with continuing litigation.  The potential damages associated with a Telephone Consumer Protection Act case can amount to ruinous liability. The Ninth Circuit traditionally held class certification could be denied when the potential damages

1   were disproportionate to the actual harm suffered.  *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226,

2   234-35 (9th Cir. 1974).  However, the Ninth Circuit recently reversed the denial of a class

3   certification motion under the Fair and Accurate Credit Transactions Act, ruling that the

4   disproportionate damages were not a consideration at that stage.  *Bateman v. American Multi-*

5   *Cinema, Inc.*, 623 F.3d 708, 721 (9th Cir. 2010).  Although the Ninth Circuit did not hold there was

6   a *per se* prohibition against consideration of the proportionality of damages, *id.* at 713 n. 3, the

7   decision would no doubt have been raised by Plaintiffs in response to AllianceOne's challenge to

8   class certification had the litigation continued.

9           8.   Moreover, if AllianceOne were successful on its pending motion for summary judgment,

10   the result would have been dismissal of Ms. Adams' claim as class representative.  The dismissal

11   would not have eliminated the TCPA claims asserted by the class against AllianceOne.  Plaintiffs'

12   counsel have already added an additional class representative, Ms. Gabany, and have indicated that

13   even if one or more class representatives' claims were dismissed, they would continue to pursue the

14   litigation through different class representatives.  This litigation has already been costly for

15   AllianceOne due to the large volume of documents and data at issue, and continuing to defend the

16   case through trial and a possible appeal would be even more expensive, even if AllianceOne were to

17   prevail.

18           9.   Given the above considerations of the risks and benefits to AllianceOne of continuing to

19   litigate this case, and based on my experience with similar cases, it is my opinion this settlement is

20   fair and reasonable.  It provides a reasonable and adequate payment to the putative class members

21   while avoiding the risks to both sides of continuing to engage in protracted and contentious

22   litigation.

23           10.   To date, my office has not received any objections to this settlement from any of the

24   State's Attorney Generals or the Office of the U.S. Attorney General.

25   / / /

26   / / /

27   / / /

28   / / /

1          I declare under the penalty of perjury under the laws of the United States that the foregoing is

2    true and correct.

3

4

    Date: __July 30, 2012_____          ___//s// *Hugh A. McCabe*_____

5                                                               Hugh A. McCabe

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28