# EXHIBIT A

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

All persons to whom, at any time between February 8, 2004, and November 30, 2010, any telephone calls were made by AllianceOne Receivables Management ("AllianceOne") or any of the other Released Parties (AllianceOne affiliates and agents) to such person's cellular telephone or similar device through the use of any automatic telephone dialing system without such person's prior express consent.

**This Notice is to announce a Settlement in the case of** *Christina M. Adams, et al., vs. AllianceOne Receivables Management, Inc.*, Case No. 08-CV-0248 JAH WVG, filed in the U.S. District Court for the Southern District of California. **Your legal rights might be affected if you are a member of the following Settlement Class:**

The Settlement Class includes all persons within the United States to whom any telephone calls were made by AllianceOne or any of the other Released Parties between February 8, 2004 and November 30, 2010 to such person's cellular telephone, paging service, specialized mobile radio service, other radio common carrier service or any service for which the called party is charged for the call, through the use of any automatic telephone dialing system which has the capacity to store or produce numbers (whether or not such capacity was used), including, without limitation, an automated dialing machine dialer, auto-dialer or predictive dialer, or an artificial or prerecorded voice, without such person's prior express consent.

Excluded from the Class are all officers, directors, and employees of AllianceOne, together with those individuals' immediate family members, and their respective legal representatives, heirs, successors, and assigns; the officers, directors and employees of any parent, subsidiary or affiliate of AllianceOne, together with those individuals' immediate family members; Counsel for AllianceOne and Class Counsel and their immediate family members; and those individuals identified by the List of Excluded Numbers.

### PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has preliminarily approved a proposed settlement (the "Settlement") of a class action lawsuit brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA") against AllianceOne Receivables Management, Inc. ("AllianceOne").

- A hearing on the final approval of the Settlement (the "Fairness Hearing") and for approval of the Class Representatives' petition for attorneys' fees and costs and compensation to the individuals who brought this suit on behalf of the Class (the "Class Representatives") will take place on **August 27, 2012 at 2:30 p.m.**, before U.S. District Court Judge John A. Houston, Courtroom 11, Edward J. Schwartz Courthouse, 940 Front Street, San Diego, California  92101.

- Any objections to the Settlement, or to the application for attorneys' fees and costs, or to any award to the Class Representatives, must be served in writing on the Court as well as Class Counsel and Defendant's Counsel, as identified on page 5 of this Notice.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated February 24, 2012.  Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement.  The Settlement Agreement is available at www.AllianceOnesettlement.com.

- Your rights and options – and the deadlines to exercise them – are explained in this Notice.

- The Court still has to decide whether to approve the Settlement.  Payments under the Settlement will be made only if the Court approves the Settlement and that approval is upheld in the event of any appeal.

- Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and orders of the Court regarding the Settlement, can be obtained at www.AllianceOnesettlement.com or by calling (888) 213-7648.

- This is only a general summary of the Settlement.  The entire Settlement Agreement, which contains all of the details regarding the Settlement, is available at www.AllianceOnesettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| As a potential Class Member, you must file a claim to be eligible for an award. | You are a Class Member if AllianceOne or its subsidiaries or agents called your cell phone or other mobile device between February 8, 2004 and November 30, 2010 using autodialing equipment or with a prerecorded voice message without your prior express consent to be called in that manner.  If you are a Class Member, you must file a claim by **August 6, 2012** to receive a settlement award. |
| You can request to be excluded from the Settlement ("opt out") (no later than **August 16, 2012**). | If you do not want to be part of the Settlement, and do not want to be bound by the release of claims provided to AllianceOne as a result of the Settlement, you can request to exclude yourself ("opt out") of the Settlement, as discussed below. |
| You can object (no later than **August 16, 2012**) | If you wish to object to any part of the Settlement, and you have not opted out of the Settlement, you may (as discussed below) write to the Court and the Settlement Administrator about why you object to the Settlement. |
| You can attend a hearing on **August 27, 2012 at 2:30 p.m.** | If you submit a written objection to the Settlement to the Court and the Settlement Administrator before the Court-approved deadline, you may attend the hearing about the Settlement and present your objections to the Court.  You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel of your intention to appear at the hearing at least ten days before the date presently set for the Fairness Hearing, as discussed below.  You may submit an objection and not attend the hearing; the Court will consider timely written objections. |
| You can do nothing. | If you do nothing, and ignore this Notice, you will be bound by the terms of the Settlement but will not receive any money without filing a claim. You must file a claim to receive a payment as discussed below. |

## WHAT THIS NOTICE CONTAINS

SUMMARY OF LAWSUIT AND SETTLEMENT.................................................................................................. 1

BASIC INFORMATION

    1.  Does this Settlement affect me? ................................................................................................................ 2
    2.  The Class Action ...................................................................................................................................... 2
    3.  What is a class action and what is this Class Action about? .................................................................... 3
    4.  What is the amount of the Settlement? .................................................................................................... 3
    5.  What else does the Settlement provide? .................................................................................................. 3
    6.  Why is there a Settlement? ....................................................................................................................... 3

THE SETTLEMENT BENEFITS – WHAT YOU GET

    7.  What does the Settlement provide in benefits? ........................................................................................ 3

HOW YOU GET THE MONETARY PAYMENT

    8.  How much will my distribution be? .......................................................................................................... 3
    9.   How can I receive my distribution? ........................................................................................................ 4
    10.  When will I receive my distribution? ..................................................................................................... 4
    11.  What am I giving up by getting my monetary payment and staying in the Class? ................................... 4

THE LAWYERS REPRESENTING YOU

    12.  Do I have a lawyer in this case? ............................................................................................................. 4
    13.  How will the lawyer be paid and what other costs are there to be paid and by whom? .......................... 4

EXCLUDING YOURSELF FROM THE SETTLEMENT

    14.  How do I get out of the Settlement? ....................................................................................................... 5
    15.  If I don't exclude myself, can I sue the Defendant AllianceOne for the same thing later? .................... 5
    16.  If I exclude myself, can I get the monetary payment? .......................................................................... 5

OBJECTING TO THE SETTLEMENT

    17.  If I want to object to the Settlement, how do I do so? .......................................................................... 5
    18.  What's the difference between "objecting" and "excluding yourself?" ................................................ 5

THE COURT'S FAIRNESS HEARING

    19.  When and where will the Court decide whether to give final approval to the Settlement?  9
    20.  Do I have to come to the hearing? .......................................................................................................... 6
    21.  What if I want my own lawyer to attend the fairness hearing? ............................................................... 6

IF YOU DO NOTHING

    22.  What happens if I do nothing at all? ....................................................................................................... 6

GET MORE INFORMATION

    23.  Are there more details about the Settlement? ........................................................................................ 6

## BASIC INFORMATION

**1.        Does this Settlement Affect Me?**

It affects you only if you were called by AllianceOne or its subsidiaries and agents between February 8, 2004 and November 30, 2010, by an autodialer or with a prerecorded voice message, without providing your prior express consent to be called in that manner, as reflected in Defendant's records.  If you received a postcard notice, your cell phone is contained in those records and you are a Class member.  The time period from February 8, 2004 to November 30, 2010 is called the "Class Period."  If you are uncertain if you are in the Settlement Class, you should contact the Settlement Administrator either online at www.AllianceOnesettlement.com or by telephone at (888) 213-7648 and provide your name and the cell phone number(s) at which you may have been called during the Class Period or, if your cell phone number is not in Defendant's records, you must provide an affirmation that you received a call or calls as described above.  See Question 9 below about how to make a claim.

**2**.        **The Class Action**

The case is called *Christina M. Adams, et al., vs. AllianceOne Receivables Management, Inc.*, Case No. 08-CV-0248 JAH WVG (the "Class Action").  The Court supervising the case is the U.S. District Court for the Southern District of California.  The Class Representatives are Christina M. Adams, Sarah Gabany, and Michael D. Messner.  The Defendant is AllianceOne.  The Class Representatives' claims are described below and additional information about them is available at www.AllianceOnesettlement.com.

**3.      What is a class action and what is this Class Action About?**

In a class action, one or more people called "class representatives" (in this case, Plaintiffs Adams, Gabany, and Messner), sue on behalf of people who have similar claims. All these people are a "class" or, in other words, "class members." One court resolves the issues for all Class Members, except for those who ask to be excluded from the Class.

The Plaintiff Class Representatives claim that during the Class Period, Defendant violated the Telephone Consumer Protection Act (the "TCPA") by making telephone calls to the Class Members, with an autodialer, or by the use of a prerecorded voice message, and called them without their prior express consent to receive such calls. Plaintiffs contend such calls are illegal. Plaintiffs sought statutory damages for the Class Members as set forth in the TCPA statute.

AllianceOne has adamantly denied and continues to deny all claims and contentions of the Class Representatives. AllianceOne denies that it is liable at all to the Class, and also denies that the Class has suffered any damages for which AllianceOne could be held responsible.

**4.      What is the amount of the Settlement?**

A Settlement Fund of $9,000,000 is being established in the Class Action. This amount will be used to pay any Administrative Expenses, Court-approved attorneys' fees and costs, Class Representatives' Awards, and other expenses. The amount left after paying those lawsuit-related expenses, the Remainder Amount, will be allocated to Class Members that file approved claims according to a Class Member's *pro rata* share, not to exceed $40.00 per approved Class Member.

**5.      What Else Does The Settlement Provide?**

All Settlement Class Members and anyone claiming through them fully release the Defendant, AllianceOne, and other "Released Parties" from "Released Claims." These terms are more fully explained in the Settlement Agreement available at www.AllianceOnesettlement.com. The Released Parties include, among other persons and entities, Defendant, its respective present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, partners, customers, vendors, contracting parties, clients, successors, predecessors-in interest, and insurers, as well as any of the prior, current and future respective officers, directors, employees, representatives, agents, shareholders, independent contractors, attorneys, accountants, investment advisers, or vendors of any of the foregoing, and anyone else acting on behalf of any of the foregoing. The Released Claims include, among other claims, those which were or could have been asserted in the Class Action related to the facts described in the complaints or claims relating to the approval and implementation of the Settlement, but only relate to claims arising under the TCPA, or claims arising out of the conduct alleged wherein calls were made to cell phones using autodialers or prerecorded voice messages without prior express consent. Certain claims are not released, such as claims under the Fair Debt Collection Practices Act or similar laws that arise from conduct other than making calls using autodialing or prerecorded voice equipment to cellphones without the person's prior express consent. See the Settlement Agreement at Sections 1.41 and 1.42 for the definitions of "Released Claims" and "Released Parties".

This means that Class Members will not have the right to sue the Defendant or the Released Parties for any alleged misconduct during the Class Period arising out of or relating to the allegations in the Class Action.

**6.      Why Is There A Settlement?**

Instead of continuing to litigate, the Plaintiff Class Representatives and Defendant have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendant and its Counsel, after years of litigating the claims, and also with the assistance of a retired judge serving as a mediator in several mediation sessions. All of the parties to the Settlement have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel believe that the Settlement is best for all Class Members. The Settlement does NOT mean that the Defendant AllianceOne did anything wrong or engaged in the conduct that the Class Representatives allege.

<u>THE SETTLEMENT BENEFITS – WHAT YOU GET</u>

**7.      What does the Settlement provide in benefits?**

Each Class Member who has not requested to exclude himself or herself ("opted out") from the Settlement will receive a payment of $40.00 (or less, depending on the number of claims made). A Settlement Fund in the maximum sum of $9,000,000 will be set aside by AllianceOne to pay 1) all such claims; 2) the cost of notice and claims administration; 3) Class Counsel's attorneys' fees and litigation costs; and 4) for incentive payments in the total amount of $10,000 to be paid to the Plaintiff Class Representatives subject to Court approval. If the amount of claims submitted to be paid from the Fund is less than $1,000,000, then AllianceOne has agreed to pay the difference between the amount of claims paid and $1,000,000 to a charity under what is called a *cy pres* award. That charity will be chosen by Plaintiff's counsel and must be approved by the Court.

<u>HOW YOU GET THE MONETARY PAYMENT</u>

**8.      How Much Will My Distribution Be?**

If the Settlement is given Final Approval, the amount that will be allocated to you will be based upon the number of individuals who qualify as Qualified Class Members, subject to a maximum of $40 per Qualified Class Member. If more claims are received than would allow $40 per claimant to be awarded based upon the Remainder Amount, then the Remainder amount will be divided and paid to the approved claimants on a pro rata basis.

9.      **How Can I Receive My Distribution?**

You must submit a claim no later than **August 6, 2012** in order for the claim to be valid. If it is a valid claim, you are entitled to receive a cash settlement award.

You can obtain the monetary payment (up to $40.00 per claim) pursuant to this Settlement by either:

1)   calling the Settlement Administrator Gilardi & Co. LLP at its toll-free number (888) 213-7648 during the hours of 9:00 a.m. and 9:00 p.m. EST;

2)   submitting a claim online at this website: www.AllianceOnesettlement.com; or

3)   submitting a claim in writing and mailed to the Settlement Administrator. If it is submitted in writing, it must be postmarked by that date to be valid.

In order to submit a claim, if you are a Settlement Class member, you need only provide the following information about yourself:  (1) your name; (2) your current address for mailing the Settlement payment, if different from the postcard notice address; and (3) the Claim ID Number on the postcard Notice received; and 4) only when there are conflicting identities and it would assist the Settlement Administrator in resolving claims, your last four digits of your social security number to confirm your identity.  You may also provide a telephone number if you agree to do so, in order to allow the Settlement Administrator to contact you if there are any problems. In the event you cannot be identified as a claimant through the above information, and you were in fact called by AllianceOne during the Class Period of February 8, 2004 through November 30, 2010, to make a claim you will be asked to affirm that AllianceOne (or its subsidiaries or agents) made at least one call to your cellular telephone using a prerecorded voice message during the Class Period, without your prior express consent to be called in that manner, and provide the cellular telephone number that was called.

However, Defendants' records list certain numbers for which the person called gave prior consent to be called on their cell phone.  If your number is on that List of Excluded Numbers, your claim will be denied.

**The Settlement Agreement incorporated in the court's Order provides that none of the information you give to the Settlement Administrator is going to be given to AllianceOne, including any updated addresses or telephone numbers.** Therefore, if you still happen to owe money to AllianceOne for some reason, participating in this Settlement and /or providing current contact information will not negatively affect you in AllianceOne's collection efforts against you.  However, this Settlement does not resolve, waive or dispose of any obligation or debt that you may owe to AllianceOne or to any creditor for whom AllianceOne may have been trying to collect.

10.     **When Will I Receive My Distribution?**

Distribution of Settlement Awards is conditioned on several matters, including the Court's approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court.  If no appeal is filed, the final approval will become final within 30 days of the Court's Order.  Appeals are rare in Settlements that are reached by agreement, such as this one, but if someone files an appeal of the final approval, the appellate process can be lengthy, so please be patient.  If the Settlement is finally approved by the Court, and there are no appeals, the Settlement Administrator will mail checks within a reasonable time after the Fairness Hearing.  That hearing is presently scheduled to take place on **August 27, 2012 at 2:30 p.m.**

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Not Given Final Approval and the Settlement is Terminated.**

11.     **What am I giving up by getting my monetary payment and staying in the Class?**

As an eligible Class Member, unless you exclude yourself, you are a member of the Class.  That means that you cannot sue AllianceOne or the other Released Parties about the TCPA issues relating to the facts alleged in this case, including the fact that you were called on your cellular telephone.  It also means that all of the Court's orders will apply to you and legally bind you.  All Class Members will be bound by the "Released Claims," a copy of which is set forth in the Settlement Agreement.  The Released Claims describes exactly the legal claims that you give up as a member of the Class.

### THE LAWYERS REPRESENTING YOU

12.     **Do I Have A Lawyer In This Case?**

The Court has appointed Joshua B. Swigart of Hyde & Swigart and Douglas J. Campion of The Law Offices of Douglas J. Campion as Class Counsel in the Class Action.  If you want to be represented by your own lawyer, you may hire one at your own expense.

13.     **How will the lawyer be paid and what other costs are there to be paid and by whom?**

Class Counsel have devoted many hours to bringing this case and pursuing it for almost four years.  They also have advanced substantial costs for expert witnesses, document review, and other costs necessary to pursue the case.  Class Counsel took on the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time this case has been pending.

Subject to Court approval, Class Counsel will seek at the Fairness Hearing to be paid from the $9,000,000 common fund agreed to be paid in this case, as permitted by law.  They intend to seek up to 30% of that fund, or $2,700,000, for all attorneys' fees they incurred.  They intend to also seek Court approval for reimbursement of their costs incurred in the litigation.  Costs are expected to be no more than $350,000.  The Court has to approve their requests for fees and costs, and may award less than the amounts requested.

The Court will determine the amount of attorneys' fees and costs to be reimbursed and any such amounts determined by the Court to be payable to Class Counsel will be paid from the Settlement Fund.

As is customary in class action cases in which the Class Representatives have spent time and effort to support the case, Class Counsel will also ask the Court to approve special payments, not to exceed a total of $10,000 for the three Class Representatives who have worked with Class Counsel.  According to Class Counsel, Class Representatives took on the risk of litigation, devoted considerable time and committed to spend the time necessary to bring the case to conclusion.  Their activities also included assisting in the factual investigation of the case by Class Counsel, reviewing settlement negotiations, preparing for and attending depositions, and giving overall support to the case.  Any compensation sought will have to be approved by the Court and the amounts awarded to any Class Representatives by the Court will be paid from the Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 14.      Can I Get Out Of The Settlement?

Yes. If you do not want to participate in this Settlement, or you want to keep the right to sue or continue to sue the Defendant AllianceOne on your own about the legal issues in this case, then you must take steps to get out of the Settlement.  This is called "excluding yourself" from or "opting out" of the Class.  If you exclude yourself or "opt out" of the Settlement, you will not be bound by any of its terms. To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement in *Adams v. AllianceOne.*  Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request postmarked no later than **August 16, 2012** to the Settlement Administrator at the following address:

AllianceOne Settlement
Gilardi & Co., LLC
P.O. Box 8090
San Rafael, CA 94912-8090

You cannot exclude yourself on the phone or by email.  If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement.  You will not be legally bound by anything that happens.

### 15.      If I don't exclude myself, can I sue the Defendant AllianceOne for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue the Defendant AllianceOne or the Released Parties for the claims that this Settlement resolves.  If you have a pending lawsuit against any of these entities, and you are not certain if that lawsuit is about any of the issues in this case, speak to your lawyer in that case immediately.  You must exclude yourself from this Class to continue your own lawsuit.  Remember, the exclusion deadline is **August 16, 2012**.

### 16.      If I exclude myself, can I get the monetary payment?

No.

## OBJECTING TO THE SETTLEMENT

### 17.      How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, and you haven't excluded yourself from the Settlement, you can tell the Court that you do not agree with the Settlement or any part of it.   To object, you must send the Court a written statement that you object to the Settlement in *Christina M. Adams, et al., vs. AllianceOne Receivables Management, Inc.*, Case No. 08-CV-0248 JAH WVG.  Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement.  Your written objection must be postmarked by **August 16, 2012**.  The Court's address is Clerk of the Court U.S. District Court, Southern District of California, 880 Front Street, Suite 4290, San Diego, CA  92101-8900.  Your written objection must also be mailed to the Settlement Administrator, to be postmarked no later than **August 16, 2012**.  The Settlement Administrator's address is Gilardi & Co., LLC, P.O. Box 8090, San Rafael, CA 94912-8090.

There is no need to appear at the hearing to have your objection considered by the Court.  However, if you want to appear at the hearing to argue your objection, you must file a Notice of Appearance with the Court no later than ten (10) days prior to the date presently set for the Fairness Hearing, and mail a copy of that Notice of Appearance by that date to all counsel at the addresses set forth below.

| | | |
|---|---|---|
| Douglas J. Campion | Joshua Swigart | Hugh A. McCabe and David P. Hall |
| **The Law Offices of Douglas J. Campion** | **Hyde & Swigart** | **Neil Dymott Frank McFall & Trexler, LLP** |
| 409 Camino Del Rio South, Suite 303 | 411 Camino Del Rio South, Suite 301 | 1010 Second Avenue, Suite 2500 |
| San Diego, CA 92108 | San Diego, CA  92108 | San Diego, CA 92101 |

### 18.  What's the difference between "objecting" and "excluding yourself?"

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to give final approval to the Settlement.  You may attend and you may speak, but you don't have to.  The hearing is called a Fairness Hearing or Final Approval Hearing.

**19.      When And Where Will The Court Decide Whether To Approve The Settlement?**

The Court will hold a Fairness Hearing at 2:30 p.m. on **August 27, 2012**, at the U.S. District Court, Southern District of California, Edward J. Schwartz Courthouse, 940 Front Street, San Diego, California  92101, Courtroom 11 (Judge John A. Houston).

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  After the Fairness Hearing, the Court will decide whether to approve the Settlement.  The Court will also rule on the application for Class Counsel's attorneys' fees and costs, and any award to the Class Representatives.

**20.      Do I Have To Attend The Fairness Hearing?**

No, but you may come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable, and adequate.  You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

**21.      May I Speak At The Fairness Hearing?**

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Christina M. Adams, et al., vs. AllianceOne Receivables Management, Inc.*, Case No. 08-CV-0248 JAH WVG."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be mailed to the attorneys at the addresses listed in the Answer to Question No. 17, and filed with the Clerk of the Court, no later than ten (10) days prior to the date presently set for the Fairness Hearing.

## IF YOU DO NOTHING

**22.      What Happens If I Do Nothing At All?**

If you are a Class Member, and you do nothing, **you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved, BUT YOU WILL NOT RECEIVE ANY MONEY.  In other words, you will not be able to file your own claim, you release the claims mentioned above, and you will not receive any money.**

## GET MORE INFORMATION

**23.      How Do I Get More Information?**

This notice summarizes the proposed Settlement.  More details are in a Settlement Agreement, called the Stipulation of Settlement, which is part of the Court file, a public record.   You can get a copy of the Settlement Agreement here at www.AllianceOnesettlement.com or review certain other case documents relating to the lawsuit by going to that website.   You can also get copies by examining the records of this case, at the Clerk's office at the U.S. District Court, Southern District of California, *Christina M. Adams, et al., vs. AllianceOne Receivables Management, Inc.*, Case No. 08-CV-0248 JAH WVG, 940 Front Street, San Diego, California 92101.  The clerk's office has the ability to make copies of any such public documents for you.  Also, all filed documents in the case, including the Settlement documents, are available for viewing online through the Court's Pacer document review system.   If you have general questions regarding the Settlement, you can visit the Settlement website (www.AllianceOnesettlement.com) or call (888) 213-7648.

## PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE

Dated: April 23, 2012                                                    By Order of The U.S. District Court
                                                                                     San Diego, California

6

## AVISO DE CONCILIACIÓN DE LA DEMANDA COLECTIVA Y AUDIENCIA DE EQUIDAD

Todas las personas a quienes, en cualquier momento entre el 8 de febrero de 2004 y el 30 de noviembre de 2010, les hizo llamadas telefónicas AllianceOne Receivables Management ("AllianceOne") o cualquiera de las otras Partes Liberadas (afiliados y agentes de AllianceOne) al teléfono celular o dispositivo similar de tales personas mediante el uso de cualquier sistema de marcado telefónico automático sin el consentimiento previo explícito de dicha persona.

**Este Aviso tiene por objeto anunciar una Conciliación en el caso de** *Christina M. Adams, et al., vs. AllianceOne Receivables Management, Inc.*, Caso Nº 08-CV-0248 JAH WVG, presentado en el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de California. **Sus derechos legales podrían verse afectados si usted es miembro del siguiente Colectivo de la Conciliación:**

El Colectivo de la Conciliación incluye a todas las personas dentro de los Estados Unidos a quienes se hicieron cualesquiera llamadas telefónicas por parte de AllianceOne o de cualquiera de las otras Partes Liberadas entre el 8 de febrero de 2004 y el 30 de noviembre de 2010 a los teléfonos celulares, servicio de radiobúsqueda, servicio especializado de radio móvil, otro servicio de proveedor común de radio o cualquier servicio de esa persona por el cual se carga la llamada a la parte que la recibe, mediante el uso de cualquier sistema de marcado automático de teléfono que tenga la capacidad de almacenar o generar números (se usara o no dicha capacidad), incluidos, entre otros, una máquina de marcado automático, un automarcador o un marcador predictivo, o bien una voz artificial o pregrabada, sin el consentimiento previo explícito de esa persona.

Quedan excluidos del colectivo todos los funcionarios, directores y empleados de AllianceOne, junto con los familiares inmediatos de dichas personas y sus respectivos representantes legales, herederos, sucesores y cesionarios; los funcionarios, directores y empleados de cualquier matriz, subsidiaria o filial de AllianceOne, junto con los miembros de la familia inmediata de tales personas; el abogado de AllianceOne y el abogado del colectivo, y los miembros de su familia inmediata, así como aquellos individuos identificados por la lista de números excluidos.

### LEA ESTE AVISO DE CONCILIACIÓN CUIDADOSAMENTE

- El Tribunal ha aprobado de manera preliminar la Conciliación propuesta (la "Conciliación") de una demanda colectiva interpuesta bajo la Ley de Protección al Consumidor Telefónico, 47 U.S.C. § 227 *et seq*., ("TCPA") contra AllianceOne Receivables Management, Inc. ("AllianceOne").
  - La audiencia sobre la aprobación definitiva de la Conciliación (la "Audiencia de imparcialidad") y para la aprobación de la petición de los representantes del colectivo para los honorarios de los abogados y los costos y compensación a las personas que presentaron esta demanda en nombre del colectivo (los "Representantes del colectivo") tendrá lugar el **27 de agosto de 2012 a las 2:30 p.m.**, ante el juez del Tribunal de Distrito de los Estados Unidos John A. Houston, Sala del Tribunal 11, Tribunal Edward J. Schwartz, 940 Front Street, San Diego, California 92101.
- Cualquier objeción a la Conciliación, a la solicitud de honorarios y costos de abogados o a cualquier adjudicación a los representantes del colectivo debe presentarse por escrito ante el Tribunal, así como al abogado del colectivo y al abogado del Demandado, como se les identifica en la página 5 de este aviso.
  - Los términos y condiciones de la Conciliación se establecen en el Acuerdo de Conciliación de fecha 24 de febrero de 2012. Los términos en mayúsculas utilizados en este Aviso de Conciliación pero no definidos en el presente Aviso de Conciliación tienen los significados que se les asignaron en el Acuerdo de Conciliación. El Acuerdo de Conciliación está disponible en www.AllianceOnesettlement.com.
- Sus derechos y opciones, y las fechas límite para ejercerlos, se explican en este Aviso.
- El Tribunal aún tiene que decidir si aprueba la Conciliación. Los pagos en virtud de la Conciliación se harán sólo si el Tribunal aprueba la Conciliación y esa aprobación se mantiene en el caso de cualquier apelación.
- Más información acerca del litigio, la Conciliación y este Aviso de Conciliación, incluyendo cualquier cambio en los términos de la Conciliación y las órdenes del Tribunal respecto de la Conciliación, se puede obtener en www.AllianceOnesettlement.com o llamando al (888) 213-7648.
- Este es sólo un resumen general de la Conciliación. El acuerdo de Conciliación completo, que contiene todos los detalles acerca de la Conciliación, está disponible en www.AllianceOnesettlement.com.

| SUS DERECHOS LEGALES Y SUS OPCIONES SEGÚN ESTA CONCILIACIÓN: | |
|---|---|
| Como potencial miembro del colectivo, debe presentar una solicitud para poder optar a una asignación. | Usted es miembro del colectivo si AllianceOne o sus subsidiarias o agentes llamaron a su teléfono celular u otro dispositivo móvil entre el 8 de febrero de 2004 y el 30 de noviembre de 2010 usando equipos de automarcado o con un mensaje de voz pregrabado sin su consentimiento explícito previo para ser llamado así. Si es miembro del colectivo, debe presentar una reclamación el **6 de agosto de 2012** o antes para recibir una parte de la liquidación. |
| Usted puede solicitar ser excluido de la Conciliación ("opt-out") (a más tardar el **16 de agosto de 2012**). | Si no desea ser parte de la Conciliación y no desea estar obligado por la liberación de reclamaciones prevista para AllianceOne como resultado de la Conciliación, puede solicitar que se le excluya ("optar por renunciar") de la Conciliación, como se explica a continuación. |
| Puede presentar objeciones (a más tardar el **16 de agosto de 2012**) | Si desea presentar objeciones a cualquier parte de la Conciliación y no ha optado por excluirse de la Conciliación, puede (como se describe a continuación) escribir al Tribunal y al Administrador de la Conciliación diciendo por qué tiene objeciones a la Conciliación. |
| Puede asistir a una audiencia el **27 de agosto de 2012 a las 2:30 p.m.** | Si envía una objeción a la Conciliación por escrito al Tribunal y al Administrador de la Conciliación antes del plazo aprobado por el Tribunal, podrá asistir a la audiencia referente a la Conciliación y presentar sus objeciones ante el Tribunal. Podrá asistir a la audiencia incluso si no presenta una |

| | |
|---|---|
| | objeción por escrito, pero no se le permitirá dirigirse al Tribunal en la audiencia si no notificó al Tribunal y al abogado su intención de comparecer en la audiencia al menos diez días antes de la fecha actualmente fijada para la Audiencia de Equidad, como se explica a continuación. Puede presentar una objeción y no asistir a la audiencia; el Tribunal examinará las objeciones por escrito presentadas a tiempo. |
| No puede hacer nada. | Si no hace nada e ignora este Aviso, quedará obligado por los términos de la Conciliación pero no recibirá ningún dinero sin presentar una reclamación. Debe presentar una reclamación para recibir un pago, como se explica a continuación. |

## LO QUE CONTIENE ESTE AVISO

RESUMEN DE LA DEMANDA Y LA CONCILIACIÓN ................................................................................................ 1

INFORMACIÓN BÁSICA
1.  ¿Me afecta esta Conciliación? ................................................................................................ 2
2.  La demanda colectiva. ............................................................................................................. 2
3.  ¿Qué es una demanda colectiva y sobre qué es esta demanda colectiva? .............................. 3
4.  ¿Cuál es el importe de la liquidación? ................................................................................... 3
5.  ¿Qué más dispone la Conciliación? ........................................................................................ 3
6.  ¿Por qué hay una Conciliación? ............................................................................................. 3

LOS BENEFICIOS DE LA CONCILIACIÓN – QUÉ OBTIENE USTED
7.  ¿Qué beneficios ofrece la Conciliación? ............................................................................... 3

CÓMO OBTIENE USTED EL PAGO MONETARIO
8.  ¿De cuánto será mi pago?.. ...................................................................................................... 4
9.  ¿Cómo puedo recibir mi pago? ............................................................................................... 4
10. ¿Cuándo recibiré mi pago? ..................................................................................................... 4
11. ¿A qué estoy renunciando por obtener mi pago monetario y permaneciendo en el colectivo? ......................................... 4

LOS ABOGADOS QUE LO REPRESENTAN
12. ¿Tengo un abogado en este caso? .......................................................................................... 4
13. ¿Cómo se pagará al abogado, qué otros costos deben pagarse y quién lo hará? .................. 5

AUTOEXCLUIRSE DE LA CONCILIACIÓN
14. ¿Cómo me excluyo de la Conciliación? ................................................................................. 5
15. Si no me excluyo, ¿puedo demandar a AllianceOne por lo mismo más tarde? ................... 5
16. Si me excluyo, ¿puedo obtener el pago monetario? ............................................................. 5

OBJECIÓN A LA CONCILIACIÓN
17. Si quiero oponerme a la Conciliación, ¿cómo lo hago? ........................................................ 5
18. ¿Cuál es la diferencia entre "objetar" y "excluirse"? .......................................................... 6

LA AUDIENCIA DE EQUIDAD DEL TRIBUNAL
19. ¿Cuándo y dónde decidirá el Tribunal si da la aprobación final a la Conciliación?  9
20. ¿Tengo que asistir a la audiencia? ......................................................................................... 6
21. ¿Qué ocurre si quiero que mi propio abogado asista a la audiencia de equidad? ............... 6

SI NO HACE NADA
22. ¿Qué sucede si no hago nada en absoluto? ........................................................................... 6

OBTENGA MÁS INFORMACIÓN
23. ¿Hay más detalles acerca de la Conciliación? ...................................................................... 6

## INFORMACIÓN BÁSICA

**1.      ¿Me afecta esta Conciliación?**

Lo afecta sólo si usted fue llamado por AllianceOne o sus subsidiarias y agentes entre el 8 de febrero de 2004 y el 30 de noviembre de 2010, por un automarcador o con un mensaje de voz pregrabado, sin proporcionar su consentimiento previo explícito para ser llamado de esa manera, según se refleja en los registros del acusado. Si recibió un aviso de tarjeta postal, su teléfono celular está incluido en esos registros y usted es Miembro del Colectivo. El período de tiempo entre el 8 de febrero de 2004 y el 30 de noviembre de 2010 se denomina "Período del Colectivo". Si no está seguro de si está en la demanda colectiva, debe comunicarse con el administrador de la Conciliación ya sea en línea en www.AllianceOnesettlement.com o al teléfono (888) 213-7648 y proporcionar su nombre y los números de teléfono celular a los que le hayan podido llamar durante el Período del Colectivo o, si su número de teléfono celular no está en los registros del Demandado, debe proporcionar una afirmación de que recibió una llamada o llamadas como se describe anteriormente. Vea la pregunta 9 más adelante sobre cómo hacer una reclamación.

**2**.      **La demanda colectiva**

El caso se denomina *Christina M. Adams, et al., vs. AllianceOne Receivables Management, Inc.*, Caso Nº 08-CV-0248 JAH WVG (la "Demanda colectiva"). El Tribunal que supervisará el caso es el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de California. Los representantes del colectivo son Christina M. Adams, Sarah Gabany y Michael D. Messner. El Demandado es

AllianceOne. A continuación se describen las reclamaciones de los representantes del colectivo, y la información adicional acerca de ellos está disponible en www.AllianceOnesettlement.com.

**3.     ¿Qué es una demanda colectiva y sobre qué es esta demanda colectiva?**

En una demanda colectiva, una o más personas llamadas "representantes del colectivo" (en este caso, los demandantes Adams, Gabany y Messner) demandan en nombre de otras personas que tienen reclamaciones similares. Todas estas personas son un "colectivo" o, en otras palabras, "Miembros del Colectivo". Un Tribunal resuelve las cuestiones para todos los Miembros del Colectivo, a excepción de quienes soliciten ser excluidos del colectivo.

Los Representantes del Colectivo Demandante afirman que durante el Período del Colectivo, el Demandado violó la Ley de Protección a los Consumidores Telefónicos (la "TCPA") haciendo llamadas telefónicas a los Miembros del Colectivo, con un marcador automático o mediante el uso de un mensaje de voz pregrabado, y los llamó sin su consentimiento previo explícito para recibir esas llamadas. Los demandantes sostienen que esas llamadas son ilegales. Los demandantes solicitaron daños y perjuicios estatutarios para los Miembros del Colectivo como se estipula en el estatuto de la TCPA.

AllianceOne ha negado rotundamente y sigue negando todas las reclamaciones y alegaciones de los representantes del colectivo.  AllianceOne niega ser responsable ante todo el colectivo y también niega que el colectivo haya sufrido daños por los que AllianceOne pudiera ser responsable.

**4.     ¿Cuál es el importe de la liquidación?**

Se estableció un fondo de liquidación de $9,000,000 de dólares en la demanda colectiva.  Esta cantidad se utilizará para pagar los gastos administrativos, los honorarios y los costos de los abogados aprobados por el Tribunal, las asignaciones a los representantes del colectivo y otros gastos.  La cantidad que quede después de pagar los gastos relacionados con la demanda, la cantidad remanente, se destinará a los Miembros del Colectivo que presenten reclamaciones aprobadas, de acuerdo con una participación *prorrata* de cada Miembro del Colectivo, que no debe superar los $40.00 para cada Miembro del Colectivo aprobado.

**5.     ¿Qué más dispone la Conciliación?**

Todos los miembros del Colectivo de la Conciliación y cualquiera que reclame a través de ellos, liberan completamente al acusado, AllianceOne y otras "Partes Liberadas" de las "reclamaciones liberadas". Estos términos se explican más ampliamente en el acuerdo de Conciliación disponible en www.AllianceOnesettlement.com. Las Partes Liberadas incluyen, entre otras personas y entidades, al acusado, sus respectivas empresas matrices, filiales, subsidiarias, agentes, socios, clientes, proveedores, partes contratantes, compradores, sucesores, predecesores en interés y aseguradores directos e indirectos, presentes, pasados y futuros, así como a cualquiera de los anteriores, actuales y futuros funcionarios, directores, empleados, representantes, agentes, accionistas, contratistas independientes, abogados, contadores, asesores de inversión o proveedores respectivos de cualquiera de los anteriores, y cualquier otra persona que actúe en nombre de cualquiera de los anteriores. Las reclamaciones liberadas incluyen, entre otras reclamaciones, las que se establecieron o podrían haberse presentado en la demanda colectiva en relación con los hechos descritos en las quejas o reclamaciones relativas a la aprobación e implementación de la Conciliación, pero sólo se refieren a las demandas que se desprendan de la TCPA o las reclamaciones derivadas de la conducta aducida, en la cual se hicieron llamadas a teléfonos celulares utilizando marcadores automáticos o mensajes de voz pregrabados sin consentimiento explícito previo. No se liberan determinadas reclamaciones, tales como las reclamaciones en virtud de la ley sobre prácticas justas en el cobro de deudas o leyes similares que se desprendan de conductas distintas de la realización de llamadas usando equipos de automarcado o de voz pregrabada a teléfonos celulares sin consentimiento explícito previo de la persona. Consulte el acuerdo de Conciliación en las secciones 1.41 y 1.42 para conocer las definiciones de "Reclamaciones liberadas" y "Partes Liberadas".

Esto significa que los Miembros del Colectivo no tendrán derecho a demandar al Demandado o a las Partes Liberadas alegando cualquier presunta mala conducta durante el Período del Colectivo derivadas de los alegatos de la demanda colectiva o en relación con ellos.

**6.     ¿Por qué hay una Conciliación?**

En lugar de continuar el pleito, los representantes del colectivo demandante y el Demandado han acordado la Conciliación.  La Conciliación es el producto de extensas negociaciones entre el abogado del colectivo y el acusado y su abogado, tras años de litigar las reclamaciones, y también con la asistencia de un juez jubilado que actuó como mediador en varias sesiones de mediación. Todas las partes de la Conciliación han concluido que es deseable establecer un acuerdo en los términos y condiciones establecidos en el acuerdo de Conciliación. Los representantes del colectivo y el abogado del colectivo consideran que esta Conciliación es la mejor para todos los Miembros del Colectivo. La Conciliación NO significa que el Demandado AllianceOne hiciera nada incorrecto ni haya participado en la conducta que aducen los representantes del colectivo.

### LOS BENEFICIOS DE LA CONCILIACIÓN – QUÉ OBTIENE USTED

**7.     ¿Qué beneficios proporciona la Conciliación?**

Cada Miembro del Colectivo que no haya solicitado autoexcluirse ("optado por renunciar") de la Conciliación recibirá un pago de $40.00 dólares (o menos, dependiendo del número de reclamaciones que se presenten).  AllianceOne apartará un fondo de liquidación por la suma máxima de $9,000,000 de dólares para pagar 1) todas esas reclamaciones, 2) el costo de los avisos y la administración de reclamaciones, 3) los honorarios de los abogados del colectivo y los costos del litigio y 4) para los pagos de incentivos por un importe total de $10,000 dólares a pagarse a los representantes del colectivo demandante, con sujeción a la aprobación del Tribunal. Si la cantidad de reclamaciones presentadas a pagarse con el fondo es de menos de $1,000,000 de dólares, AllianceOne ha accedido a pagar la diferencia entre el importe de las reclamaciones pagadas y $1,000,000 a una organización benéfica bajo lo que se llama una asignación *cy pres*. Esa organización benéfica será elegida por el abogado del demandante y debe ser aprobada por el Tribunal.

## CÓMO OBTIENE USTED EL PAGO MONETARIO

**8.**     **¿De cuánto será mi pago?**

Si se da la aprobación definitiva a la Conciliación, el monto que se le destinará a usted se basará en el número de personas que cumplan los requisitos de miembros idóneos del colectivo, sujeto a un máximo de $40 por cada miembro idóneo del colectivo. Si se reciben más reclamaciones de las que permitirían que se otorguen $40 a cada reclamante con base en la cantidad remanente, dicha cantidad remanente se dividirá y pagará a los reclamantes aprobados prorrata.

**9.**     **¿Cómo puedo recibir mi pago?**

Debe presentar una reclamación a más tardar el **6 de agosto de 2012** para que la solicitud sea válida. Si es una reclamación válida, tiene derecho a recibir una asignación de la liquidación en efectivo.

Puede obtener el pago monetario (hasta $40.00 por cada reclamación) de conformidad con esta Conciliación, ya sea:

1) llamando al Administrador de la Conciliación Gilardi & Co. LLP a su número gratuito (888) 213-7648 entre las 9:00 a.m. y las 9:00 p.m. EST;

2) presentando una reclamación en línea en este sitio web: www.AllianceOnesettlement.com, o bien

3) presentando una reclamación por escrito y enviándola al Administrador de la Conciliación. Si se presenta por escrito, debe tener matasellos no posterior a esa fecha para ser válida.

A fin de presentar una reclamación, si usted es Miembro del Colectivo de la Conciliación, sólo tiene que proporcionar la siguiente información acerca de usted: (1) su nombre, (2) su dirección actual para enviarle por correo el pago de la liquidación, si es diferente de la dirección de notificación por tarjeta postal, y (3) el Número de ID de la Reclamación que aparece en el aviso de tarjeta postal recibido, y 4) sólo cuando haya identidades conflictivas y ayudaría al Administrador de Reclamaciones para la resolución de las reclamaciones, los cuatro últimos dígitos de su número del seguro social para confirmar su identidad. También puede proporcionar un número de teléfono, si acepta hacerlo, a fin de permitir que el administrador de la Conciliación se comunique con usted si hay algún problema.  En caso de que usted no pueda ser identificado como demandante utilizando la información anterior, y efectivamente lo llamó AllianceOne durante el Período del Colectivo del 8 de febrero de 2004 hasta el 30 de noviembre de 2010, para hacer una reclamación se le pedirá que declare que AllianceOne (o sus subsidiarias o agentes) hicieron al menos una llamada a su teléfono celular con un mensaje de voz pregrabado durante el Período del Colectivo, sin su consentimiento previo explícito para ser llamado de esa manera, y proporcionar el número de teléfono celular al que se llamó.

No obstante, los registros del Demandado indican ciertos números sobre los cuales la persona llamada dio su consentimiento previo para ser llamado a su teléfono celular. Si su número está en esa lista de números de excluidos, se denegará su reclamación.

**El acuerdo de Conciliación incorporado en la orden del Tribunal prevé que nada de la información que usted dé al administrador de la Conciliación se dará a AllianceOne, incluidos los números de teléfono o direcciones actualizadas.** Por lo tanto, si ocurre que todavía le adeuda dinero a AllianceOne por alguna razón, participar en esta Conciliación o proporcionar información de contacto actualizada no lo afectará negativamente en los esfuerzos de cobranza de AllianceOne contra usted. Sin embargo, esta solución no resuelve, anula ni se deshace de ninguna obligación o deuda que tenga con AllianceOne o cualquier acreedor para quien AllianceOne intentara cobrar.

**10.**     **¿Cuándo recibiré mi pago?**

El reparto de las asignaciones de la liquidación está condicionada por varias cuestiones, incluida la aprobación de la Conciliación por parte del Tribunal y que esa aprobación se convierta en definitiva y ya no esté sujeta a ninguna apelación en ningún Tribunal. Si no se presenta ninguna apelación, la aprobación final se convertirá en definitiva al cabo de 30 días de la orden del Tribunal. Las apelaciones son raras en las conciliaciones a las que se llega mediante acuerdo, como ésta, pero si alguien presenta una apelación sobre la aprobación definitiva, el proceso de apelación puede ser prolongado, así que por favor sea paciente. Si el Tribunal aprueba finalmente la Conciliación y no hay apelaciones, el administrador de la Conciliación enviará cheques por correo en un plazo razonable después de la audiencia de equidad. Esa audiencia actualmente está programada para realizarse el **27 de agosto de 2012 a las 2:30 p.m.**

**No habrá pagos de conformidad con la Conciliación si no se da la aprobación final al acuerdo de Conciliación y dicha Conciliación se da por finalizada.**

**11.**     **¿A qué estoy renunciando para obtener mi pago monetario y permanecer en el colectivo?**

Como miembro elegible del colectivo, a menos que se autoexcluya, forma parte del colectivo. Esto significa que no puede demandar a AllianceOne o a las otras Partes Liberadas sobre asuntos de la TCPA relativos a los hechos aducidos en este caso, incluyendo el hecho de que usted fue llamado a su teléfono celular. También significa que todas las decisiones del Tribunal se le aplicarán y lo obligarán legalmente. Todos los Miembros del Colectivo estarán obligados por las "Reclamaciones liberadas", una copia de las cuales se establece en el Acuerdo de Conciliación.  Las reclamaciones liberadas describen exactamente las reclamaciones legales a las que renuncia como Miembro del Colectivo.

## LOS ABOGADOS QUE LO REPRESENTAN

**12.**     **¿Tengo un abogado en este caso?**

El Tribunal ha nombrado a Joshua B. Swigart de Hyde & Swigart and Douglas J. Campion del bufete de Douglas J. Campion como abogado del colectivo en la demanda colectiva. Si desea ser representado por su propio abogado, puede contratar uno a su cargo.

**13.     ¿Cómo se pagará al abogado, qué otros gastos deben ser pagados y quién lo hará?**

El abogado del colectivo ha dedicado muchas horas a presentar este caso y llevarlo durante casi cuatro años. También ha adelantado costos sustanciales por peritos, revisión de documentos y otros costos necesarios para llevar el caso. El abogado del colectivo asumió el riesgo del litigio y no ha recibido pago por nada de su tiempo ni por ninguno de estos costos a lo largo del tiempo en que ha estado pendiente este caso.

Sujeto a la aprobación del Tribunal, el abogado del colectivo pedirá en la audiencia de equidad recibir su pago del fondo común de $9,000,000 de dólares que se acordó pagar en este caso, según lo permitido por la ley. Tiene el propósito de solicitar hasta el 30% de dicho fondo o $2.700.000, por todos los honorarios de los abogados en que hubiera incurrido. También pretende buscar la aprobación del Tribunal para obtener el reembolso de los costos en que ha incurrido durante el litigio. Se espera que los costos no superen los $350,000. El Tribunal tiene que aprobar sus solicitudes de honorarios y costos, y podrá otorgar menos de las cantidades solicitadas.

El Tribunal determinará el monto de los honorarios y costos a ser reembolsados, y cualesquiera de tales cantidades que el Tribunal determine que son pagaderos al abogado del colectivo se pagarán del fondo de la liquidación.

Como es habitual en casos de demandas colectivas en las que los representantes del colectivo han dedicado tiempo y esfuerzo para apoyar el caso, el abogado del colectivo también pedirá al Tribunal que apruebe pagos especiales, que no deben superar los $10,000 dólares, para los tres representantes del colectivo que han trabajado con el abogado del colectivo. Según el abogado del colectivo, los representantes del colectivo asumieron el riesgo del litigio, le dedicaron un tiempo considerable y se comprometieron a dedicar el tiempo necesario para llevar el caso a su conclusión. Sus actividades incluyeron también ayudar en la investigación de los hechos del caso por parte del abogado del colectivo, revisar las negociaciones de la Conciliación, prepararse para hacer declaraciones y asistir a ellas, y dar apoyo general al caso. Cualquier compensación solicitada tendrá que ser aprobada por el Tribunal y los importes otorgados por el Tribunal a cualquiera de los representantes del colectivo se pagarán con el fondo de liquidación.

## AUTOEXCLUIRSE DE LA CONCILIACIÓN.

**14.     ¿Puedo sustraerme de la Conciliación?**

Sí. Si no desea participar en la Conciliación o desea conservar el derecho a demandar o seguir demandando al Demandado AllianceOne por su cuenta, en lo referente a los asuntos legales de este caso, debe emprender acciones para salir de la Conciliación. Esto se llama "autoexcluirse" de u "optar por renunciar" al colectivo. Si se excluye u "opta por renunciar" a la Conciliación, no estará obligado por ninguno de sus términos. Para autoexcluirse de la Conciliación, debe enviar una carta por correo diciendo que desea ser excluido de *Adams vs. AllianceOne*. Asegúrese de incluir su nombre, dirección, número de teléfono y firma. Debe enviar por correo su solicitud de exclusión con matasellos no posterior al **16 de agosto de 2012** al Administrador de la Conciliación a la siguiente dirección:

AllianceOne Settlement
Gilardi & Co., LLC
P.O. Box 8090
San Rafael, CA 94912-8090

No podrá autoexcluirse por teléfono o correo electrónico. Si solicita ser excluido, no recibirá ningún pago de la liquidación y no podrá oponerse a la Conciliación. No quedará obligado por nada de lo que ocurra.

**15.     Si no me autoexcluyo, ¿puedo demandar al Demandado AllianceOne por lo mismo más adelante?**

No. A menos que se excluya, pierde cualquier derecho a demandar al Demandado AllianceOne de las Partes Liberadas por las reclamaciones que resuelve esta Conciliación. Si tiene una demanda pendiente contra una de estas entidades o ambas, y no sabe con seguridad si esa demanda es acerca de cualquiera de los temas de este caso, hable inmediatamente con su abogado en ese caso. Debe autoexcluirse de este Colectivo para continuar su propia demanda. Recuerde, la fecha límite de exclusión es el **16 de agosto de 2012**.

**16.     Si me excluyo, ¿puedo obtener el pago monetario?**

No.

## OBJECIÓN A LA CONCILIACIÓN

**17.     ¿Cómo le informo al Tribunal si no me gusta la Conciliación?**

Si es Miembro del Colectivo y no se ha excluido de la Conciliación, puede decirle al Tribunal que no está de acuerdo con la Conciliación o con alguna parte de la misma. Para presentar su objeción, debe enviar al Tribunal una declaración por escrito indicando que tiene objeciones a la Conciliación en *Christina M. Adams, et al., vs. AllianceOne Receivables Management, Inc.*, Caso Nº 08-CV-0248 JAH WVG. Asegúrese de incluir su nombre, dirección, número de teléfono, firma y una explicación completa sobre por qué tiene objeciones a la Conciliación. Su objeción por escrito debe ser recibida con matasellos no posterior al **16 de agosto de 2012**. La dirección del Tribunal es Clerk of the Court U.S. District Court, Southern District of California, 880 Front Street, Suite 4290, San Diego, CA  92101-8900. Debe enviar por correo su objeción por escrito también al Administrador de la Conciliación, con matasellos no posterior al **16 de agosto de 2012**. La dirección del Administrador de la Conciliación es Gilardi & Co., LLC, P.O. Box 8090, San Rafael, CA 94912-8090.

No hay necesidad de comparecer en la audiencia para que su objeción sea tenida en consideración por el Tribunal. Sin embargo, si desea comparecer en la audiencia para argumentar su objeción, debe presentar un Aviso de Comparecencia ante el Tribunal a más tardar diez 10 días antes de la fecha actualmente establecida para la audiencia de equidad y enviar por correo una copia de dicho Aviso de Comparecencia a más tardar en esa fecha a todos los abogados en las direcciones establecidas inmediatamente arriba.

**18.  ¿Cuál es la diferencia entre "objetar" y "excluirse"?**

Objetar es simplemente decirle al Tribunal que no le gusta algo acerca de la Conciliación. Sólo puede objetar si permanece en el colectivo.  Excluirse es decirle al Tribunal que no desea ser parte del colectivo. Si se excluye, no tiene bases para objetar porque el caso ya no lo afecta.

## LA AUDIENCIA DE EQUIDAD DEL TRIBUNAL

El Tribunal llevará a cabo una audiencia para decidir si da la aprobación final a la Conciliación. Usted puede asistir y puede hablar, pero no tiene que hacerlo. La audiencia se llama Audiencia de Equidad o Audiencia de Aprobación Final.

**19.       ¿Cuándo y dónde decidirá el Tribunal si aprueba la Conciliación?**

El Tribunal celebrará una audiencia de equidad a las 2:30 p.m. del **27 de agosto de 2012**, en el Tribunal de Distrito de los Estados Unidos, Distrito Sur de California, Tribunal Edward J. Schwartz, 940 Front Street, San Diego, California 92101, Sala 11 (juez John A. Houston).

En la audiencia de equidad, el Tribunal examinará si la Conciliación es justa, razonable y adecuada.  Si hay objeciones, el Tribunal las tendrá en consideración.  Después de la audiencia de equidad, el Tribunal decidirá si aprueba la Conciliación.  El Tribunal también decidirá sobre la solicitud de honorarios y costos de abogados y cualquier adjudicación a los representantes del colectivo.

**20.       ¿Tengo que asistir a la audiencia de equidad?**

No, pero puede venir pagando sus propios gastos.  Si envía una objeción, no es necesario que venga al Tribunal para hablar de ella.  Siempre que haya enviado su objeción por escrito a tiempo, el Tribunal la tendrá en consideración al determinar si debe o no aprobar la Conciliación como algo justo, razonable y adecuado. También puede pagar a su propio abogado para que asista a la audiencia de equidad, pero dicha presencia no es necesaria.

**21.       ¿Puedo hablar en la audiencia de equidad?**

Si es Miembro del Colectivo, puede pedir al Tribunal permiso para hablar en la audiencia de equidad.  Para hacerlo, debe enviar una carta u otro documento llamado "Aviso de intención de comparecer en la audiencia de equidad" a *Christina M. Adams, et al., vs. AllianceOne Receivables Management, Inc.*, Caso Nº 08-CV-0248 JAH WVG". Asegúrese de incluir su nombre, dirección, número de teléfono y firma. El aviso de intención de comparecer debe enviarse a los abogados en las direcciones que figuran en la respuesta a la pregunta Nº 17 y presentarse ante el secretario del Tribunal a más tardar diez (10) días antes de la fecha actualmente establecida para la audiencia de equidad.

## SI NO HACE NADA

**22.       ¿Qué sucede si no hago nada en absoluto?**

Si es Miembro del Colectivo y no hace nada, **estará obligado por la Conciliación de la demanda colectiva como se describe anteriormente en este Aviso de Conciliación si ésta se aprueba, PERO NO RECIBIRÁ NINGUNA CANTIDAD DE DINERO. En otras palabras, no podrá presentar su propia reclamación, liberará las reclamaciones mencionadas anteriormente y no recibirá ningún dinero.**

## OBTENGA MÁS INFORMACIÓN

**23.       ¿Cómo puedo obtener más información?**

Este aviso resume la Conciliación propuesta. Hay más detalles en un Acuerdo de Conciliación, llamado la Estipulación de Conciliación, que forma parte del archivo del Tribunal, un registro público. Puede obtener una copia del Acuerdo de Conciliación aquí en www.AllianceOnesettlement.com o revisar algunos otros documentos del caso relacionados con la demanda visitando este sitio Web. También puede obtener copias examinando los expedientes de este caso en la oficina del Secretario en el Tribunal de Distrito de los EE.UU., Distrito Sur de California, *Christina M. Adams, et al., vs. AllianceOne Receivables Management, Inc.*, Caso Nº 08-CV-0248 JAH WVG, 940 Front Street, San Diego, California. La oficina del Secretario tiene capacidad de hacer copias de cualesquiera de tales documentos públicos para usted. Además, todos los documentos archivados en el caso, incluidos los documentos de la Conciliación, están disponibles para su consulta en línea a través del sistema Pacer de revisión de documentos del Tribunal. Si tiene preguntas generales sobre la Conciliación, puede visitar el sitio Web de la misma (www.AllianceOnesettlement.com) o llamar al (888) 213-7648.

## POR FAVOR, NO SE COMUNIQUE CON EL TRIBUNAL RESPECTO DE ESTE AVISO

Fecha: 23 de abril de 2012                                        Por orden del Tribunal de Distrito de
                                                                 EE.UU.
                                                                 San Diego, California

6