UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA M. ADAMS et al., on behalf of themselves and all others similarly situated,<br><br>                Plaintiff,<br>v.<br>ALLIANCEONE, INC.,<br>                Defendant. | Civil No. 3:08-cv-0248-JAH-WVG<br><br>**ORDER**<br><br>**(1) GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [DKT NO. 116];**<br><br>**(2) GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS [DKT NO. 115]** |

Plaintiffs Christina M. Adams, Sarah Gabany, and Michael D. Messner (collectively, "Plaintiffs") and Defendant AllianceOne Receivables Management, Inc. ("Defendant") (the "Parties") entered into a Stipulation of Settlement (the "Settlement"), which is subject to review under Fed. R. Civ. P. 23.

On February 24, 2012, the Parties filed the Settlement, along with their Joint Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

On April 23, 2012, upon consideration of the Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"). Pursuant to the Preliminary Approval

Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (the "Class Members") with respect to the claims asserted in this case; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiffs Christina M. Adams, Sarah Gabany, and Michael D. Messner as the Class Representatives; (iv) appointed Hyde & Swigart and The Law Offices of Douglas J. Campion as Class Counsel; and (v) set the date and time of the Final Approval Hearing.

On July 9, 2012, Class Counsel filed their Motion for Award of Attorneys' Fees and Costs and Service Awards to the Named Plaintiffs (the "Fee, Cost, and Award Motion").

On July 30, 2012, the Parties filed their Joint Motion for Final Approval of Class Action Settlement Agreement (the "Final Approval Motion"). Pursuant to the Final Approval Motion, the Parties request final certification of the Settlement Class under Fed. R. Civ. P. 23(b)(3) and final approval of the Stipulation.

Thus, before the Court is the Final Approval Motion and the Fee, Cost, and Award Motion.

On September 18, 2012, a Final Approval Hearing was held by this Court pursuant to Fed. R. Civ. P. 23 to determine whether this action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, and should be approved by the Court. At the Final Approval Hearing, the Court heard argument from the Parties regarding the fairness of the settlement and the objections filed pursuant to conditions set forth in the Notice. Having reviewed the Final Approval Motion, the memorandum of points and authorities, declarations, and other documents filed in support thereof, including the Settlement, and good cause appearing therefor, the Court hereby **GRANTS** the Final Approval Motion.

At the same hearing on September 18, 2012, the Court heard argument from Class Counsel in support of the Fee, Cost, and Award Motion. Having reviewed the Fee, Cost, and Award Motion, the memorandum of points and authorities, declarations, and other documents filed in support thereof, including the Settlement, and good cause appearing

therefor, the Court hereby **GRANTS** the Fee, Cost, and Award Motion.

Accordingly, **IT IS HEREBY ORDERED** that:

1. <u>TERMS</u>: This Order incorporates by reference the definitions in the Settlement and all terms in this Order shall be deemed to have the same meaning as defined in the Settlement.

2. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of this case and over the Parties.

3. <u>CLASS MEMBERS</u>: Pursuant to Fed. R.Civ. P. 23 (b)(3), this case is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in this case:

> The Settlement Class is defined as all persons within the United States to whom any telephone calls were made by AllianceOne or any of the other Released Parties between February 8, 2004 and November 30, 2010 to such person's cellular telephone, paging service, specialized mobile radio service, other radio common carrier service or any service for which the called party is charged for the call, through the use of any automatic telephone dialing system which has the capacity to store or produce numbers (whether or not such capacity was used), including, without limitation, an automated dialing machine dialer, auto-dialer or predictive dialer, or an artificial or prerecorded voice, without such person's prior express consent; provided, however, that the Class shall not include: (a) the officers, directors, and employees of AllianceOne, the members of the immediate families of the foregoing, and their respective legal representatives, heirs, successors and assigns; (b) the officers, directors and employees of any parent, subsidiary or affiliate of AllianceOne, and the members of the immediate families of the foregoing; and (c) Counsel for AllianceOne and Class Counsel and the members of their respective immediate families. Also excluded from the Class is any potential Class Member who requested exclusion from the Class in a timely manner, and those individuals identified by the List of Excluded Numbers.

4. <u>CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT</u>: Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiffs as Class Representatives and appoints Hyde & Swigart and The Law Offices of Douglas J. Campion as Class Counsel.

5. <u>NOTICE AND CLAIMS PROCESS</u>: Pursuant to the Preliminary Approval Order, the Court finds the Settlement Administrator has complied with the approved Notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Class Members of the Settlement and its terms and conditions were in

conformity with the Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23 and due process, and constituted the best notice practicable under the circumstances. The Court finds that the Notice given was clearly designed to advise the Class Members of their rights. Further, the Court finds that the claim process set forth in the Stipulation was followed and that the process was the best practicable procedure under the circumstances.

6. FINAL CLASS CERTIFICATION: The Court again finds that this case satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A. The Class Members are so numerous that joinder of all of them in the Litigation would be impracticable;

    B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C. The claims of Plaintiffs appointed as Class Representatives are typical of the claims of the Class Members;

    D. Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members; and

    E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. FAIRNESS OF THE SETTLEMENT: The Court finds that the settlement of the action, on the terms and conditions set forth in the Settlement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members, the strength of Plaintiffs' case and the defenses asserted by Defendant, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

8. SETTLEMENT TERMS: The Settlement, which has been filed with the

Court and shall be deemed incorporated herein, shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement include, but are not limited to, the following:

  A. The amount of the Settlement Fund remaining after all costs of Notice and Administrative Expenses, incentive payments and attorneys' fees and costs, and related expenses incurred in this case, shall revert to Defendant subject to the terms of the Settlement;

  B. Plaintiffs shall receive from the Settlement Fund the sum of $10,000.00 as Incentive Payments for bringing and participating in this action, divided among them as follows: Christina M. Adams shall receive $5,000, Sarah Gabany shall receive $2,500, and Michael D. Messner shall receive $2,500;

  C. The Settlement Administrator shall be paid the amounts it has incurred for its services as set forth in the Settlement in the total amount of $2,549,120.99.

  D. Class Counsel shall receive attorneys' fees in an amount representing 30% of the Settlement Fund, which departure from the 25% benchmark this Court finds is justified for the reasons set forth in the record, for a total award of $2,700,000 as attorneys' fees incurred pursuing this case; and

  E. Class Counsel shall receive the total sum of $288,319.87 for payment of costs incurred pursuing this case, which includes miscellaneous litigation costs in the amount of $36,082.37 and the cost of an information technology consultant in the amount of $252,237.50, which cost this Court finds was necessarily incurred given the amount and type of discovery exchanged in this case.

  F. Because the aggregate amount of the Settlement Awards is greater than $1,000,000, a cy pres award is not required.

  9. <u>REQUESTS FOR EXCLUSION</u>: A total of 70 Requests for Exclusion were received. Those persons who filed valid and timely Requests for Exclusion are named on Exhibit A to this Order. The Court hereby excludes these individuals from the Class and

Settlement.

10. <u>OBJECTIONS</u>: The Class Members were given an opportunity to file Objections to the Settlement. Out of 63,573 valid and timely claims, only 6 Class Members filed timely Objections. After consideration of each of the Objections, and for the reasons set forth in the record, the Court hereby **OVERRULES** such Objections.

11. This Order is binding on all Class Members, except those individuals named on Exhibit A, who filed valid and timely Requests for Exclusion.

12. <u>RELEASE OF CLAIMS AND DISMISSAL OF LITIGATION</u>: The Class Representatives, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Stipulation. Pursuant to the Releases contained in the Stipulation, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

13. Without affecting the finality of this Final Judgment and Order of Dismissal With Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to this case and/or Settlement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Order.

14. <u>TERMINATION OF DEADLINES</u>: As of the date of this Order, all dates and deadlines associated with this case are **VACATED**, other than those related to the administration of the Settlement, unless and until further order of this Court.

15. <u>COMPLIANCE WITH CAFA</u>: Consistent with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, the Court finds that granting the Final Approval Motion is appropriate because the required Notices of the Settlement were sent and appropriate documentation was submitted to the Attorney General of the United States and the Attorneys General of all 50 states; more than ninety (90) days have elapsed from the date on which the Attorneys General were served with the notice required by CAFA; and, as

of the date of this Order, neither the Attorney General of the United States nor any State Attorney General has filed any objections to or comments regarding the Settlement.

16. USE OF THE SETTLEMENT: Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (i) is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

17. RELEASES AND BINDING EFFECT ON THE CLASS: Upon entry of this Order, all Class Members who have not filed valid and timely Requests for Exclusion from the Class in accordance with the conditions set forth in the Settlement shall be bound by the Settlement and by this Order and by all determinations and judgments in this case, whether favorable or unfavorable; and each Class Member shall be (i) conclusively deemed to have, and by operation of this Order shall have, fully, finally and forever settled, released, relinquished, waived and discharged Defendant and all Released Parties from all Released Claims, all as defined in the Settlement, and (ii) barred from suing Defendant in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to this case, whether or not such Class Members have filed an objection to the Settlement or to the Fee, Cost, and Award Motion, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

18. DISMISSAL AND ENTRY OF FINAL JUDGMENT: This case (together with all claims asserted herein, whether asserted by Class Representatives on their own behalf or on behalf of the Class) is hereby **DISMISSED** in its entirety, **WITH PREJUDICE**. No costs are awarded to any party apart from those awarded to Class Representatives and/or Class Counsel under this Order. The Clerk of Court is directed to

enter final judgment accordingly.

**IT IS SO ORDERED.**

Dated: September 27, 2012

_____
JOHN A. HOUSTON
United States District Judge