Joseph Darrell Palmer (SBN 125147)
Email: darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objectors Eric B. Nelson,
Mary M. Smith and Gordon B. Morgan

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA M. ADAMS, et al. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANCEONE, INC.<br><br>Defendant. | Case No. 3:08-cv-0248-JAH-WVG<br><br>**AMENDED OPPOSITION OF OBJECTORS ERIC B. NELSON, MARY M. SMITH AND GORDON B. MORGAN TO PLAINTIFFS' MOTION FOR APPEAL BOND**<br><br>Date:  December 17, 2012<br>Time:  2:30 p.m.<br>Place:  CourtRoom 11<br>Judge:  Hon. John A. Houston |

Objectors/Appellants oppose Plaintiffs' request for an Appeal Bond under Rule 7 of the Federal Rules of Appellate Procedure.

There are several problems with the request:

1. Plaintiffs' request for $64,536.69 is plainly designed to chill objectors' right to appeal and is therefore improper.

2. The fact that there may be delay damages is incident to the settlement terms, and cannot be imposed upon dissatisfied class members.

3. The appeal is not frivolous.

1

4. Appellant would be able to satisfy an appeal bond <u>for Rule 39 costs only</u> if the Court deemed it appropriate.

## I. APPEAL BONDS ARE DISFAVORED AS THEY IMPINGE UPON THE APPELLATE COURT ROLE AND TEND TO CHILL THE RIGHT TO APPEAL.

While Rule 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to **ensure payment of costs on appeal,**" the purpose of this rule is present in the language: to ensure payment of <u>costs</u> on appeal.

Plaintiffs support their motion on the ground that Objectors' appeals are naturally frivolous, in their reply they will argue objectors are represented by "professional objectors." The briefs, however, have not been written yet. The Ninth Circuit in *Azizian v. Federated Dept. Stores, Inc.,* 499 F.3d 950 (9th Cir. 2007), directly addressed the present issue, finding imposition of an appellate bond inappropriate under most circumstances:

> Award of appellate attorney's fees for frivolousness under Rule 38 is highly exceptional, making it difficult to gauge prospectively, and without the benefit of a fully developed appellate record, whether such an award is likely.

499 F.3d at 960. The *Azizian* court, therefore, believed that determining that an appeal is frivolous, before it is even written, is a "highly exceptional" occasion. This court was also concerned that high appeal bonds would chill an objector's right to appeal:

> A Rule 7 bond including the potentially large and indeterminate amount awardable under Rule 38 is more likely to chill an appeal than a bond covering the other smaller, and more predictable, costs on appeal. . . . Only the court of appeals may order the sanction of appellate attorneys' fees under Rule 38. *See* F.R.A.P. 38.

499 F.3d at 960. While the present bond request does not appear to be seeking costs in the form of attorneys' fees, this does not make the $64,536.69 request any less chilling. Whether couched in the form of delay costs or obsolescence of the benefit, the effect is the same: chill out the objectors. For this

2

reason, the *Azizian* court concluded that any determination of frivolousness should be made by the appeals court, after the record had been developed:

> We agree with the D.C. Circuit that the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals, which may dispose of the appeal at the outset through a screening process, grant an appellee's motion to dismiss, or impose sanctions including attorney's fees under Rule 38. *In re Am. President Lines,* 779 F.2d at 717. Allowing district courts to impose high Rule 7 bonds on whether the appeals *might* be found frivolous risks "impermissibly encumbering" appellants' right to appeal and "effectively preempting this court's prerogative" to make its own frivolousness determination. *Id.* at 717, 718; *see also Adsani,* 139 F.3d at 79 ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.").

499 F.3d at 961.

Plaintiffs assert "significant appeal bonds are now almost universally imposed." Apart from the *Azizian* decision above, and myriad others, which flatly contradict that sweeping assertion, several courts have recently specifically **declined** to impose an appeal bond in objector situations.

    1.    *Kardonick v. JP Morgan Chase & Co.,* 10-23235-civ-WMH, Doc. 443 (2/6/12): Plaintiffs ask this Court to require the Appellants/Objectors to post a bond in the total amount of $35,000 to cover "a portion of the anticipated costs and attorneys' fees to be incurred" in connection with the appeals filed as to this Court's Final Judgment and Order of Dismissal, entered September 16, 2011. . . . Nine separate appeals have been filed. . . . Three of the nine appeals were filed by counsel. . . . Having considered the motion, the Court does not find that a bond is necessary in this case. It is, therefore, ORDERED AND ADJUDGED that the Motion is DENIED.

    2.    *Blessing v. Sirius XM Radio, Inc.,* 2011 WL 5873383 (S.D.N.Y.)(11/22/11)
Before the Court is Plaintiffs' motion pursuant to Rule 7 of the Federal Rules of Appellate Procedure for an order requiring Appellants-Objectors to post a Bond in the amount of $200,000 or such other amount as the Court deems appropriate to cover the Plaintiffs' potential costs and attorneys' fees that could result from Objectors' appeal from this Court's Final Judgment. . . . Appellate Rule 38 states that, "if a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion on notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Although some courts in other circuits have awarded fees under Rule 38 where they found that the court of appeals might make a determination that the appeal was frivolous, courts in the Second Circuit have found that "the imposition of sanctions is a question for the Court of Appeals to determine." *In re Currency Conversion,* 2010 U.S.Dist. LEXIS 27605, at *8-9; [further citations]. . . . Although the Plaintiffs characterize several of the attorneys involved in this appeal as "professional objectors," I do not find that they have exhibited any bad faith or vexatious conduct in filing this appeal or in the litigation in general. Merely characterizing some of

3

the attorneys as "professional objectors" without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough. . . .  For the reasons stated above, the Plaintiffs' motion to require Objectors-Appellants to Post an Appeal Bond is DENIED.  The clerk of the Court is instructed to close the motion and remove it from my docket.

      3.    *Hartless v. Clorox Company,* 06-cv-02705-CAB, Doc. 131, (S.D.Cal.) 5/6/11
Plaintiff requested an order requiring objectors Sonia Newman, Omar Rivero and Sam Cannata to jointly and severally post an appeal bond in the amount of **$7500** to cover appellee's costs on appeal.  During the hearing, the Court questioned whether the amount requested was **excessive.**  Ms. Menhennet then represented on behalf of objector Newman that, in lieu of an appeal bond, Ms. Newman would be willing to make a $3,000 payment to plaintiff's counsel's client trust account, to be held as security towards any appellate costs ultimately recovered by plaintiff.  That agreement was acceptable to plaintiff.  Therefore, the Court hereby **DENIES** plaintiff's motion for an appeal bond.  (Emphasis by Court.)

      4.    *In re: Bisphenol-A Polycarbonate Plastic Products Liability Litigation,* MDL 1967, (W.D.Mo.), 7/26/11
The Objectors to the recent settlement have appealed the Court's final approval. Plaintiffs and the settling Defendant ask the Court to require the Objectors to post a bond in the amount of $25,000.  The Motion is denied.  Rule 7 of the Federal Rules of Appellate Procedure state that "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  The Parties provide no justification for the amount of the bond **beyond their intense dislike for objectors in general and these Objectors in particular.**  In fact, while the Objectors have suggested a lesser amount might be appropriate, the Court does not believe a bond is "necessary to ensure payment of costs on appeal."  (Emphasis added.)

These are just four examples of courts refusing to buy into any of the forthcoming personal animus toward "professional objectors."  For these reasons alone, the request can be denied.

## II.  PLAINTIFFS' REQUEST FOR DELAY DAMAGES IS UNSUPPORTABLE.

The bulk of Plaintiffs' appeal bond request is tied to purported "delay" damages due to obsolescence of the benefit to the class, and inflation.  This request is unsupportable.

### A. Plaintiffs Cite No Underlying Statute Which Supports An Award Of Delay Damages.

Plaintiffs cite no authority for their arguments to increase the bond amount for delay expenses.  Such actual authority exists only in cases where a fee shifting statute involved.  The court in *Adsani v.*

*Miller,* 139 F.3d 67 (2d Cir. 1998), held "Damages resulting from delay of settlement administration and attorneys' fees also may be included in a Rule 7 bond if the substantive statute underlying the action includes a fee-shifting provision that allows such costs to be awarded to the prevailing party." *See In re Initial Public Offering Sec. Litig.,* 728 F.Supp.2d 289, 292 n.13 (S.D.N.Y. 2010)(citing *Adsani*). The requirement of a fee-shifting statute was corroborated in the same footnote in *Public Offering,* in the case of *In re Air Cargo Shipping Svcs. Antitrust Litig.,* 2010 WL 1049269 at *2, "noting that damages resulting from delay or disruption of settlement administration caused by frivolous or vexatious appeals may be appropriate **where the relevant underlying statute** provides for awarding costs incident to delay on appeal." *Id.* at 292 n.13 (emphasis added). Plaintiffs have offered no underlying statute authorizing this fee shifting or damages for delay on appeal.

Plaintiffs point to a $170,000 bond order by Judge Ann Montgomery in the District of Minnesota in the *Uponor* case[1] including potential delay costs, but that amount was summarily reduced to $25,000 by the Eighth Circuit Court of Appeals upon review of objector's motion for stay of the bond order dated September 28, 2012. *In re Uponor Inc. F1807 Plumbing Fittings Products Liability Litigation,* Case No. 12-2761..

**B.  The Settlement Has Not Taken Effect, So Benefits Have Not Yet Accrued.**

The Fifth Circuit Court of Appeals reviewed and rejected a similar request for delay damages in *Vaughn v. American Honda Motor Co., Inc.,* 507 F.3d 295 (5th Cir. 2007). The requested bond was $150,000 for a "frivolous appeal" filed by objectors. Part of the request included bond money to account for delay in disbursement of the settlement amount. The court pointed out that a bond is not appropriate to protect the class when "the settlement does not become effective, by its terms, until any

---

[1] Judge Montgomery not only erred in ordering an excessive bond, she also didn't miss an opportunity to criticize the important and congressionally mandated role of objectors and their attorneys inconveniencing her approval process.

5

appeals are concluded.  The parties to the settlement thus agreed that the financial time-value of the benefits to be paid under the settlement is not to be awarded to the plaintiffs." 507 F.3d at 299.  As Plaintiffs admit, the settlement here does not become effective until the appeals are concluded. (Docket No. 148-1, p 10)  Accordingly, the settling parties understood, and likely anticipated, that appeals would be taken from the settlement approval, and still incorporated the finality provision as stated.  They therefore anticipated that the benefits would be tied up potentially for two years.  It is improper to now penalize class members for this anticipated potential result, as stated by the court in *Vaughn*.

In fact, because the settlement provides that benefits are not payable UNTIL the appeals process has been finalized, the benefits to the class have not actually accrued.  Without accrued benefits, **there are no damages to the class.**  Therefore, Plaintiffs can claim no "damages" stemming from any delay. No benefits are payable.  Perhaps, given the extremely "time-sensitive nature" of the benefits provided for herein, and the anticipated appeals and delay in disbursement, the settling parties should have explored benefits which would have been more useful to the class upon disbursement.

### III.   THE APPEAL IS NOT FRIVOLOUS.

This is not a frivolous appeal.  The final approval order awards an extraordinary amount of attorney fees without making any specific findings that would even support a lesser award.  That and the other grounds for objection and appeal were made in good faith.

### IV.   OBJECTORS' COUNSEL WOULD BE WILLING TO PAY REASONABLE RULE 39 COSTS IF THE COURT DETERMINES THAT A BOND WOULD BE APPROPRIATE

Objectors contend that if anticipated costs are available in any amount, that these costs should be limited to those costs defined in Federal Rule of Appellate Procedure 39, which essentially include the costs of copying the record (Rule 39(c)).   Plaintiff's claim the cost of the record will not exceed $15,000. (Motion at 2).  But Plaintiffs do not provide any explanation of the projected $15,000 figure. Objectors have offered plaintiffs' counsel a $3,000 deposit in their trust account to cover such costs.

6

This same $3,000 devise has worked well in other appeals from this district and eliminates the task of bond calculation for the court. Plaintiffs' have provided no examples of similar cases where actual costs on appeal came even close to $15,000. And without such, objectors' can easily cover such costs WITHOUT imposition of a bond, nullifying this ground for imposing an appeal bond, as the court found in the *Sirius* case discussed above.

## V.   CONCLUSION

The request for an appeal bond by Plaintiffs appears motivated by one reason: to chill the right of class members to object. Overruling objections does not eliminate or provide barriers to appeals. It bears noting that the Court did NOT find the objections to be frivolous in its Final Order, despite Plaintiffs' best efforts to characterize them as such. The request for bond should be denied in its entirety.

LAW OFFICES OF DARRELL PALMER

Dated:   December 3, 2012           By:   /s/ Joseph Darrell Palmer
                                                Joseph Darrell Palmer
                                                Attorney for Objectors/Appellants Eric B. Nelson and Mary M. Smith

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2012, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of California by using the USDC CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system.

　　　/s/ Joseph Darrell Palmer　　　
Joseph Darrell Palmer
Attorney for Objectors