Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619)  297-1022

Douglas J. Campion, Esq. (SBN: 75381)
doug@djcampion.com
**LAW OFFICES OF DOUGLAS J. CAMPION**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina M. Adams, Sarah Gabany, and Michael Messner, on Behalf of Themsleves and All Others Similarly Situated<br><br>Plaintiffs,<br>v.<br>AllianceOne Receivables Management, Inc.,<br><br>Defendant. | Case No: 08-CV-0248 JAH(WVG)<br><br>**CLASS ACTION**<br><br>**CLASS PLAINTIFFS' REPLY TO OBJECTORS ERIC B. NELSON, MARY M. SMITH AND GRODON B. MORGAN TO MOTION FOR APPEAL BOND**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>**Date: December 17, 2012**<br>**Time: 2:30 p.m.**<br>**Crtrm: 11**<br><br>**Judge: Hon. John A. Houston** |

## I. INTRODUCTION

Objectors/Appellants (now all commonly aligned and represented, and hereinafter referred to as "Objectors") submit a joint memorandum in opposition (Dkt No. 156) to Plaintiffs' proper motion for an appeal bond. Courts tend disapprove of professional objectors as they seldom add anything to the class, and instead merely provide a payday for the objectors. Counsel for objectors here remained "hidden in the brush" until Plaintiffs forced them to reveal themselves by the filing of a motion for an appeal bond. Three separate "pro per" objections were made in this matter, by Mary M. Smith; Eric B. Nelson; and Gordon B. Morgan. There is a question as to Mr. Morgan's knowledge as the telephone number listed on his pro per objection is not valid and appears to be that of out of state attorney, and professional objector, Christopher Bandas, of Corpus Christi, Texas.[1] Following this Court's overruling of these objections, and granting final approval of the class action settlement and the request by Class Counsel for attorney's fees and costs, two separate "pro per" appeals were filed before the settlement became effective.[2]

Objectors oppose Plaintiff's request for a $64,536.69 appeal bond, but never argue that such a band would be a hardship. Nor do they dispute that two of the three objectors, and one objector attorneys (Bandas) live outside of California. Thus two of the three factors for imposing a bond remain uncontested.

Objectors, in fact, appear to agree that an appeal bond is appropriate. They recognize that it is highly likely that a bond will be ordered in this case, but attempt to cut the court off at the pass by offering the de minimus, but unsupported, amount of $3,000 to Class Counsel to hold pending the appeal. [Amended Opposition at § IV, p. 6]. Objectors concede that Plaintiffs would be entitled to costs, but attempt to convince the court that, "several courts have recently specifically declined to impose an appeal bond in objector situations." [Amended Opposition at

---

[1] Plaintiffs' counsel has doubts that Gordon B. Morgan has any real knowledge of this matter as the telephone "he" listed on his pro per objection is not valid and appears to be a front for his out of state attorney and professional objector, Christopher Bandas, of Corpus Christi, Texas, not admitted pro hac vice in this action but has filed the Notice of Appeal.

[2] USCA, 12-56957 was filed by objector Morgan, now represented by attorney and professional objector Christopher Bandas [Appellate Docket No. 3]. USCA was filed by objector Nelson (a San Diego resident) and Smith (a Texas resident), by professional objector Darrell Palmer [Dist. Docket No. 156].

p. 3 (Emphasis in original by Objectors)].   Objectors leave from their list *Conroy v. 3M Corp.*, 2006 U.S. Dist. LEXIS 96169 (N.D. Cal. Aug. 10, 2006), where the court ordered an appeal bond of $431,167 against counsel and objector.  This omission is noteworthy here because the attorney against whom the bond was imposed in *Conroy*, Christopher Bandas, is an attorney here, representing objector Morgan.

More recently, in *Embry v. ACER America Corp.*, C 09-01808 JW (N.D. Cal. June 5, 2012), the court imposed a $70,650 bond to be posted within 14-days after the order in a similar situation as here.  Again, the $70,650 was ordered against the objector, again, represented by Christopher Bandas.  Objectors apparently hoped the court would not be aware of these cases.

Objectors express concern that an appeal bond will chill their "right to appeal."  In support of this argument, they cite several inapposite cases.  They generally contend, without addressing Plaintiffs' arguments, that the amount of the requested appeal bond is unfair and contrary to law, but they do nothing to establish that there is any reason for their appeals, other than to attempt to extort money for themselves, at the expense of the class.

Objectors are also quite concerned that an appeal bond will chill their "right" to appeal.  In support of this argument, they cite several inapposite cases.  They also generally contend, without adequately addressing any of Plaintiffs' arguments, that the amount of the requested appeal bond is unfair and contrary to law. But they do nothing to establish that there is any reason for their appeals, other than to attempt to extract  money for themselves, at the expense of the Class.[3]   In sum, all of their arguments are either incorrect as a matter of law and fact or simply irrelevant.  There, Plaintiffs respectfully request that this Court  impose an appeal bond for $64,536.69.

II.   **ARGUMENT**

   A.   **OBJECTORS HAVE NOT PROVIDED ANY REASON TO BELIEVE THEIR APPEAL HAS MERIT**

In determining whether to impose a bond, the Court is to look at, *inter alia*, (i) the merits

---

[3] Recently, at the ABA National Institute on Class Actions program in New York City, in October of 2011, one on the professional objectors in this case, Darrell Palmer, referred to his constant objecting in class actions as a "hobby," and stated that the only way to stop this practice is to stop paying off objectors.  This is the "profession" these objectors are in; the filing of *pro forma* objections to class actions in an attempt to extort money under the guise of protecting consumers.

of the appeal, and (ii) whether the appellant has shown bad faith or vexatious conduct. *See Fleury v. Richemont North America, Inc.*, No. C-05-4525 EMC, 2008 U.S. Dist. LEXIS 88166, at *6 (N.D. Cal. Oct. 21, 2008). Objectors contend that their appeals are not frivolous or vexatious, but provide no factual or legal support for such a contention. Indeed, they fail to identify even one purported error by this Court that justifies an appeal. In passing, Objectors assert the Court failed to make "any specific findings" which would support the award of attorney fees. [Amended Opposition at p. 6]. Objectors counsel Mr. Palmer, while local to San Diego, failed to appear before the Court at the final approval hearing, but if he had, he would have found that the Court made very thoughtful and detailed findings why the attorneys fees sought were justified. Nor do they cite even one case that would support a claim of error.[4]

Objectors have no justification for appeal, and fail to provide even a semblance of one to the court. Objectors merely make the bold assertion that "the Court did NOT find the objections to be frivolous in its Final Order..." [Amended Opposition at p. 7]. Objectors did not intervene in this matter, hid their counsel until they were forced to appear by responding to this Motion, have had no involvement in this matter until their appeal, and have no information about the proceedings in this case. They fail to identify even *one* purported error by this Court that justifies an appeal, and fail to cite even *one* case that would support a claim of error.

**B. OBJECTORS' COUNSEL ARE PROFESSIONAL, SERIAL, OBJECTORS**

There is a reason why Objectors' Counsel purposefully hide behind their "pro per" clients; Objectors' Counsel are serial objectors who have a history of filing frivolous appeals and attempting to extract money in settlement to avoid opposing a frivolous appeal. Plaintiffs' Counsel is aware of a large number of cases in which similar objections by the same objectors counsel were overruled, but has not been able to determine how much money was paid to these objectors in exchange for them dismissing or abandoning their appeals. In many of the cases, the

---

[4] In passing, Objectors assert the Court failed to make "any specific findings" which would support the award of attorney fees. [Amended Opposition at p. 6]. Objectors' counsel Palmer, while local to San Diego, could not be bothered with facing the Court at the final approval hearing, but if he had, he would have found that the Court made lengthy and detailed findings orally and on the record why the attorneys fees sought were justified. That is of course sufficient under 9th Circuit law.

underlying objections are very similar to those made in this case.[5]

Objectors' Counsel cannot dispute any of the evidence that Plaintiffs have found concerning their bad faith and vexatious conduct. Now that Objectors' counsel has made an appearance, they cannot deny that they have filed almost identical objections in numerous other cases and that courts reject them.

The Court will recall that the actual objections here were perfunctory in nature and that no objector appeared at the final approval hearing. In a similar case, *In re Pharmaceutical Industry Average Wholesale Price Litig.*, 520 F. Supp. 2d 274, 278 (D. Mass. 2007), the district court imposed an appeal bond on the objector because the objection "was perfunctory, stating without argument or briefing that the proposed settlement class should not be certified" and because "[n]either the objector nor her counsel appeared at the hearing to explain the objection." *Id*. at 278. The court explained that, "[r]equiring objectors to post a bond will ensure that a class litigating a frivolous appeal will not be injured or held up by spoilers." *Id*.

Other courts in this judicial district within California have found these very objectors to repeatedly have made "unfounded" objections to a class settlement. *See, e.g., Conroy v. 3M*

---

[5] Mr. Palmer has unsuccessfully represented objectors in the following cases: *Smith et al v. Wal-Mart Stores, Inc.*, 4:06-cv-02069-SBA (N.D. Cal. Sept. 7, 2010, Dkt.# 409; Dkt.## 426, 438); *Yeagley v. Wells Fargo & Company et al.*, 3:05-cv-03403-CRB (N.D. Cal. June 8, 2007, Dkt.# 110; Dkt.## 135, 142); *In re: Static Random Access Memory (SRAM) Antitrust Litigation*, 4:07-md-01819-CW (N.D. Cal. Sept. 1, 2011, Dkt.# 1385; Dkt.## 1391, 1393, 1408); *Sullivan v. Kelly Services, Inc.*, 4:08-cv-03893- CW (N.D. Cal. July 25, 2011, Dkt.# 117; Dkt.# 144); *Kramer v. Autobytel Inc et al.*, 4:10-cv-02722-CW (N.D. Cal. Jan. 5, 2012, Dkt.# 128; Dkt.# 148); *Chuck Browning v. Yahoo!, Inc.*, 5:04-cv-01463-HRL (N.D. Cal. May 15, 2007, Dkt.# 159: Dkt.# 200); *In re Mercury Interactive Securities Litigation*, 5:05-cv-03395-JF (N.D. Cal. Jan. 13, 2011, Dkt.# 401; Dkt.# 416); *The NVIDIA GPU Litigation*, 5:08-cv-04312-JW (N.D. Cal. Nov. 5, 2010, Dkt.# 296); *Fiori et al v. Dell, Inc, et al*, 5:09-cv-01518-JW (N.D. Cal. Feb. 21, 2011, Dkt.# 212; Dkt.# 216); *Yingling et al v. eBay, Inc.*, 5:09-cv-01733-JW (N.D. Cal. Feb. 14, 2011, Dkt.# 212; Dkt.# 218); *In re MagSafe Apple Power Adapter Litigation*, 5:09-cv-01911- JW (N.D. Cal. Jan, 6, 2012, Dkt.# 86); *In Re: Wachovia Corp.*, 5:09-md-02015-JF (N.D. Cal. Mar. 10, 2011, Dkt.# 124; Dkt## 207, 210; *In re: Google Buzz Privacy Litigation,* 5:10-cv-00672-JW (N.D. Cal. Jan. 10, 2011, Dkt.# 179; Dkt.# 128). He has also represented himself in pro per in a number of objections, none of which were successful. *See, e.g., Berger v. Property I.D. Corp.*, Case No. 05-5373 GHK (C.D. Cal. Jan. 28, 2009, Dkt.# 899, 900); see also, *In re: Uponor, Inc.*, 11-MD-2247 ADM/JJK (Minn. Sept. 11, 2012)(the court found Palmer's objectors has having evidenced bad faith and vexatious conduct because Palmer's objectors were not even class members, yet he filed an appeal on their behalf). Order at p. 5; Decl. J. Swigart, Ex. B. <u>Most recently, and noteworthy,</u> *Arthur v. Sallie Mae, Inc.*, C10-198JLR (W.D. Wash., 2012) (finding Palmer filed false declarations with the Court and referenced as a "professional" [objector] and "not in any favorable sense). Transcript, page 16 and attached to the declaration of J. Swigart, Ex A.

Attorney Bandas has unsuccessfully represented objectors in the following cases: *Smith et al v. Wal-Mart Stores, Inc.*, 4:06-cv-02069-SBA (N.D. Cal. Sept. 9. 2010, Dkt.## 409, 419, working with Mr. Palmer); *In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 4:02-md-01486-PJH (N.D. Cal. Oct. 3, 2006, Dkt.# 1081); *Conroy, et al v. 3M Corporation, et al*, 4:00-cv-02810-CW (N.D. Cal. Feb. 3, 2006, Dkt.## 216, 217, 238); *Wilson v. Airborne, Inc.*, 2008 U.S. Dist. LEXIS 110411 (C.D. Cal. Aug. 13, 2008); and *Fleury et al v. Cartier International et al*, 3:05-cv-04525-EMC (N.D. Cal. Mar. 18, 2008, Dkt.## 220. 221, 278).

*Corporation, et al.,* Case No. C00-2810 CW (N.D. Cal. Aug. 10, 2006).  In the *Conroy* case, the Bandas Law Firm objected to a class settlement and plaintiffs moved for the imposition of an appeal bond.  Judge Wilken ordered the Bandas Law Firm, jointly with another objector, to post an appeal bond in the amount of $431,167.00.  Judge Wilken explained that "the Bandas Law Firm['s] objections to the proposed settlement were unfounded" and that its appeal was "unlikely to succeed."  Darrell Palmer is no different. In a case involving Palmer, the court found objector's appeal "to be frivolous, unreasonable and groundless." *See, e.g., Gemelas v. Dannon Co.*, 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010) (finding $275,000 appeal bond appropriate and granting leave to conduct discovery.)

C.   **OBJECTORS ARE ABLE TO PAY FOR A BOND AS THEY DO NOT DISPUTE THIS ELEMENT**

In assessing whether Objectors can afford to pay for an appeal bond, courts assess whether there is any "indication that [a] plaintiff is financially unable to post bond." *Fleury v. Richemont North America, Inc.*, 2008 U.S. Dist. LEXIS 88166, at *6.  In this instance, there is no indication that Objectors are financially unable to post a bond, and plaintiff's counsel suggests they could use the money extorted from other class action objections.  It is the appellants' burden to prove financial inability. *See Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, No. 04-CV-74891-DT, 2008 U.S. Dist. LEXIS 45726, at *7 (E.D. Mich. June 12, 2008) ("There is no indication that plaintiff is financially unable to post bond, and thus this factor weighs in favor of a bond.").  Objectors' Opposition does not contest this element requiring an appeal bond.  This element is uncontested and therefore satisfied.

D.   **THIS COURT HAS THE AUTHORITY TO IMPOSE A SIGNIFICANT APPEAL BOND**

Objectors next contend that this Court does not have the authority to impose an appeal bond in the requested amount.  They pin their hopes on *Azizian v. Federated Department Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007).  This case is inapposite to the request here.

Objectors cites *Azizian* for the proposition that only the Ninth Circuit may determine whether an appeal is frivolous.  Objectors overlook the fact that Plaintiffs expressly excluded from their requested bond any amount for attorneys' fees. Plaintiffs only request (1) the estimated

cost to the class of $15,000 in connection with preparation of the record on appeal and transcript costs; (2) estimated cost to the class of $6,536.69 in lost interest resulting from the delay caused by the appeal;[6] and (3) estimated additional claims administrator costs of $56,500 that will be incurred as a result of the appeal.

Objectors know Plaintiffs are not seeking a bond for fees, but they nevertheless cite *Azizian* for the proposition that only the Ninth Circuit may determine whether an appeal is frivolous. In *Azizian*, the district court concluded that the Ninth Circuit was likely to find an appeal on the merits frivolous and to award attorneys' fees as a sanction under Rule 38. It accordingly imposed a bond that included an amount for *attorneys' fees* for the frivolous nature of the appeal. The Ninth Circuit rejected this approach. It held that "a district court may not include in a Rule 7 bond appellate attorney's fees that might be awarded by the court of appeals if that court holds that the appeal is frivolous under Federal Rule of Appellate Procedure 38." *Azian* 499 F.3d at 960. The Court expressed a concern that permitting the imposition of large, indeterminate bonds for attorneys' fees where the appeals might be found frivolous risks "impermissibly encumber[ing]" appellants' right to appeal and "effectively preempt[ing] this court's prerogative" to make its own frivolousness determination. *Id*. at 961.

*Azizian* is inapposite because Plaintiffs do not seek a bond for any attorneys' fees, nor do Plaintiffs seek a bond based on a finding of frivolousness. Rather, Plaintiffs seeks a bond for delay damages and costs. In other words, Plaintiffs' request does not hinge on this Court, or the Court of Appeal, determining if these appeals will be adjudged frivolous, but rather only on the proper factors of whether or not the appeals are likely to succeed on the merits. Unlike the district court in *Azizian*, Plaintiff does not ask this Court to award a bond amount to punish objectors for pursuing a frivolous appeal, but rather to ensure that the class members will be made whole when objectors' appeals are finally rejected.

Objectors nevertheless claim that the bond will "chill out the objectors," and as such Objectors assert that appeal bonds are disfavored. Objectors fail to point out to the Court all of

---

[6] The estimate of $6,536.69 is based on an 18-month appeal period and the interest rate prescribed for judgments.

the cases where hefty appeal bonds were imposed - including against these very objectors[7] - preferring the four cases that Objectors could locate, from around the country, where appeal bonds were rejected.  These cases are easily distinguished.

In *Blessing v. Sirius XM Radio Inc.*, 2011-2 Trade Cas. (CCH) P77,699 (S.D.N.Y. Nov. 22, 2011), the Court denied a request for a $200,000 bond.  But in that case the request, like *Azizian,* was for a bond covering attorneys' fees on appeal.  Again, Plaintiffs do not seek such a bond.  Further, the Court there found no evidence of "a significant risk of nonpayment or that the Objectors have engaged in bad faith or vexatious conduct."  Here, Objectors do not contest the risk of nonpayment, and there is detailed evidence of frivolous filings with no intent to benefit the class.

In *Hartless v. Clorox Company*, 06-cv-2705, CAB, Dkt.# 131, (May 6, 2011) (S.D. Cal.), plaintiff's request for a bond was denied because the plaintiff accepted objector's counsel offer to make a $3,000 payment to plaintiff's counsel's trust account.  Here, Objectors attempt to align themselves with *Hartless*, by informing they Court that they made a similar $3,000 offer to Plaintiffs' counsel.  The $3,000 offer was **rejected**, as being wholly inadequate to protect the necessary costs which will be incurred on appeal and to adequately protect the interests of the Class, as that amount will be in the tens of thousands.  This is contrary to *Hartless*.

Finally, in *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, MDL No. 1967, Dkt.# 763 (July 26, 2011) (W.D. Mo), the Court denied the bond because it found that some of the issues "are novel and are worthwhile subjects of an appeal." That is certainly not the case here.  Indeed, Objectors do not identify even one contention that they will make on appeal that has not already been rejected by the Ninth Circuit, certainly none of those are novel objections.

//

---

[7] Palmer fails to mention one case in which Bandas was involved in, *Gemelas v. Dannon Co.*, 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010). where the *Dannon* Court found a $275,000 appeal bond appropriate against Bandas and granted leave to conduct discovery.  *See also, e.g., Conroy v. 3M Corporation, et al.*, Case No. C00-2810 CW (N.D. Cal. Aug. 10, 2006) (finding that "the Bandas Law Firm['s] objections to the proposed settlement were unfounded" and that its appeal was "unlikely to succeed."); *see also In re Wal-Mart Wage & Hour Empl. Practices Litig.*, 2010 U.S. Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010).

### E. IT IS APPROPRIATE TO INCLUDE DELAY DAMAGES OF $6,536.69 IN THE AMOUNT OF THE BOND

Objectors next argue that Plaintiffs' request for delay damages is unsupportable because there is no underlying "fee shifting" statute involved under which delay damages could be treated as costs. Objectors further claim that no "delay damages" can be awarded in the first instance, because the settlement benefits to the class have "not yet accrued" so there is no delay. These arguments are unavailing.

To begin with, the imposition of a bond for delay does not require that Plaintiffs' action include a fees shifting statute to fall under the definition of "costs." *See In re Checking Account Overdraft Litig.*, 2012 U.S. Dist. LEXIS 18384 (S.D. Fla. Feb. 14, 2012) (finding a "highly detrimental impact of an appeal as to the entire class renders it appropriate for the Court to require any and all Objector-Appellants to post an appeal bond" for $616,338 bond without reference to cost shifting statute); *In re NASDAQ Market- Makers Antitrust Litig.*, 187 F.R.D. 124 (S.D.N.Y. 1999) (imposing a $526,100 bond for delay costs without regard to cost shifting statute); *In re Wal-Mart Wage & Hour Empl. Practices Litig.*, 2010 U.S. Dist. LEXIS 21466 (D. Nev. Mar. 8, 2010) ($500,000 appeal bond imposed against Bandas client without regard to underlying costs shifting statute); *Allapattah Servs., Inc. v. Exxon Corp.*, No. 91-0986-CIV, 2006 WL 1132371, at *18 (S.D. Fla. Apr. 7, 2006) (requiring "an appeal bond in an amount sufficient to cover the damages, costs and interest that the entire class will lose as a result of the appeal."); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2003 WL 22417252, at *2 (D. Me. Oct. 7, 2003) (requiring objector to class action settlement to post $35,000 appeal bond because "damages resulting from delay or disruption of settlement administration caused by a frivolous appeal may be included in a Rule 7 bond").

And Objectors do not challenge Plaintiffs' delay costs calculations or supporting evidence but rather contend that delay damages are only available in cases where a fee/cost shifting statute exists. As supported by the cases cited above, Objectors arguments lack merit.

Objectors finally contend that a bond is not appropriate for delay damages because the settlement benefits have not yet accrued to class members. The argument is contrary to all of the

1  above cited cases. The case Objectors cites in support of this proposition, *Vaughn v. Am. Honda*
2  *Motor Co.*, 507 F.3d 295 (5th Cir. 2007), is an outlier that this Court should not follow.

3      **F.  IT IS APPROPRIATE TO INCLUDE ADMINISTRATIVE COSTS OF $56,500 IN THE**
4          **AMOUNT OF THE BOND**

5      In the motion, Plaintiffs established that the pendency of the appeal will cause the claim
6  administrator to incur at least $56,500 in additional costs, to maintain and operate the call center
7  and the handling of communications with Class Members during the pending appeal process, as
8  well as maintaining the settlement website. Solorzano Bond Dec. at ¶ 2 (filed in support of
9  Motion for Appeal Bond). Objectors do not address, nor object to, the reality that these increased
10 administration costs will be incurred by the Class during the pendency of this appeal. Nor do
11 they dispute the evidential showing as to the amount that will be incurred. Numerous cases have
12 awarded amounts for the administrative cost—such as additional notice costs—irrespective of the
13 type of settlement. *See, e.g., In re Broadcom Corp. Secs. Litig.*, 2005 U.S. Dist. LEXIS 45656 at
14 *11-12 (ordering bond of $517,700 based on claims administrator's estimate of additional such
15 notice costs to class members). The $56,500 amount should be included in the bond here.

16     **G.  IT IS APPROPRIATE TO INCLUDE OTHER COSTS OF $15,000 IN THE AMOUNT OF THE**
17         **BOND TO COVER THE PREPARATION OF THE RECORD.**

18     Objectors admit that a bond can be imposed for certain costs. Objectors know that total
19 costs on appeal will exceed $3,000.00 and Courts routinely set bond for the costs on appeal well
20 over $3,000. In fact, much larger amounts are often ordered bonded, even for these more "run-of-
21 the-mill" costs. *See, e.g., Conroy v. 3M Corp.*, 2006 U.S. Dist. LEXIS 96169 (N.D. Cal. Aug. 10,
22 2006) (awarding $431,167 bond including an estimated $7,500 in taxable costs); *In re Wachovia*
23 *Corp. "Pick-APayment" Mortg. Mktg. & Sales Practices Litig.*, 2011 U.S. Dist. LEXIS 92293
24 (N.D. Cal. Aug. 18, 2011) (awarding bond including an estimated $15,000 in taxable costs); *In re*
25 *Initial Pub. Offering Secs. Litig.*, 2010 U.S. Dist. LEXIS 64348 (S.D.N.Y. June 28, 2010) (same
26 for $25,000). As Objectors do not dispute the evidence provided by Plaintiffs that costs on appeal
27 for the preparation of the record and transcript will be as stated in Plaintiffs' opening brief, or
28     //

provide a basis why they believe a lesser amount should be required, this amount should be included in the bond.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs requests that the Court impose, joint and severally, against attorney Christopher Bandas, and the Law Offices of Darrell Palmer, and/or their clients, a $64,536.69 appeal bond.  Further Plaintiffs' Counsel requests oral argument in this matter.

Respectfully submitted,

**HYDE & SWIGART**

Date: December 10, 2012         By: _/s Joshua B. Swigart_____
                                    Joshua B. Swigart
                                    Attorneys for Plaintiffs


**LAW OFFICES OF DOUGLAS J. CAMPION**

Date: December 10, 2012         By:_ Douglas J. Campion_____
                                    Douglas J. Campion
                                    Attorneys for Plaintiffs