Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619)  297-1022

Douglas J. Campion, Esq. (SBN: 75381)
doug@djcampion.com
**LAW OFFICES OF DOUGLAS J. CAMPION**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina M. Adams, Sarah Gabany, and Michael Messner, on Behalf of Themsleves and All Others Similarly Situated<br><br>Plaintiffs,<br>v.<br>AllianceOne Receivables Management, Inc.,<br><br>Defendant. | Case No: 08-CV-0248 JAH(WVG)<br><br>**CLASS ACTION**<br><br>**CLASS PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>**Date: January 7, 2013<br>Time: 2:30 p.m.<br>Crtrm: 11**<br><br>**Judge: Hon. John A. Houston** |

Plaintiffs herein move for administrative relief granting them permission to depose and seek documents from Christopher Bandas, Esq., Joseph Darrell Palmer, the Custodian of Records for the Bandas Law Firm, P.C., and the Law Office of Darrell Palmer.  Copies of the subpoenas that we propose to serve are attached to the Declaration of Joshua B. Swigart in Support of Motion for Administrative Relief  ("Swigart Decl.") as Exhibits B and C.

I.     INTRODUCTION

About 6 million direct mail notices were sent out regarding millions of illegal automated cellular telephone calls made to consumers all in violation of the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227 and the only appeal to the settlement, which was given final approval by this Court, were made by "professional" objectors, Christopher Bandas and Joseph Darrell Palmer.  During the pendency of the action in the district court, "pro se" objections were made by a Mary M. Smith, Eric B. Nelson, and Gordon B. Morgan (Collectively "Objectors").[1] These objectors were in actualit represented by serial objectors Bandas and Palmer.  These "legal professionals" hoped to hide behind their clients through the unethical practice of ghost writing briefs and having their clients file them "*pro se*,"[2] but Plaintiffs' Counsel was able to force them to step out from behind the curtain when Plaintiffs filed for an appeal bond, which is currently pending before this court.

This motion focuses on discovery needed only to prove to the Court of Appeal that the objectors have a practice of making frivolous objections and bringing appeals for improper purposes.  Judges in this District and elsewhere have repeatedly found Mr. Palmer and Mr. Bandas to have made frivolous objections, and it appears that they have made it their practice to automatically appeal from those District Court rulings in order to delay the class action settlement and extract fees from the parties.  It further appears that in virtually every case, the objectors have dismissed or abandoned the appeals before they could be heard and without obtaining any

---

[1] Plaintiffs' counsel has doubts that Gordon B. Morgan has any real knowledge of this matter as the telephone "he" listed on his pro per objection is not valid and appears to be a front for his out of state attorney and professional objector, Christopher Bandas, of Corpus Christi, Texas.

[2]  See Ethical Implications of Ghostwriting, *Carole J. Buckner, Chief Academic Officer of Abraham Lincoln University and Dean of the School of Law, and member of LACBA's Professional Responsibility and Ethics Committee*, Los Angeles County Bar Association, September 2012 • Vol. 32 No. 8.

changes to the settlement. Plaintiffs need discovery to determine 1) whether Mr. Bandas or Mr. Palmer have received money to dismiss or abandon those appeals, and if so the circumstances surrounding the appeal and payment; 2) whether Mr. Bandas or Mr. Palmer has ever previously been accused of and/or sanctioned for filing frivolous objections and appeals, and the nature of those accusations and/or findings; 3) whether there is a bona-fide attorney-client relationship between Mr. Bandas and his purported objectors as well as between Mr. Palmer and his purported two objectors, as would be reflected in a written retainer agreement; and 4) whether the appeal process is being used to violate professional rules of conduct regarding sharing of attorneys' fees that may have been offered or promised to the objectors in connection with the pursuit of the objection and appeal.

In nearly identical circumstances, Judge Wilken granted similar motions for discovery against these same objector's counsel.   However, when faced with these motions the objections were immediately withdrawn and the discovery was never taken. *See Sullivan v. Kelly Services, Inc.*, 4:08-CV-03893-CW (N.D. Cal. Aug. 03, 2011, Dkt# 121 (ordering discovery), Aug 5, 2011, Dkt.# 122 (withdrawing objections); *In re: Static Dandon Access memory (SRAM) Antitrust Litigation*; 4:07-md-01819-CW (N.D. Cal. Sept. 23, 2011, Dkt #1414 (objector refused to appear for deposition; motion for sanctions was filed and Mr. Palmer appears to have abandoned the objections.); *Kramer v. Autobytel Inc, et al*, 10-cv-02722-CW (N,.D. Cal. Jan. 12, 2012)(ordering objectors to appear for deposition and produce documents); Jan. 23, 2012, Dkt# 143 (withdrawing objections)).

**II.    PROCEDURAL BACKGROUND**

On April 23, 2012, this court granted the parties Joint Motion for Preliminary Approval of Class Action Settlement. Shortly thereafter, Plaintiffs caused notice to be sent out to millions of effected class members. Tens of thousands of claims were made. Only eight objections, out of the millions of notices sent, were received by the Court. Three of those apparent "pro se" objectors were Smith, Morgan and Nelson. The Court granted final approval of the class action settled on September 28, 2012, ten days after a hearing resulting in a lengthy and involved analysis on the record on the benefits of the class and the reasonableness of the attorneys fees

sought.

A few days before the appeal period was set to run, two sets of appeals were filed. Nelson and Smith (a San Diego resident and a Texas resident, respectively), filed a joint appeal in "pro se." Morgan then filed a separate appeal apparently in "pro se." Attorneys Palmer and Bandas, who actually represented these three objectors hid behind their clients in those filings.[3] This deception would have continued, likely until an opening brief was due, but Plaintiffs' Counsel filed a motion for appeal bond, which forced Palmer and Bandas to surface. That motion is pending, but now Plaintiffs' counsel seek from the court an order to allow the necessary discovery to establish that Palmer's and Bandas' appeal are 1) frivolous, and 2) support a pattern and practice of extracting money from Class Counsel or face a frivolous appeal.

This deception would have continued, likely until an opening brief was due, but Plaintiffs' Counsel filed a motion for appeal bond, which forced Palmer and Bandas to surface. That motion is pending, but now Plaintiffs' counsel seek from the court an order to allow the necessary discovery to establish that Palmer's and Bandas' appeal are 1) frivolous and unethical, and 2) support a pattern and practice of extorting money from Class Counsel or face a frivolous appeal.

In its September 28, 2012 order granting final approval, the Court retained exclusive jurisdiction over the Parties and all matters relating to this case and/or Settlement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and the [Final Approval] Order.   [Dkt. No. 137, ¶ 13].   Consequently, this court has ample authority to grant this request.

### III.  ARGUMENT

Federal Rule of Civil Procedure 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court" with certain inapplicable exceptions provided in Rule 30(a)(2). "Although Courts do not usually allow discovery from absent class members, the rules pertaining to such discovery are flexible, especially where the proposed

---

[3] While Palmer may have believed he properly covered his tracks in disguising his involvement in the objection and appeal of Nelson and Smith, the proof of service filed with the Court was signed by his legal secretary / assistant Maria E. Carapia.

deponents have been identified as potential witnesses or have otherwise "injected" themselves into the litigation. *See Antoninetti v. Chipotle, Inc.*, 2011 U.S. Dist. LEXIS 54854 at *3-4 (S.D. Cal. May 23, 2011), *citing Mas v. Cumulus Media Inc.*, 2010 U.S. Dist. LEXIS 130269, *3 (N.D. Cal. Nov. 22, 2010).  Depositions of absent class members are permitted when they are necessary and do not take advantage of the absent class members. *Id*.

Discovery may proceed after judgment, even once a notice of appeal has been filed. *See, e.g., Campbell v. Blodgett*, 982 F.2d 1356, 1357 (9th Cir. 1993) (district court retains jurisdiction to issue discovery order.)  The discovery is sought to determine whether there is a bona fide class member who is pursuing objections; whether the purpose of the objection is to benefit the class or the objectors (possibly through an illegal fee-sharing arrangement); and whether there is a pattern of filing objections and appeals in bad faith for financial gain.  Plaintiffs already know that there are a large number of cases in which there are almost identical objections by the identical objectors' counsel, which were overruled, but have not been able to determine how much money was paid to these objectors' counsel in exchange for them dismissing or abandoning their appeals. In many of the cases, the underlying objections are identical to those made here.[4]

---

[4] Mr. Palmer has unsuccessfully represented objectors in the following cases: *Smith et al v. Wal-Mart Stores, Inc.*, 4:06-cv-02069-SBA (N.D. Cal. Sept. 7, 2010, Dkt.# 409; Dkt.## 426, 438); *Yeagley v. Wells Fargo & Company et al.*, 3:05-cv-03403-CRB (N.D. Cal. June 8, 2007, Dkt.# 110; Dkt.## 135, 142); *In re: Static Random Access Memory (SRAM) Antitrust Litigation*, 4:07-md-01819-CW (N.D. Cal. Sept. 1, 2011, Dkt.# 1385; Dkt.## 1391, 1393, 1408); *Sullivan v. Kelly Services, Inc.*, 4:08-cv-03893- CW (N.D. Cal. July 25, 2011, Dkt.# 117; Dkt.# 144); *Kramer v. Autobytel Inc et al.*, 4:10-cv-02722-CW (N.D. Cal. Jan. 5, 2012, Dkt.# 128; Dkt.# 148); *Chuck Browning v. Yahoo!, Inc.*, 5:04-cv-01463-HRL (N.D. Cal. May 15, 2007, Dkt.# 159: Dkt.# 200); *In re Mercury Interactive Securities Litigation,* 5:05- cv-03395-JF (N.D. Cal. Jan. 13, 2011, Dkt.# 401; Dkt.# 416); *The NVIDIA GPU Litigation*, 5:08-cv-04312-JW (N.D. Cal. Nov. 5, 2010, Dkt.# 296); *Fiori et al v. Dell, Inc, et al*, 5:09-cv-01518-JW (N.D. Cal. Feb. 21, 2011, Dkt.# 212; Dkt.# 216); *Yingling et al v. eBay, Inc.*, 5:09-cv-01733-JW (N.D. Cal. Feb. 14, 2011, Dkt.# 212; Dkt.# 218); *In re MagSafe Apple Power Adapter Litigation*, 5:09-cv-01911- JW (N.D. Cal. Jan, 6, 2012, Dkt.# 86); *In Re: Wachovia Corp.*, 5:09-md-02015-JF (N.D. Cal. Mar. 10, 2011, Dkt.# 124; Dkt## 207, 210; *In re: Google Buzz Privacy Litigation*, 5:10-cv-00672-JW (N.D. Cal. Jan. 10, 2011, Dkt.# 179; Dkt.# 128). He has also represented himself in pro per in a number of objections, none of which were successful. *See, e.g., Berger v. Property I.D. Corp.*, Case No. 05-5373 GHK (C.D. Cal. Jan. 28, 2009, Dkt.# 899, 900).  *In re: Uponor, Inc.*, 11-MD-2247 ADM/JJK (Minn. Sept. 11, 2012)(the court found Palmer's objectors has having evidenced bad faith and vexatious conduct because Palmer's objectors were not even class members, yet he filed an appeal on their behalf). Order at p. 5; Decl. J. Swigart, Ex. B.  <u>Most recently, and noteworthy, *Arthur v. Sallie Mae, Inc.*, C10-198JLR (W.D. Wash., 2012) (finding Palmer filed false declarations with the Court and referenced as a "professional" [objector] and "not in any favorable sense).  Transcript, page 16 and attached to the declaration of Joshua B. Swigart, Ex A.</u>

Attorney Bandas has unsuccessfully represented objectors in the following cases: *Smith et al v. Wal-Mart Stores, Inc.*, 4:06-cv-02069-SBA (N.D. Cal. Sept. 9. 2010, Dkt.## 409, 419, working with Mr. Palmer); *In Re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* 4:02-md-01486-PJH (N.D. Cal. Oct. 3, 2006, Dkt.# 1081); *Conroy, et al v. 3M Corporation, et al,* 4:00-cv-02810-CW (N.D. Cal. Feb. 3, 2006, Dkt.## 216, 217, 238); *Wilson v. Airborne, Inc.,* 2008 U.S. Dist. LEXIS 110411 (C.D. Cal. Aug. 13, 2008); *and Fleury et al v. Cartier International et al*, 3:05-cv-04525-EMC (N.D. Cal. Mar. 18, 2008, Dkt.## 220. 221, 278).

Even if the Court would typically be reluctant to permit discovery against objectors, such relief is warranted against the particular objectors here. Judge Wilken has labeled Mr. Bandas' objections as "unfounded" and "patently frivolous." *See Conroy*, 2006 U.S. Dist. LEXIS 96169 at *11-12 (N.D. Cal. Aug. 10, 2006). Judge Philip M. Pro of the District of Nevada held that Mr. Bandas had filed objections that were "not supported by law or the facts and are indeed meritless" and that he had "a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class." *In Re: Wal-Mart Wage And Hour Employment Practices Litigation*, 2010 U.S. Dist. LEXIS 21466 at *16-17 (D. Nev. Mar. 8, 2010). In a recent case involving Palmer, the court found objector's appeal "to be frivolous, unreasonable and groundless" and ordered expedited discovery. *See, e.g., Gemelas v. Dannon Co.*, 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010) (finding $275,000 appeal bond appropriate and granting leave to conduct discovery.). In a very recent case, *Arthur v. Sallie Mae, Inc.*, C10-198JLR (W.D. Wash. 2012), Judge Robart revoked Palmer's pro hac vice status, referenced him as "professional" objector and denied his request for approximately $1M in attorneys fees, granting him nothing. See Swigart Decl., Ex. A, filed herewith, for a full copy of the transcript.

The canons of professional ethics also impose on every lawyer the obligation "not to clog the courts with frivolous motions or appeals." *Polk County v. Dodson*, 454 U.S. 312, 323 (1981), but that is what Palmer does for a living." An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *Maisano v. United States*, 908 F.2d 408, 411 (9th Cir. 1990). Moreover, "[T]he decision to appeal should be a considered one, … not a knee-jerk reaction to every unfavorable ruling." *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989), quoting *DeWitt v. Western Pac. R.R. Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983).

If this Court does not believe it is appropriate for deposition and document discovery to go forward, it should, at a minimum, order each of the objectors and their counsel to provide declarations listing all prior class action settlements to which objections were made, the trial court's resolution of those objections, whether an appeal was filed, how the appeal was resolved,

whether any changes were made to the settlement, and how much money was paid to the objectors and their counsel.

In a similar case in Fresno Superior Court, Judge Hamilton found that attorney Palmer was a "professional objector" and ordered him to file with the Court a declaration (1) setting forth the name of all prior objections, including the name of the objectors, (2) set forth in which of the cases the objection was withdrawn after settlement, (3) attach any ruling on the objections, and (4) set forth which of the cases involved Edward Siegel, another notorious professional objector. *See Lane v. Stewart Title*, Case No. 07-CECG-01735 (Hamilton, J., Fresno Superior Court Sept. 29, 2010). Attorney Palmer disobeyed the Order and refused to file a declaration. See www.fresno.courts.ca.gov/_pdfs/tentative_rulings/.../09-29-2010.pdf. Instead, again, he withdrew the objections.

IV. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff permission to depose and obtain documents from Christopher Bandas, Esq., Joseph Darrell Palmer, the Custodian of Records for the Bandas Law Firm, P.C., and the Law Office of Darrell Palmer. Plaintiffs' Counsel requests oral argument as to this motion.

Respectfully submitted,

**HYDE & SWIGART**

Date: December 10, 2012    By: /s Joshua B. Swigart
                               Joshua B. Swigart
                               Attorneys for Plaintiffs

**LAW OFFICES OF DOUGLAS J. CAMPION**

Date: December 10, 2012    By: Douglas J. Campion
                               Douglas J. Campion
                               Attorneys for Plaintiffs