LANG, HANIGAN & CARVALHO, LLP
Timothy R. Hanigan (State Bar No. 125791)
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644

ATTORNEYS FOR OBJECTOR
GORDON B. MORGAN

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina M. Adams, Sarah Gabany, And Michael Messner, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> AllianceOne Receivables Management, Inc., <br><br> Defendant. | Case No: 08-CV-0248 JAH(WVG) <br><br> RESPONSE IN OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF <br><br> Date: January 7, 2013 <br> Time: 2:30 p.m. <br><br> [ORAL ARGUMENT HAS BEEN REQUESTED AND IS OPPOSED] <br><br> Judge: Hon. John A. Houston |

Christopher Bandas and Bandas Law Firm, P.C., counsel for Objector Gordon Morgan, file this Response in Opposition to Class Plaintiffs' Motion for Administrative Relief as follows:

I.    Summary of Motion for Administrative Relief

The Motion for Administrative Relief ("Motion") seeks discovery directly from Christopher Bandas and Bandas Law Firm, P.C. The Motion states that it "focuses on discovery needed only to prove to the Court of Appeal that the objectors have a practice of making frivolous objections and bringing appeals for improper purposes." Points and Authorities in Support of Motion ("Points and Authorities") at 1. In that regard, Class Counsel seek to depose and obtain documents from

Christopher Bandas and the Custodian of Records of Bandas Law Firm, P.C. *Id.* at 6.  Class Counsel also accuses Christopher Bandas and Bandas Law Firm, P.C. of unethical conduct in "ghostwriting" Mr. Morgan's objection.  As will be shown below, Class Counsel's Motion is without merit and should be denied.

II.   Procedural Background

Objector Gordon Morgan timely mailed an objection to the proposed class action settlement on or about August 16, 2012.  On September 27, 2012, this Court approved the settlement, and Gordon Morgan timely appealed that ruling.  The appeal is rapidly moving forward in the Ninth Circuit.  Appellant Gordon Morgan's opening brief is due several weeks from now on February 4, 2013.  The Ninth Circuit has not requested additional discovery in this matter.  No discovery that could be obtained at this late stage could be included in the appellate record.

III.   This Court Lacks Jurisdiction

As an initial matter, this Court lacks jurisdiction to order the requested discovery in connection with an appeal. As a general rule, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Res. Defense Council v. Southwest Marine, Inc.,* 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted).  One reason for this rule is to "avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Id.* (citations omitted).  The only authority cited by Class Counsel suggesting that this Court would have jurisdiction is *Campbell v. Blodgett,* 982 F.2d 1356, 1357 (9th Cir. 1993).  The *Blodgett* case had to do with whether a notice of appeal divested the District Court of jurisdiction over an unusual Rule 27(b) request for "extraordinary discovery" in a habeas case.  It has nothing to do with the facts presented here.  Class Counsel does not even attempt to invoke Rule 27(b).  As

1

2

stated above, Appellant Gordon Morgan's opening brief is due in a few short weeks. The time for discovery related to the appeal has long passed.

3

IV.     Ghostwriting is Not Unethical

4

5

6

7

8

9

10

11

Class counsel has falsely accused Appellant Morgan and his lawyer of fraud. Their theory: "ghostwriting." As it turns out, it is class counsel that is, in actuality, perpetrating a fraud on this Court. They fail to disclose two critically important facts: (1) the "ghostwriting" case law they cite has been superseded; and (2) applicable case law expressly rejects their specious argument. Just as important, the facts of this case would not even satisfy the criteria for "ghostwriting" assuming Class Counsel's legal citation were still the law.

12

13

14

15

16

On May 5, 2007, the ABA expressly endorsed ghostwriting as ethical. Of course, Class Counsel fails to disclose this critically important fact. "A lawyer may provide legal assistance to litigants appearing before tribunals *'pro se'* and help them prepare written submissions without disclosing or ensuring the disclosure of the nature or extent of such assistance." ABA Formal Opinion 07-446 (May 5, 2007).[1]

17

18

19

20

ABA standards of conduct are of course instructive. *See, e.g., In Re Girardi*, 611 F.3d 1027 (9th Cir. 2010)(citing *In re Snyder,* 472 U.S. at 645, 646 n. 7 (referring to state rules of professional conduct, and the American Bar Association's ("ABA") Model Rules of Professional Conduct and

21
_____

22

23

24

25

26

27

28

[1] "Ghostwriting" is described by the ABA as simply "a form of 'unbundling' of legal services, whereby a lawyer performs only specific, limited tasks instead of handling all aspects of a matter." ABA Formal Opinion 07-446 (May 5, 2007). The "fact that a litigant submitting papers to a tribunal on a pro se basis has received legal assistance behind the scenes is not material to the merits of the litigation. Litigants ordinarily have the right to proceed without representation and may do so without revealing that they have received legal assistance in the absence of a law or rule requiring disclosure." *Id.* There is nothing fraudulent or unethical about ghostwriting, much less sanctionable.

3

Model Code of Professional Responsibility)). Presumably, this is why Class Counsel cited ABA Model Code of Responsibility DR 1-102(A)(4) in their own, threatened Rule 11 pleading on this subject (sent to counsel on December 19, 2012 with a "safe harbor" letter). While ABA DR1-102(A)(4) proscribes conduct involving "dishonesty, fraud, deceit, and misrepresentation," this is exactly what Class Counsel is doing with their "legal argument." This important omission is not the end of Class Counsel's own attempt at fraud on this Court.

As is the duty of every lawyer, Class Counsel fails to cite, much less attempt to distinguish, case law contrary to their position. As a court in this circuit has held, "there is no authority that ghostwriting subjects a plaintiff, or the ghostwriting attorney for that matter, to sanctions..." *Yack v. Washington Mut. Inc.*, 2008 WL 3842918 (N.D. Cal. Aug. 14, 2008). And what goes for sanctions goes double for the extreme sanction of dismissal, a legal principle entirely absent from Class Counsel's briefing.

Class Counsel also fails the mention that the Ninth Circuit has not taken up the "ghostwriting" issue subsequent to the ABA Formal Opinion 07-446 (May 5, 2007). However, other circuits have. *See, e.g., In Re Fengling Liu*, 664 F.3d 367, 370-71 (2d. Cir. 2011)(finding that neither lawyer that prepared pleading nor litigant who filed pleadings had duty to disclose that lawyer "ghost wrote' pleadings and finding that even if such a duty to disclose existed, movant failed to establish that court was mislead in some material fashion by that lack of disclosure); *Robinson v. Home Depot USA, Inc.*, 47 Fed. Appx. 820, 825 (5th Cir. 2012) (observing that movant has not cited any authority that "ghostwriting" is inappropriate in the Fifth Circuit), *cert. denied*, 537 U.S. 1161 (2003). In any event, to the extent that there a conflict develops in the Ninth Circuit arising from this or any other case in this Circuit and the law of other circuits, Appellant Morgan reserves the right to seek review of this important issue and conflict, if any, in the United States Supreme Court.

Class Counsel also fails to explain how Morgan, a Texas resident and, at the time he filed his objection, a member of the State Bar or Texas, or his lawyer, Christopher A. Bandas, also a resident of Texas and a member of the State Bar of Texas, would be subject to the rules implicated in the pre-ABA Opinion 07-446 case law that was critical of ghostwriting. There is no such prohibition under Texas law.

The poorly analyzed relief Class Counsel seeks would add to the uncertainty and disharmony already typical in federal judicial proceedings seeking to regulate the conduct of lawyers. *See, e.g.,* *Rand v. Monsanto Co.*, 926 F.2d 596, 600 (7th Cir. 1991) (criticizing inconsistent standards in federal district courts resulting from application of state court rules of professional conduct). However, the conduct of lawyers in federal proceedings is governed by the rules of the federal, not state, courts. *See, e.g., In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("The state code of professional responsibility does not by its own terms apply to sanctions in the federal courts."); *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992) ("Federal courts may adopt state or ABA rules as their ethical standards, but whether and how these rules are to be applied are questions of federal law."), *cert. denied*, 507 U.S. 912 (1993). Again, Class Counsel does not address any of this. They simply shout for sanctions and dismissal on their own say-so.

Even the superseded court opinions relied on by Class Counsel critical of ghostwriting are not applicable here. Class Counsel concedes that Appellant Morgan's counsel, Christopher Bandas, appeared as counsel of record in this court. Class Counsel does not, and cannot, allege that Morgan sought favorable treatment as a *pro se* objector; they do not, and cannot, allege that the district court gave favorable treatment to Morgan's objections, which were entirely and improperly ignored. What is more, Morgan's pleadings are not only plainly not frivolous, but meritorious, so there would be no basis to issue Rule 11 sanctions. Morgan was also just simply following the rules of the preliminary approval order in this case, which explicitly permits objectors to file letters, rather than Rule 11-signed pleadings, in this case. This is exactly what the parties' sought, and the trial Court approved, with respect to the notice of proposed settlement process to the settlement class.

Thus, none of the cases that class counsel cites has anything to do with the case at bar. All involve attempts to evade motions to dismiss by requesting a court to apply a lenient standard to a supposedly *pro se* complaint. But there is no case law asking courts to apply a lenient standard to *pro se* objections; Morgan did not ask the court to give his objection special favor as a *pro se*; Morgan did not receive any special treatment as a *pro se*; Morgan did not make any substantive filings in the appellate court as a *pro se*; Morgan did not misrepresent that he did not have assistance of other counsel in preparing his objection.   Class Counsel's allegations about "ghostwriting" are without merit.

V.    The Objection and Appeal are Not Frivolous

Appellant Morgan's objection and appeal is not frivolous; indeed, it is meritorious.   Class counsel complains that Bandas Law Firm, P.C. files a lot of objections.   Yes—and he wins them, as well. *See, e.g.*, *Dennis v. Kellogg*, 697 F.3d 858 (9th Cir. 2012).   Mr. Bandas disagrees with the characterization of his conduct in other cases, but, in any event, that conduct is not relevant to whether the objection is frivolous in **this** case. Tellingly, class counsel makes no attempt to attack the **actual objections filed in this case**, relying instead on innuendo and *ad hominem* attacks on Mr. Bandas.

Among other things, the Mr. Morgan's objection took issue the adequacy of the notice and of the fairness of the settlement.   The notice was misleading in suggesting the amount that would be actually distributed to the class.   The notice failed to explain that of the $9 million, only a tiny fraction (less than $3.5 million) would actually go to the class.   Mr. Morgan's objection correctly pointed out that the actual amount to be distributed to the class would be less than $4 million on a $9 million "common fund."   Indeed, that number turned out to be less than $3.5 million.   Attorneys' fees and expenses awarded in this case of $2,988,319.87 are very nearly equal to the amount actually being distributed to the class.

The 25% benchmark as applied in the Ninth Circuit applies to both fees and expenses, not merely to fees. Moreover, one cannot judge the fairness of a settlement without inquiring into the proportionality of the attorney award, which here (especially where one must add the nearly $300,000 in out of pocket expenses to the $2,700,000 in fees) substantially exceeded (by nearly $750,000) the Ninth Circuit's 25% benchmark even if the entire $9 million "common fund" should be considered in calculating the benchmark (and it should not). *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Indeed, based on the amount actually distributed to the class of $3,452,559.14, after deducting the $288,319.87, a 25% benchmark would result in a fee award of a generous but reasonable $574,819.15.

The Ninth Circuit will shortly decide whether Class Counsel sought and was awarded excessive fees and expenses, and in light of existing Ninth Circuit law, those arguments can hardly be characterized as "frivolous."

VI.     Discovery Directed to Chris Bandas and Bandas Law Firm, P.C. is Not Appropriate

Discovery requests directed to a party's counsel and seeking information about that counsel's other clients and cases would never be countenanced in any other kind of litigation; this Court should not make an exception in this case simply because Class Counsel wants to eliminate objections and an appeal to their settlement and fee and expense award.

Class Counsel has no legitimate reason for Mr. Bandas' deposition. "Depositions of opposing counsel undermine attorney-client communications, present unique opportunities for harassment, disrupt opposing counsel's preparation, may lead to opposing counsel's disqualification, and may spawn collateral litigation on issues of privilege, scope, and relevancy. Courts therefore presume that deposing opposing counsel creates an inappropriate burden or hardship, and the burden is on the party seeking the deposition to show otherwise." *Coleman v. District of Columbia*, --- F.R.D. ---, 2012 WL 2870192, Nos. 09-cv-50, 11-cv-1322 (RCL), at *1 (D.D.C. Jul. 13, 2012). In *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), the court forbid a party from deposing

opposing counsel unless: "(1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." District courts in California and elsewhere in the Ninth Circuit recognize *Shelton* as the leading case on attorney depositions. See, e.g., *S.E.C. v. Jasper*, No. C07–06122 JW (HRL), 2009 WL 1457755 (N.D.Cal. May 26, 2009); *Fausto v. Credigy Servs. Corp.*, No. C07–05658, 2008 WL 4793467 (N.D.Cal., Nov. 3, 2008); *Graff v. Hunt & Henriques*, No. C08–0908, 2008 WL 2854517 (N.D.Cal., July 23, 2008); *Nocal, Inc. v. Sabercat Ventures, Inc. et. al.*, 2004 WL 3174427 (N.D.Cal., Nov.15, 2004); *Massachusetts Mutual Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D.Cal., 1998).

Class Counsel cannot satisfy their *Shelton* burden, because they cannot show that Mr. Bandas' testimony is "relevant" or "crucial" to the appeal. Indeed, with the opening briefing beginning in just a few short weeks, they cannot even show that any new discovery would be before the Ninth Circuit or how they would even supplement the appellate record.

Class Counsel plainly wants to inquire about Mr. Bandas' representation of objectors in ***other*** class actions. But Mr. Bandas' representation of objectors in other class actions "has no greater bearing on the merits of the objection raised [in this class action] than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings." *True v. American Honda Motor Co.*, 749 F. Supp. 2d. 1052, 1079 (C.D. Cal. 2010). Essentially Class Counsel wants the Court to prejudge Mr. Morgan's appeal based on outcomes in other class actions, but prejudgment would be unjustified. "Merely characterizing some of the attorneys as "professional objectors" without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough." *Blessing v. Sirius XM Radio, Inc.*, 2011 WL 5873383, No. 09 CV 10035(HB) (S.D.N.Y. Nov. 22, 2011); *see also In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 2010 WL 4630846, MDL No. 08-1999 (E.D. Wisc. Nov. 2, 2010); *In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 1049269, No. 06-MD-1775 (JG)(VVP) (E.D.N.Y. Mar. 22, 2010). Indeed,

one of Mr. Bandas' clients very recently prevailed in a class action appealed to the Ninth Circuit, *Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012), yet Mr. Bandas would not ask the Court to sustain his client's objections in *this* case simply because another of his clients prevailed in a *different* case. Again, in no other kind of litigation would attorneys consider it proper to engage in discovery directed at opposing counsel, intended to develop evidence about that counsel's outcomes in motions or trials in other cases, because no court would consider such evidence remotely relevant to the issue before it. There is no basis in the rules for treating attorneys who represent class action objectors differently.

Nor should Mr. Bandas or his law firm be subjected to questioning that puts them at risk of potentially revealing attorney-client privileged communications or client confidential information that the Texas Rules of Professional Conduct forbid me from revealing. *See* Tex. R. Prof. Conduct 1.05(b)(1) (requiring that a lawyer not reveal privileged or unprivileged client information to anyone, unless permitted by an exception).

Earlier this year a federal district judge in Seattle, Washington condemned similar tactics by class counsel, which he found "resemble[d] a litigation offensive designed to burden an entity that had the temerity to object to class counsel's settlement" and was "little more than bullying by class counsel." *In re Classmates.com Consolidated Litig.*, Case No. C09-45RAJ, 2012 WL 3854501 at *10 (W.D. Wash. June 15, 2012). The court in the *Classmates.com* litigation sanctioned class counsel $100,000 for abusive discovery against objectors' counsel.

VII.    Conclusion

Chris Bandas and Bandas Law Firm, P.C. respectfully request that this Court deny the Motion for Administrative Relief in its entirety and grant them such other relief to which they may be justly entitled.

VIII.    Opposition to Request for Oral Argument

The Motion for Administrative Relief is without merit based upon the pleadings and Chris Bandas and Bandas Law Firm, P.C. oppose any oral argument in this case.

Dated: December 21, 2012

LANG, HANIGAN & CARVALHO, LLP

By:    _____

Timothy R. Hanigan
Attorneys for Objector Gordon B. Morgan

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent via first class mail to the following participants, at the addresses listed below:

Mary Margaret Smith
2112 Hillcrest Street
Fort Worth, TX 76107

_____
Timothy R. Hanigan