Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF DOUGLAS J. CAMPION**
Douglas J. Campion, Esq, (SBN: 75381)
doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina M. Adams, Sarah Gabany, and Michael Messner, on Behalf of Themsleves and All Others Similarly Situated<br><br>                    Plaintiffs,<br>v.<br>AllianceOne Receivables Management, Inc.,<br><br>                    Defendant. | **Case No: 08-CV-0248 JAH(WVG)**<br><br>**CLASS ACTION**<br><br>**CLASS PLAINTIFFS' MEMORANDUM IN FURTHER SUPPORT FOR ADMINISTRATIVE RELIEF; NOTICE OF NON-RECEIPT OF OPPOSITION BY OBJECTORS MARY M. SMITH AND ERIC B. NELSON**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>**Date: January 7, 2013**<br>**Time: 2:30 p.m.**<br>**Crtrm: 11**<br><br>**Judge: Hon. John A. Houston** |

As the Court knows, here there are two sets of objectors represented by two different attorneys. The first is Objector Gordon Morgan represented on appeal by professional objector, attorney, Christopher Bandas. Attorney Bandas has recently also had Attorney Timothy R. Hanigan appear as counsel for Objector Morgan. Objector Morgan filed an opposition to Plaintiffs' Motion for Administrative Relief. Those issues will be addressed in a separate reply.

Objectors Mary M. Smith and Eric B. Nelson are represented by professional objector, Attorney Darrell Palmer. No opposition to Plaintiffs' Motion for Administrative Relief was filed by Palmer on behalf of his objectors. This Memorandum in further support addresses Objectors Smith and Nelson's lack of any opposition to Plaintiffs' Motion.

Class Counsel filed a Motion for Administrative Relief on December 10, 2012 and served all parties. [Docket No. 158]. The Motion hearing date is set for January 7, 2013. [Docket No. 158].

Local Rule 7.1(e)(2) states, in relevant part,

> "...each party opposing a motion... must file that opposition or statement of non-opposition with the clerk and serve the movant or the movant's attorney not later than fourteen (14) calendar days prior to the noticed hearing. (For example, for a motion to be heard on a Monday, the opposition papers must be filed and served no later than two Mondays prior to the noticed hearing.)."

With a hearing date of January 7, 2013, the deadline for filing any opposition was December 24, 2012. That deadline has come and gone and Objectors Nelson and Smith have not opposed Plaintiffs' Motion for Administrative Relief. Class Counsel therefore file this Memorandum in Further Support of this unopposed motion by Objectors Nelson and Smith.

The Court does not allow untimely filed motions or responses without the consent of the Court. L.R. 7.1(e)(7). Further, if an opposing party fails to file their opposition as required by L.R. 7.1(e)(2), that failure may constitute consent to the granting of the pending motion. L.R. 7.1(f)(3)(a). *See Nava v. Fremont Inv. & Loan*, 2009 U.S. Dist. LEXIS 109697 * 5 (S.D. Cal. 2009)(finding that non-compliance with Local Rules 7.1(e)(2) and 7.1(f)(3)(b) constitutes consent

in granting the motion under Local Rule 7.1(f)(3)(a)

Mr. Palmer is a professional objector who apparently cannot be bothered with following the Court's rules while threatening through his clients, Nelson and Smith, to hold up a class settlement worth many millions of dollars to class members with a meritless appeal in hopes of coercing a "settlement". The Court should regard this decision to not timely file an opposition to Plaintiffs' Motion for Administrative Relief as an admission that Plaintiffs' motion has merit.

For the foregoing reasons, Plaintiffs respectfully requests that this court grant Class Counsel's Motion for Administrative Relief allowing Plaintiffs permission to conduct discovery as to Objectors Nelson and Smith, including their depositions and the deposition, with document production, of the custodian of records for the Law Offices of Darrell Palmer.

Respectfully submitted,

**HYDE & SWIGART**

Date: December 26, 2012        By: _/s Joshua B. Swigart_____
                                     Joshua B. Swigart
                                     Attorneys for Plaintiffs


**LAW OFFICES OF DOUGLAS J. CAMPION**

Date: December 26, 2012        By: _Douglas J. Campion_____
                                     Douglas J. Campion
                                     Attorneys for Plaintiffs