Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF DOUGLAS J. CAMPION**
Douglas J. Campion, Esq, (SBN: 75381)
doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for the Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina M. Adams, Sarah Gabany, and Michael Messner, on Behalf of Themsleves and All Others Similarly Situated<br><br>Plaintiffs,<br>v.<br>AllianceOne Receivables Management, Inc.,<br><br>Defendant. | Case No: 08-CV-0248 JAH(WVG)<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MEMORANDUM IN REPLY TO THE OPPOSITION OF OBJECTOR GORDON MORGAN TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>Date: January 7, 2013<br>Time: 2:30 p.m.<br>Crtrm: 11<br><br>Judge: Hon. John A. Houston |

What is being attempted in this action by professional objector Attorney Christopher Bandas and his purported Objector Gordon Morgan is nothing less than a highjacking of a class action settlement, which was scrutinized and approved by this court, all in an attempt to extract a monetary settlement from the class and class counsel in exchange for a dismissal of Morgan's appeal. This wastes class counsel's time as well as the court's time and judicial resources.

Class Counsel was not aware of Objector Morgan's representation prior to his counsel's filing of the appeal, as Attorney Bandas hid that representation so discovery prior to the filing of appeal would not take place. As is evidenced below, the objection purportedly filed by Objector Morgan was without his knowledge and, if history is any guide, a ploy by Attorney Bandas to extract monetary compensation from the class.[1]

## I. THE DISTRICT COURT HAS JURISDICTION TO PERMIT THE DISCOVERY SOUGHT

Objectors new additional counsel goes to great pains in its attempts to convince the court that it has lost jurisdiction to oversee the settlement of this case, even after the filing of an appeal. Curiously, counsel for Morgan leaves off any citation to *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, 2012 U.S. Dist. LEXIS 53502 (N.D. Cal 2012). Attorney Bandas is certainly aware of this recent case requiring compliance with very similar discovery requests, as *he* was subject to the same type of order Class Counsel is requesting here today.

As stated in Class Counsel's Motion, the Court expressly retained jurisdiction over this matter in the Final Approval Order. [Dkt. No. 137, ¶ 13]. That jurisdiction is not abated by the filing of an appeal. Morgan fails to address this point. This is exactly the grounds the Court in the *Cathode Ray Tube* matter found for a basis of discovery. *In Re: Cathode Ray Tube* at *51 (the court found the final judgment expressly provided for the court's continuing jurisdiction to implement, enforce and administer the settlement, and to manage the Class Action itself).

Second, as recently explained by the Court in the Northern District, "it is well settled that following a notice of appeal, the Court retains jurisdiction "to preserve the integrity of this Court's judgments in general, and specifically to protect the Court's final judgment...." *In Re:*

---

[1] As Class Counsel has only recently become aware of the involvement of professional objector Attorney Bandas and has not yet been permitted to conduct limited discovery, Class Counsel has been compiling what evidence they can through other means.

*Cathode Ray Tube (CRT) Antitrust Litigation*, 2012 U.S. Dist. LEXIS 53502 * 51, *citing In re Intel Securities Ligitation*, 596 F. Supp. 226, 233 (N.D. Cal. 1984), *aff'd*, 791 F.2d 672 (9th Cir. 1986). *In Re: Cathode Ray Tube* at *51. (*See also Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934).

Lastly, Federal Rules of Appellate Procedure allow a district court to retain power to alter or amend an appealable order or judgment pursuant to F.R.C.P. 59, even if a notice of appeal has been filed. *See Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 n.1 (9th Cir. 1999)(district court has express authority under F.R.App.P. 4(a)(4) to rule on F.R.C.P. 59 motion to amend judgment after notice of appeal has been filed).

The jurisdiction of this Court is continuing and is permitted to allow the discovery sought by Class Counsel against objectors and objectors counsel who seek to add nothing to the class settlement, but merely attempt to extract a tax on the Class and Class Counsel in exchange for dismissing their appeal.

## II. THE DISCOVERY SOUGHT IS NARROWLY TAILORED TO REVEAL THE FRAUD PERPETRATED ON THIS COURT

As the Court in *In Re: Cathode Ray Tube* found:

> Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain;[2] he has been excoriated by Courts for this conduct. See Dkt. No. 1089-1 (Appendix A thereto listing courts' comments regarding Bandas's conduct). *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, 2012 U.S. Dist. LEXIS 53502 *48.[3]

As will be demonstrated below, this is precociously what Objector Morgan and his professional objector counsel Bandas is attempting to do in this matter. Objector Morgan has no

---

[2] "[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost; Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised, gains nothing." *In re Checking Account Overdraft Litigation*, No. 09-MD-02036-JLK, 2011 U.S. Dist. LEXIS 135014, 2011 WL 5873389, at *29, n.20 (S.D. Fla, Nov. 22, 2011)[*50](quotations omitted, brackets in orig). *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, 2012 U.S. Dist. LEXIS 53502 (N.D. Cal 2012) at fn.3.

[3] Appendix A referenced is attached to the Decl. of J. Swigart, Ex. D.

knowledge of this case, the settlement, or the basis for his objection. Morgan's objection was drafted by Bandas and then signed on his behalf. Morgan has no knowledge that an objection was even filed on his behalf.

The discovery sought by Class Counsel is narrowly tailored to show two things. First, discovery is needed with regard to Objector Morgan. His deposition must be taken to definitively establish that he has no knowledge of the objection filed and that he has no knowledge of this case or the terms of this settlement. With this information the appropriate motion can be brought to strike the Morgan objection, as it was likely not Morgan's intent to even file an objection.

Second, as has been demonstrated in the pending motion for appeal bond, this motion and this reply, Attorney Bandas is a professional objector that has made a career out of filing baseless objections on behalf of class members who have little or no knowledge of the case, the fact an objection was filed on their behalf, or the basis for any objection. Attorney Bandas contracts with these class members promising them some form of monetary compensation to object on their behalf. This is all done for the purpose of extracting a tax, in the form of attorney fees, on the class and class counsel, in exchange for either withdrawing his objection or dismissing the appeal. The type of discovery sought from Attorney Bandas's law firm is the fee agreement with Objector Morgan, similar fee agreements in the many other cases he has represented objectors on and the history of payments extracted from other cases in exchange for a dismissal of an appeal or withdrawal of an objection. This information, coupled with the discovery directed to Morgan, will definitively establish the motives of the objection purportedly filed by Morgan and establish the bad faith present in the appeal. This way the class can seek further relief from Objector Morgan and Attorney Bandas for damage done to the class settlement.

A.  **OBJECTOR MORGAN HAS NO KNOWLEDGE OF HIS OBJECTION, WHICH WAS WRITTEN AND SIGNED BY ATTORNEY BANDAS**

Not surprisingly, Objector Morgan, through his professional objector counsel Bandas, also has a pending objection in another matter. *See Bobowski v. Clearwire Corporation*, C-10-1586 JLR (W.D. Wash.). On December 17, 2012 Morgan's deposition was taken in the *Clearwire*

matter and questions were asked of Morgan concerning the AllianceOne settlement and objection.

In that matter, when asked the question what the AllianceOne settlement was about, Morgan could not answer.[4]  Morgan could not even remember what the case was about.[5]  More importantly, Morgan does not even believe he has filed an objection in this matter.

> Q. Do you recall if you filed [an] objection?
> A. I don't think it's been filed.
> Q. Do you know what court it was that was considering the settlement?
> A. Hum-um. No.[6]

Perhaps Morgan has a poor memory, but one would at least expect that he could remember if he drafted and signed his own objection.  That too was asked, with a surprising response.

> Q. And how did you decide to object in [the AllianceOne] case?
> A. I just -- when I got those things, I know that Mr. Bandas' office handles these types of matters and when I got that in, I sent it along as well.
> Q. Do you have any understanding sitting here today of what the substance of your objection was in the Alliance case?
> A. I'm sorry.  I don't.[7]

Assuming for a moment that it was permissible for Attorney Bandas to "ghost write" the objection, it surely was not permissible to forge the objectors name to the document, but that is what happened.

> Q. Okay.  And so the first two pages of this document, who drafted that? [referring to the objection purportedly drafted and filed by Morgan]
> A. It was drafted probably by Mr. Bandas' office for me.
> Q. And then you have given them permission to sign for you?
> A. Yes; I would have.[8]

The fact of the matter is that Morgan has no knowledge of this matter, the facts, the terms of the settlement, the content of his objection filed or that it was even filed or the fact that Attorney Bandas signed it on his behalf.  This type of fraud on the Court is precisely what Class

---

[4] Decl. J. Swigart, Ex. A; Morgan P. 13 Ln. 11-13.

[5] Decl. J. Swigart, Ex. A; Morgan P. 13 Ln. 14-18.

[6] Decl. J. Swigart, Ex. A; Morgan P. 13 Ln. 21-23.

[7] Decl. J. Swigart, Ex. A; Morgan P. 13-14 Ln. 24-5.

[8] Decl. J. Swigart, Ex. A; Morgan P. 20 Ln. 2-7.

Counsel endeavor to discover so that the appropriate sanctions can levied.

### 1. THE "GHOST-WRITTEN" OBJECTION VIOLATES F.R.C.P 11

"Ghost-writing" occurs when an attorney drafts pleadings or court filings on behalf of a litigant who, in turn signs them *pro se*. *See e.g. Smallwood v. NCsoft Corp.*, 730 F.Supp.2d 1213, 1222 (D. Hawaii 2010) *citing Ricotta v. State*, 4 F.Supp. 2d 961, 986 (S.D. Cal. 1998)(citations omitted); *see also Walker v. Pacific Maritime Assoc.*, 2008 U.S. Dist. LEXIS 120026 (N.D. Cal.) (finding that ghost-writing is an inappropriate practice and attorneys who engage in the practice are subject to sanction under Fed. R. Civ. P. 11).

Courts have found that "ghost-writing" is inappropriate for several reasons. First, because the standard practice of federal courts is to interpret *pro se* filings liberally, allowing "ghost-writing" would disadvantage the opposing party. *Ricota*, 4 F. Supp. 2d at 986.

Second, "ghost-writing" is a deliberate evasion of responsibilities imposed by Rule 11, which requires attorneys to personally represent that there are grounds to support assertions made in each filing. *Id*. Third, "ghostwriting" implicates the Rules of Professional Responsibility. *Id*. For example, pursuant to the ABA Model Code of Responsibility DR 1-102(A)(4), providing that an attorney should not engage in conduct involving dishonesty, fraud, deceit or misrepresentation. An attorney participating in "ghost-writing" is engaged in conduct involving misrepresentation to the Court because another individual is signing pleadings that the attorney drafted. Moreover, "having a litigant appear to be *pro se,* when in truth an attorney is authorizing pleadings... is far below the level of candor which must be met by members of the bar." *Ricotta*, 4 F. Supp. 2d at 986 (citation omitted).

Finally, the conduct here goes well beyond mere "ghost-writing." Here, it appears that the class action settlement notice was received by Morgan. He failed to fully read and understand it, but merely passed it along to his attorney, Bandas. This appears to be a business between Objector Morgan and Attorney Bandas to object to class action settlements and then extract a fee. Bandas, then drafted a lengthly objection, fraudulently signed Morgan's name to it, and then sent

it into the court.[9]  This conduct by attorney Bandas, and his client Morgan goes well beyond what is explained in the *Ricota* and *Smallwood* cases, but is pure fraud on the Court and must be dealt with.   Bandas and Morgan appear to have violated F.R.C.P. 11.  Further, Class counsel requests that Attorney Bandas be held in contempt for fraudulently preparing and filing documents with this Court.

### 2. THE FRAUDULENT OBJECTION MUST BE STRICKEN BASED ON VIOLATIONS OF RULE 11

F.R.C.P. 11(a) states that, "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - or by a party *personally* if that party is unrepresented (emphasis added).[10]

In this matter, the objection purportedly filed by Morgan, was not prepared by Morgan and was not signed by Morgan, but fraudulently signed by Attorney Bandas.[11]   The expressly violates F.R.C.P. 11(a) and the objection must be stricken from the record.  *See Maxwell v. Snow*, 409 F.3d 354, 356 (D.C. Cir. 2005).

### B. ATTORNEY BANDAS' HISTORY OF MONETARY GAIN EVIDENCES THE BAD FAITH OBJECTION AND APPEAL

What is driving the objection by Morgan and the pending appeal is a direct corollary to Attorney Bandas's anticipated monetary gain by taxing the class and class counsel in exchange for a dismissal.  Here, there exists a fee agreement between Morgan and his Attorney Bandas which governs the objection and appeal in this matter.  This fee agreement promises Morgan a set amount of financial gain (if history is any guide, $5,000) in exchange for giving his permission to Attorney Bandas to have the freedom to file whatever he likes in the name of Morgan.  As a result, Bandas can tax the class through a demand for attorney fees in exchange for withdrawing

---

[9] Decl. J. Swigart; Ex. A - deposition of Morgan at 8:11-22; 9:13-10:9; 17:14-25; 18:21-24; 10:13-16; 13:5-8; 13:11-14:7.

[10] *See Maxwell v. Snow*, 409 F.3d 354, 356 (D.C. Cir. 2005) ("[A]ll pleadings by a pro se plaintiff must be signed by the party.")

[11] Decl. J. Swigart; Ex. A - deposition of Morgan at 8:11-22; 9:13-10:9; 17:14-25; 18:21-24; 10:13-16; 13:5-8; 13:11-14:7.

1   the objection or dismissing the appeal.  Bandas is in the business of extracting fees in exchange
2   for not tying up class action settlements on appeal.
3   Similar fee agreements between Attorney Bandas and other Objectors have been produced
4   and filed with the Court, with regard to other class action objections.  *See In Re: Chinese -*
5   *Manufactured Drywall Products Liability Litigation*; 10-md-30567.  In that case Bandas
6   attempted to represent multiple objectors to the class action settlement, none of which had
7   standing.  With each of these objectors, he promised them a payment of $5,000 if their objection
8   resulted in a settlement (attached).[12]  As is his usual method of operation, he would then keep all
9   the attorney fees extracted.
10  This is precisely the information sought in this matter, through discovery; the fee
11  agreement between Morgan and Bandas; and records of other payments extracted in similar class
12  actions where Bandas used an objector to coerce a settlement for himself, and adding nothing to
13  the class settlement. (See Decl. of J. Swigart, Ex. D, Matrix of *twenty* cases Bandas has engaged
14  in similar conduct).
15  The goal of filing legitimate objections to any class action settlement is to better the
16  interests of the class members.  However, the act of objecting and filing frivolous appeals in cases
17  such as this has nothing to do with the betterment of the class action settlement.  It is merely a tax
18  on the class, class counsel, and the already overburdened court system.  The discovery sought,
19  along with the deposition of Objector Morgan, will establish these facts and should be permitted
20  by the court.
21  //
22  //
23  //
24  //
25  //
26  //
27  //

---

28  [12] Decl. J. Swigart; Ex. B and C

## II. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff permission to conduct discovery, including the taking of the deposition of objector Morgan; and allowing the deposition, with production of documents, from Christopher Bandas, Esq., and the Custodian of Records for the Bandas Law Firm, P.C.

Plaintiffs' Counsel renew their request for oral argument as to this motion.

Respectfully submitted,

**HYDE & SWIGART**

Date: December 26, 2012         By: _/s Joshua B. Swigart_____
                                        Joshua B. Swigart
                                        Attorneys for Plaintiffs

**LAW OFFICES OF DOUGLAS J. CAMPION**

Date: December 26, 2012         By: _Douglas J. Campion_____
                                        Douglas J. Campion
                                        Attorneys for Plaintiffs