Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619)  297-1022

Douglas J. Campion, Esq. (SBN: 75381)
doug@djcampion.com
**LAW OFFICES OF DOUGLAS J. CAMPION**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina M. Adams, Sarah Gabany, and Michael Messner, on Behalf of Themsleves and All Others Similarly Situated<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br>AllianceOne Receivables Management, Inc.,<br><br>　　　　　　　　Defendant. | Case No: 08-CV-0248 JAH(WVG)<br><br>**CLASS ACTION**<br><br>**CLASS PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STIRKE OBJECTION OF GORDON B. MORGAN [DKT. NO. 123] AND NOTICE OF APPEAL BY GORDON B. MORGAN [DKT. NO. 138]**<br><br>[ORAL ARGUMENT REQUESTED]<br><br>Date: February 4, 2013<br>Time: 2:30 p.m.<br>Crtrm: 11<br><br>**Judge: Hon. John A. Houston** |

Plaintiffs move for a Motion to Strike the objection, purportedly signed by Objector Gordon Morgan, [Dkt. No. 123], and the Notice of Appeal, also purportedly, signed by Objector Gordon Morgan, [Dkt. No. 138], as these documents were not signed by Morgan, even though it was represented to the Court that they were and were filed *pro se*.

## I.   RELEVANT FACTS
### A. OBJECTOR MORGAN HAS NO KNOWLEDGE OF HIS OBJECTION AND HIS FILINGS WERE FORGED BY AN UNKNOWN PERSON (PROBABLY ATTORNEY BANDAS)

As previously referenced and established, Objector Morgan, is an objector in another pending matter, represented also by his professional objector counsel Bandas. *See Bobowski v. Clearwire Corporation*, C-10-1586 JLR (W.D. Wash.). On December 17, 2012 Morgan's deposition was taken in the *Clearwire* matter and questions were asked of Morgan concerning the AllianceOne settlement and objection.

In that matter, when asked a question concerning what the AllianceOne objection was about, Morgan could not answer.[1] Morgan could not even remember what the case was about.[2] More importantly, Morgan does not even believe he has filed an objection in this matter, and it appears that it was Attorney Bandas that signed the objection without his knowledge.

> Q. Do you recall if you filed [an] objection?
> A. I don't think it's been filed.
> Q. Do you know what court it was that was considering the settlement?
> A. Hum-um. No.[3]

Perhaps Morgan has a poor memory, but one would at least expect that he could remember if he drafted and signed his own objection. That too was asked, with a surprising response.

> Q. And how did you decide to object in [the AllianceOne] case?
> A. I just -- when I got those things, I know that Mr. Bandas' office handles these types of matters and when I got that in, I sent it along as well.
> Q. Do you have any understanding sitting here today of what the substance of your objection was in the Alliance case?
> A. I'm sorry. I don't.[4]

---

[1] Decl. J. Swigart, Ex. A; Morgan P. 13 Ln. 11-13.

[2] Decl. J. Swigart, Ex. A; Morgan P. 13 Ln. 14-18.

[3] Decl. J. Swigart, Ex. A; Morgan P. 13 Ln. 21-23.

[4] Decl. J. Swigart, Ex. A; Morgan P. 13-14 Ln. 24-5.

The fact that Morgan did not sign his an objection, but then represent to the court that he did, by filing it *pro se*, when in actuality Attorney Bandas drafted, signed and filed the objection for Morgan, violates F.R.C.P. 11(a).  Accordingly, the objection must be struck.  F.R.C.P. 11(a) makes it impermissible for another to sign an objectors name to a pleading and then have it fraudulently filed in *pro se*.  This is what happened here.

> Q. Okay.  And so the first two pages of this document, who drafted that?
> [referring to the objection purportedly drafted and filed by Morgan]
> A. It was drafted probably by Mr. Bandas' office for me.
> Q. And then you have given them permission to sign for you?
> A. Yes; I would have.[5]

The fact that Morgan did not draft and sign his objection, but that Attorney Bandas forged his name, violates F.R.C.P. 11(a), and must be corrected or stricken from the record.  (A copy of Morgan's objection is attached to the Declaration of J. Swigart, Ex. B, pgs. 1-2).

### B. THE IDENTICAL FORGED SIGNATURE IS PRESENT ON MORGAN'S APPEAL

It is apparent from the the matching signatures taken from the forged objection by Morgan and the signature on Morgan's purported Notice of Appeal, that Morgan did not in fact sign his own Notice of Appeal either.  The signatures on his objection, which has been established as not Morgan's but Bandas's, match the signature on Morgan's Notice of Appeal [Dkt. No. 138]. (A copy of Morgan's Notice of Appeal is attached to the Declaration of J. Swigart, Ex. C).  This too violates F.R.C.P. 11(a), as someone other than Morgan submitted this document with Morgan's forged signature, by claiming Morgan was in *pro se*.

## II. ARGUMENT
### A. THE FRAUDULENT OBJECTION MUST BE STRICKEN BASED ON VIOLATIONS OF RULE 11

F.R.C.P. 11(a) states that, "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - or by a party *personally* if that party is unrepresented (emphasis added).[6]

---

[5] Decl. J. Swigart, Ex. A; Morgan P. 20 Ln. 2-7.

[6] *See Maxwell v. Snow*, 409 F.3d 354, 356 (D.C. Cir. 2005) ("[A]ll pleadings by a pro se plaintiff must be signed by the party.")

In this matter, the objection purportedly filed by Morgan, was not prepared by Morgan and was not signed by Morgan, but fraudulently signed by Attorney Bandas, but submitted with Morgan's name, and without his knowledge.[7] This expressly violates F.R.C.P. 11(a) and the objection must be stricken from the record. *See Maxwell v. Snow*, 409 F.3d 354, 356 (D.C. Cir. 2005).

All pleadings by a *pro se* plaintiff must be signed by the party and, if not, must be stricken unless corrected promptly after being notified of the omission. F.R.C.P. 11(a); *Maxwell v. Snow*, 409 F.3d 354, 356 (D.C. Cir. 2005).

Both the objection filed by Morgan [Dkt. No. 123] and his Notice of Appeal [Dkt. No. 138] must be corrected to include Morgan's actual signature or be stricken from the record.

### III.  CONCLUSION

For the foregoing reasons, if Objector Morgan's objection [Dkt. No. 123] and Notice of Appeal [Dkt No. 138] are not corrected with his actual signature, the Court must strike these entries from the record, as they violate F.R.C.P. 11(a).

Respectfully submitted,

**HYDE & SWIGART**

Date: December 27, 2012            By:  /s Joshua B. Swigart
                                        Joshua B. Swigart
                                        Attorneys for Plaintiffs

**LAW OFFICES OF DOUGLAS J. CAMPION**

Date: December 27, 2012            By: Douglas J. Campion
                                        Douglas J. Campion
                                        Attorneys for Plaintiffs

---

[7] Decl. J. Swigart; Ex. A - deposition of Morgan at 8:11-22; 9:13-10:9; 17:14-25; 18:21-24; 10:13-16; 13:5-8; 13:11-14:7.