LANG, HANIGAN & CARVALHO, LLP
Timothy R. Hanigan (State Bar No. 125791)
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644

ATTORNEYS FOR OBJECTOR
GORDON B. MORGAN

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina M. Adams, Sarah Gabany, And Michael Messner, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AllianceOne Receivables Management, Inc.,<br><br>Defendant. | Case No: 08-CV-0248 JAH(WVG)<br><br>RESPONSE IN OPPOSITION TO MOTION TO STRIKE GORDON MORGAN'S OBJECTION AND NOTICE OF APPEAL<br><br>Date: February 4, 2012<br>Time: 2:30 p.m.<br><br>[ORAL ARGUMENT IS OPPOSED]<br><br>Judge: Hon. John A. Houston |

Christopher Bandas and Bandas Law Firm, P.C., counsel for Objector Gordon Morgan, file this Response in Opposition to Class Plaintiffs' Motion for to Strike Objection and Notice of Appeal of Gordon Morgan as follows:

I. Ghostwriting is Not Unethical

Class counsel has falsely accused Appellant Morgan and his lawyer of fraud. Their theory: "ghostwriting." As it turns out, it is class counsel that is, in actuality, perpetrating a fraud on this Court. They fail to disclose two critically important facts: (1) the "ghostwriting" case law they cite has been superseded; and (2) applicable case law expressly rejects their specious argument. Just as

important, the facts of this case would not even satisfy the criteria for "ghostwriting" assuming Class Counsel's legal citation were still the law.

On May 5, 2007, the ABA expressly endorsed ghostwriting as ethical. Of course, Class Counsel fails to disclose this critically important fact. "A lawyer may provide legal assistance to litigants appearing before tribunals '*pro se*' and help them prepare written submissions without disclosing or ensuring the disclosure of the nature or extent of such assistance." ABA Formal Opinion 07-446 (May 5, 2007).[1]

ABA standards of conduct are of course instructive. *See, e.g., In Re Girardi*, 611 F.3d 1027 (9th Cir. 2010)(citing *In re Snyder,* 472 U.S. at 645, 646 n. 7 (referring to state rules of professional conduct, and the American Bar Association's ("ABA") Model Rules of Professional Conduct and Model Code of Professional Responsibility)). Presumably, this is why Class Counsel cited ABA Model Code of Responsibility DR 1-102(A)(4) in their own, threatened Rule 11 pleading on this subject (sent to counsel on December 19, 2012 with a "safe harbor" letter). While ABA DR1-102(A)(4) proscribes conduct involving "dishonesty, fraud, deceit, and misrepresentation," this is exactly what Class Counsel is doing with their "legal argument." This important omission is not the end of Class Counsel's own attempt at fraud on this Court.

---

[1] "Ghostwriting" is described by the ABA as simply "a form of 'unbundling' of legal services, whereby a lawyer performs only specific, limited tasks instead of handling all aspects of a matter." ABA Formal Opinion 07-446 (May 5, 2007). The "fact that a litigant submitting papers to a tribunal on a pro se basis has received legal assistance behind the scenes is not material to the merits of the litigation. Litigants ordinarily have the right to proceed without representation and may do so without revealing that they have received legal assistance in the absence of a law or rule requiring disclosure." *Id*. There is nothing fraudulent or unethical about ghostwriting, much less sanctionable.

2

As is the duty of every lawyer, Class Counsel fails to cite, much less attempt to distinguish, case law contrary to their position. As a court in this circuit has held, "there is no authority that ghostwriting subjects a plaintiff, or the ghostwriting attorney for that matter, to sanctions…" *Yack v. Washington Mut. Inc*., 2008 WL 3842918 (N.D. Cal. Aug. 14, 2008).  And what goes for sanctions goes double for the extreme sanction of dismissal, a legal principle entirely absent from Class Counsel's briefing.

Class Counsel also fails the mention that the Ninth Circuit has not taken up the "ghostwriting" issue subsequent to the ABA Formal Opinion 07-446 (May 5, 2007). However, other circuits have. *See, e.g., In Re Fengling Liu*, 664 F.3d 367, 370-71 (2d. Cir. 2011)(finding that neither lawyer that prepared pleading nor litigant who filed pleadings had duty to disclose that lawyer "ghost wrote' pleadings and finding that even if such a duty to disclose existed, movant failed to establish that court was mislead in some material fashion by that lack of disclosure); *Robinson v. Home Depot USA, Inc*., 47 Fed. Appx. 820, 825 (5th Cir. 2012) (observing that movant has not cited any authority that "ghostwriting" is inappropriate in the Fifth Circuit), *cert. denied*, 537 U.S. 1161 (2003).  In any event, to the extent that there a conflict develops in the Ninth Circuit arising from this or any other case in this Circuit and the law of other circuits, Appellant Morgan reserves the right to seek review of this important issue and conflict, if any, in the United States Supreme Court.

Class Counsel also fails to explain how Morgan, a Texas resident and, at the time he filed his objection, a member of the State Bar or Texas, or his lawyer, Christopher A. Bandas, also a resident of Texas and a member of the State Bar of Texas, would be subject to the rules implicated in the pre-ABA Opinion 07-446 case law that was critical of ghostwriting. There is no such prohibition under Texas law.

The poorly analyzed relief Class Counsel seeks would add to the uncertainty and disharmony already typical in federal judicial proceedings seeking to regulate the conduct of lawyers.  *See, e.g*.,

*Rand v. Monsanto Co.*, 926 F.2d 596, 600 (7th Cir. 1991) (criticizing inconsistent standards in federal district courts resulting from application of state court rules of professional conduct). However, the conduct of lawyers in federal proceedings is governed by the rules of the federal, not state, courts. *See, e.g.*, *In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("The state code of professional responsibility does not by its own terms apply to sanctions in the federal courts."); *In re American Airlines, Inc*., 972 F.2d 605, 610 (5th Cir. 1992) ("Federal courts may adopt state or ABA rules as their ethical standards, but whether and how these rules are to be applied are questions of federal law."), *cert. denied*, 507 U.S. 912 (1993). Again, Class Counsel does not address any of this. They simply shout for sanctions and dismissal on their own say-so.

Even the superseded court opinions relied on by Class Counsel critical of ghostwriting are not applicable here. Class Counsel concedes that Appellant Morgan's counsel, Christopher Bandas, appeared as counsel of record in this court. Class Counsel does not, and cannot, allege that Morgan sought favorable treatment as a *pro se* objector; they do not, and cannot, allege that the district court gave favorable treatment to Morgan's objections, which were entirely and improperly ignored. What is more, Morgan's pleadings are not only plainly not frivolous, but meritorious, so there would be no basis to issue Rule 11 sanctions. Morgan was also just simply following the rules of the preliminary approval order in this case, which explicitly permits objectors to file letters, rather than Rule 11-signed pleadings, in this case. This is exactly what the parties' sought, and the trial Court approved, with respect to the notice of proposed settlement process to the settlement class.

Thus, none of the cases that class counsel cites has anything to do with the case at bar. All involve attempts to evade motions to dismiss by requesting a court to apply a lenient standard to a supposedly *pro se* complaint. But there is no case law asking courts to apply a lenient standard to *pro se* objections; Morgan did not ask the court to give his objection special favor as a *pro se*;

4

Morgan did not receive any special treatment as a *pro se*; Morgan did not make any substantive filings in the appellate court as a *pro se*; Morgan did not misrepresent that he did not have assistance of other counsel in preparing his objection. Class Counsel's allegations about "ghostwriting" are without merit.

II.  Mr. Morgan's Signature Was Authorized And Therefore Not A Forgery, But Regardless His Original Signatures Have Now Been Provided As Requested In The Alternative By Class Plaintiffs

Class Plaintiffs also assert that: "[t]he fact that Morgan did not sign and draft his objection, but that Attorney Bandas forged his name, violates F.R.C.P. 11(a), and must be *corrected or* stricken from the record." Motion to Strike at 2 (emphasis added). The same argument is made with respect to the Notice of Appeal.

In support of this argument, Class Plaintiffs cite *Maxwell v. Snow*, 409 F.3d 354, 356 (D.C. Cir. 2005), for the proposition that a *pro se* pleading may be dismissed based on a lack of the *pro se* litigant's signature unless the omission is promptly corrected. Although strong exception is made to the assertion that signatures expressly authorized by a client could possibly be considered "forgeries,"[2] and without waiving the argument that the authorized signatures of a client were permissible in this case, attached as Exhibits A and B are: (1) Mr. Morgan's objection bearing his original signature and (2) Mr. Morgan's notice of appeal bearing his signature. Because Class Plaintiffs seek either dismissal or correction of the documents to contain original signatures, it is simply easier to provide the original signatures and that is what is being done here. The Motion to Strike should be denied.

---

[2]  Although Class Plaintiffs make accusations of "forgery," they cite no authority for the meritless proposition that an authorized signature could be considered a "forgery."

5

III.  Conclusion

Objector/Appellant Morgan respectfully requests that this Court deny the Motion to Strike in its entirety and grant him such other relief to which he may be justly entitled.

IV.  Opposition to Request for Oral Argument

Mr. Morgan opposes any oral argument in this case to the extent it has been or will be requested.

Dated: January 18, 2013

LANG, HANIGAN & CARVALHO, LLP

By: _____
Timothy R. Hanigan
Attorneys for Objector Gordon B. Morgan

## CERTIFICATE OF SERVICE

I hereby certify that on this the 18th day of January 2013 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system thus effectuating service of such filing all ECF registered attorneys in this case. I further certify that I caused the foregoing document to be sent via first class mail to the following participants, at the addresses listed below:

Mary Margaret Smith
2112 Hillcrest Street
Fort Worth, TX 76107

                                                Timothy R. Hanigan