Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICES OF DOUGLAS J. CAMPION**
Douglas J. Campion, Esq, (SBN: 75381)
doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for the Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christina M. Adams, Sarah Gabany, and Michael Messner, on Behalf of Themsleves and All Others Similarly Situated<br><br>                    Plaintiffs,<br>       v.<br>AllianceOne Receivables Management, Inc.,<br><br>                    Defendant. | **Case No: 08-CV-0248 JAH(WVG)**<br><br>**CLASS ACTION**<br><br>**CLASS PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE OBJECTION OF GORDON B. MORGAN [DKT. NO. 123] AND NOTICE OF APPEAL BY GORDON B. MORGAN [DKT. NO. 138]**<br><br>**[ORAL ARGUMENT REQUESTED]**<br><br>**Date: February 4, 2013<br>Time: 2:30 p.m.<br>Crtrm: 11**<br><br>**Judge: Hon. John A. Houston** |

While Objector's counsel for Objector Morgan spend considerable time addressing the issue of "ghostwriting," Objector Morgan misses the thrust of Plaintiffs' Motion. The sole issue before the court is the signature on the purported objection filed by Objector Morgan and the signature on the purported notice of appeal by Objector Morgan. Neither document was signed by Objector Morgan, in violation of Fed. R. Civ. P. 11(a), and must therefore be struck.

I. **OBJECTOR MORGAN'S FILINGS MUST BE STRUCK FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 11(a)**

Fed. R. Civ. P. 11 requires that "every pleading … of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name . . . .." This signature "constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact …." Fed. R. Civ. P. 11. Rule 11 also provides that "if a pleading . . . . is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." Fed. R. Civ. P. 11. Accord, *Stewart v. City of Chicago*, 622 F. Supp. 35, 37-38 (N.D. Ill. 1985). *Schaffer v. Chicago Police Officers*, 120 F.R.D. 514, 515 (N.D. Ill. 1988).

If the court determines that a complaint was filed in violation of this certificate, then it must assess sanctions under Rule 11. *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1082 (7th Cir. 1987), *cert dism'd.*, 485 U.S. 901, 108 S. Ct. 1101, 99 L. Ed. 2d 229 (1988). "'The test under Rule 11 is objective: litigation must be grounded in objectively reasonable view of the facts and the laws, and, if not, the lawyer or party proceeding recklessly must foot the bill.'" *In re Ronco, Inc.*, 838 F.2d 212, 217 (7th Cir. 1988) (citation omitted). The standard for imposing sanctions is one of reasonableness under the circumstances. *Brown v. National Board of Medical Examiners*, 800 F.2d 168, 171 (7th Cir. 1986).

All pleadings by a *pro se* plaintiff must be signed by the party and, if not, must be stricken unless corrected promptly after being notified of the omission. Fed. R. Civ. P. 11(a); *Maxwell v. Snow*, 409 F.3d 354, 356 (D.C. Cir. 2005). As stated in Plaintiffs' opening brief, Objector Morgan did not sign his own objection and his notice of appeal, yet purported to file these documents *pro*

*se*.[1]  A pro se litigant must sign the documents himself.  *See Maxwell v. Snow*, 409 F.3d 354, 356 (D.C. Cir. 2005) ("[A]ll pleadings by a pro se plaintiff must be signed by the party.").

Counsel for Objector Morgan now admits that the documents submitted by Objector Morgan do not bear Objector Morgan's signature.  This is fatal.  Any attempt to *supplement* the record[2] after admitting that Morgan's signatures are not his own with additional documents which purport now to bear the signature of Objector Morgan are improper.

### A. ANY DOCUMENTS PURPORTEDLY BEARING OBJECTOR MORGAN'S SIGNATURE MUST BE STRUCK

Objector Morgan does not dispute that Morgan's objection and notice of appeal do not bear Morgan's signature.  In fact, it is now undisputed that these documents do not bear Morgan's signature, through his own testimony.[3]  Further, there is no evidence that Morgan ever intended to object.  Consequently, the supposed objection by Morgan [Dkt. No. 123] and the supposed notice of appeal by Morgan [Dkt. No. 138] must be struck, unless proper filing are submitted to replace these improper documents.  Fed. R. Civ. P. 11(a).

### B. EXHIBITS A AND B SUBMITTED BY COUNSEL FOR MORGAN HAVE NO EVIDENTIARY VALUE AND CANNOT PROPERLY REPLACE THE FILINGS

In an attempt to cure the improper filings, counsel for Objector Morgan attempts to submit "replacement" of  filing for docket numbers 123 and 138.  Counsel merely attempts to attach these new supposed "signatures" to his motion asking the court to figure out their evidentiary value (if any) and what to do with them.

The court knows the first set of filings were falsified and not signed by Morgan, although he purports to file the documents in pro se.  Now counsel for Objector Morgan wants the court to take his word for it that the new exhibits submitted were actually signed by Objector Morgan.  Counsel for Objector Morgan fails to submit a declaration of Morgan attesting that these are in

---

[1] Plaintiffs' Memorandum; Decl. J. Swigart, Ex. A; Morgan P. 20 Ln. 2-7.

[2] Morgan's Opposition, page 5.

[3] Plaintiff's Memorandum; pages 1 and 2, Decl. J. Swigart, Ex. A; Morgan P. 13 Ln. 11-13; Morgan P. 13 Ln. 14-18; Morgan P. 13 Ln. 21-23; Morgan P. 13-14 Ln. 24-5.

HYDE & SWIGART
San Diego, California

fact his signatures. Counsel for Objector Morgan does not even bother to submit a declaration himself attesting to the fact that he knows or observed Morgan actually sign these new documents. Accordingly, the court cannot accept these replacement filings, as they have no evidentiary value.

## II. CONCLUSION

The Court must strike any document purportedly signed by Objector Morgan, specifically, docket numbers 123 and 138, as they violate Fed. R. Civ. P. 11(a). Further, the "replacement" documents submitted by counsel have no evidentiary value and must be rejected. If Objector Morgan wants to file replacement documents properly authenticated to replace docket numbers 123 and 138, he should be required to file a properly noticed motion for the courts consideration.

Respectfully submitted,

**HYDE & SWIGART**

Date: January 24, 2013          By: __/s Joshua B. Swigart_____
                                      Joshua B. Swigart
                                      Attorneys for Plaintiffs


**LAW OFFICES OF DOUGLAS J. CAMPION**

Date: January 24, 2013          By: _Douglas J. Campion_____
                                      Douglas J. Campion
                                      Attorneys for Plaintiffs